IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **BISCOTTI INC.,**<br><br>    Plaintiff,<br><br>  v.<br><br>**MICROSOFT CORP.,**<br><br>    Defendant. | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Biscotti Inc. ("Biscotti") files this Complaint for Patent Infringement against Defendant Microsoft Corp. ("Microsoft") and alleges as follows:

### THE PARTIES

1. Biscotti is incorporated under the laws of Delaware with its principal place of business at 5900 S. Lake Forest Drive, Suite 290, McKinney, TX 75070.

2. Microsoft is incorporated under the laws of Washington State with its principal place of business at 1 Microsoft Way, Redmond, WA 98052. This Defendant may be served with process through its registered agent, Corporation Service Company, 211 E. 7th, Suite 620, Austin, Texas 78701.

### PATENT-IN-SUIT

3. Biscotti is the owner of the entire right, title, and interest in and to U.S. Patent No. 8,144,182 ("the '182 Patent"), entitled "Real Time Video Communications System," which was issued by the United States Patent and Trademark Office on March 27, 2012. A copy of the '182 Patent is attached as Exhibit A hereto.

4. The '182 Patent is valid and enforceable.

5. Microsoft makes, uses, sells, and/or offers for sale within the United States and/or imports into the United States products that infringe the '182 Patent, including the Xbox One and related services including Xbox Live (collectively "Xbox One Products").

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

7. Subject matter jurisdiction over Biscotti's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

8. The Court has personal jurisdiction over Microsoft.  Microsoft maintains multiple permanent office locations within Texas.  Further, Microsoft has solicited business in, transacted business within, and attempted to derive financial benefit from residents of Texas, including in this judicial district.  For example, Microsoft has offered for sale and sold Xbox One Products in Texas, including in this judicial district.  Additionally, Microsoft has placed Xbox One Products into the stream of commerce throughout the United States with the intention and expectation that they will be purchased and used by consumers in Texas and in this judicial district.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT FOR PATENT INFRINGEMENT

10. Biscotti repeats and realleges the allegations in paragraphs 1–9 as though fully set forth herein.

11. The United States Patent and Trademark Office duly and legally issued the '182 Patent on March 27, 2012.

12. Microsoft has directly and indirectly infringed and continues to directly and indirectly infringe the '182 Patent, either literally or under the doctrine of equivalents, by

making, using, selling, and/or offering for sale within the United States and/or importing into the United States products, including the Xbox One Products.

13. Microsoft has had knowledge of the '182 Patent since at least as early as the first offer for sale and sale of the Xbox One Products. Beginning at least as early as July 2010, continuing through at least May 2013, Microsoft and its predecessor Skype investigated Biscotti and its products, and had numerous communications with Biscotti. Those communications included communications concerning the '182 Patent and the technology disclosed therein.

14. For example, in July 2010, representatives of Skype met with representatives of Biscotti and were shown Biscotti's patented technology.

15. Microsoft acquired Skype in 2011.

16. As another example, in 2011, a Microsoft employee involved with the Xbox One Products purchased Biscotti products containing Biscotti's patented technology and discussed the patented technology with Biscotti.

17. As another example, in 2012, Biscotti products were purchased and delivered to Microsoft's corporate headquarters.

18. As another example, on May 7, 2013, Biscotti personnel including Matthew Shoemake, Biscotti's Chief Executive Officer, informed Microsoft of the '182 Patent by emailing Microsoft a presentation concerning Biscotti's patented technology which included an identification of the '182 Patent.

19. In addition to directly infringing the '182 Patent, Microsoft has in the past and continues to indirectly infringe the '182 Patent by contributing to direct infringement by others, such as end users and retailers of the Xbox One Products. As set forth above, Microsoft knew or should have known that its Xbox One Products or components thereof were especially made and

adapted to infringe the claims of the '182 Patent since at least as early as the first offer for sale of the Xbox One Products. Further, the Xbox One Products or components thereof are material to practicing the claims of the '182 Patent and have no substantial non-infringing uses. Microsoft is therefore liable for patent infringement pursuant to 35 U.S.C. § 271.

20. Microsoft has in the past and continues to indirectly infringe the '182 Patent by inducing direct infringement by others, such as end users and retailers of the Xbox One Products. As set forth above, Microsoft knew or should have known that its Xbox One Products infringe the claims of the '182 Patent since at least as early as the first offer for sale of the Xbox One Products. Microsoft knowingly induced the use of the Xbox One Products in a manner that infringed the '182 Patent, including through at least promotional, advertising, and instructional materials, and Microsoft had the requisite intent to encourage such infringement. Microsoft is therefore liable for patent infringement pursuant to 35 U.S.C. § 271.

21. Microsoft's infringement of the '182 Patent has been and continues to be willful. Microsoft has acted with knowledge of the '182 Patent and without a reasonable basis for a good-faith belief that it would not be liable for infringement of the '182 Patent. Subsequent to being informed of the '182 Patent, Microsoft continued to make, use, sell, and/or offer for sale within the United States and/or import into the United States the Xbox One Products which infringe the '182 Patent. Microsoft has disregarded and continues to disregard its infringement and/or an objectively high likelihood that its actions constitute infringement of the '182 Patent. This objectively-defined risk was known or is so obvious that it should have been known to Microsoft.

22.     Microsoft's acts of infringement have caused damage to Biscotti, and Biscotti is entitled to recover from Microsoft the damages sustained by Biscotti as a result of Microsoft's wrongful acts in an amount subject to proof at trial.

23.     Microsoft's acts of infringement have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Biscotti for which there is no adequate remedy at law.

24.     This case is exceptional, entitling Biscotti to an award of attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Biscotti prays for judgment and relief against Microsoft as follows:

1.     For entry of judgment by this Court against Microsoft and in favor of Biscotti in all respects, including that Microsoft has and continues to directly infringe and/or indirectly infringe, by way of inducement and/or contributory infringement, the '182 Patent;

2.     For an order permanently enjoining Microsoft, and its respective officers, directors, shareholders, agents, servants, employees, attorneys, all parent, subsidiary and affiliate corporations, their successors in interest and assigns, and all other entities and individuals acting in concert with it or on its behalf, including customers, from making, importing, using, offering for sale, and/or selling any product or service falling within the scope of any claim of the '182 Patent, including the Xbox One Products, or otherwise infringing or contributing to or inducing infringement of any claim of the '182 Patent;

3.     Alternatively, in the event that an injunction does not issue, that this Court award a compulsory ongoing future royalty;

4.     For damages arising from Microsoft's infringement of the '182 Patent, together with pre-judgment and post-judgment interest;

5.      That this Court declare Microsoft's infringement to be willful and award increased damages to Biscotti for the period of such willful infringement pursuant to 35 U.S.C. § 284;

6.      That this Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285 and award Biscotti its attorneys' fees;

7.      That Biscotti be awarded costs of court; and

8.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Biscotti respectfully demands a jury trial on any and all issues triable as of right by a jury in this action.

DATED:  November 26, 2013                Respectfully submitted,

By: */s/ Allen F. Gardner*_____

Michael E. Jones (TX Bar 10929400)
Allen F. Gardner (TX Bar 24043679)
POTTER MINTON PC
110 N. College, Suite 500
Tyler, Texas 75702
(903) 597 8311
(903) 593 0846 (Facsimile)
mikejones@potterminton.com
allengardner@potterminton.com

**ATTORNEYS FOR PLAINTIFF
BISCOTTI INC.**