**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BISCOTTI INC., | § | |
| | § | |
| *Plaintiff*, | § | Case No. 2:13-CV-01015-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| MICROSOFT CORP., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are <u>Plaintiff Biscotti Inc.'s Motion to Strike Previously Undisclosed Invalidity Theories (Dkt. No. 167) ("Biscotti's Motion to Strike")</u>, and <u>Defendant Microsoft's Motion to Strike Portions of the Expert Report of Dr. Stephen B Wicker (Dkt. No. 172) ("Microsoft's Motion to Strike")</u>. Both motions are GRANTED-IN-PART and DENIED-IN-PART as follows.

**BACKGROUND**

On November 26, 2013, Biscotti Inc. ("Biscotti") filed this action against Microsoft Corporation ("Microsoft"), alleging that Microsoft's Xbox One and related services and applications, including Beam and Twitch video game broadcasting applications, are covered by U.S. Patent No. 8,144,182 ("the '182 patent"), which generally relates to video calling solutions. *See* Compl. ¶¶ 3, 5, Dkt. No. 1; Dkt. No. 172 at 3-5; '182 patent at 2:10. After inter partes review (IPR) proceedings, including three IPR trials, the 53 claims of the '182 patent emerged intact. The case has since returned to the Court, and trial is scheduled to begin on June 5, 2017.

1

## DISCUSSION

Biscotti and Microsoft's motions raise the same general question—whether a party should be allowed to rely on late disclosures that allegedly violate the Local Patent Rules, rules that "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007).

### A. Biscotti's Motion to Strike

Local Patent Rule 3-3 requires a party opposing a claim for patent infringement to serve Invalidity Contentions on all parties to the action within 45 days after receiving Infringement Contentions. Microsoft's original and supplemental Invalidity Contentions include a number of disclosures, including disclosures of Microsoft's defenses under 35 U.S.C. §§ 102, 103, and 112. But Microsoft's Contentions do not include certain invalidity theories based on § 112 ¶ 1's written description and enablement requirements or § 101's subject matter eligibility requirement.

Rather, on the last day of fact-discovery (January 17, 2017) Microsoft served a supplemental interrogatory response asserting two new theories of invalidity under §§ 112 and 101. First, Microsoft alleged for the first time that "[t]he '182 patent claims are invalid for failure to comply with the written description and enablement requirements of pre-AIA 35 USC sec. 112(1) because the 'instructions for . . .' elements are not disclosed in the specification and there is no evidence that the named inventors were in possession of these elements." Dkt. No. 167-2 at 18. Second, Microsoft alleged that "[t]he '182 patent is also patent-ineligible under 35 USC sec 101." *Id.* at 20. Microsoft's expert, Dr. Michael Orchard, develops these two invalidity theories more fully in his expert report. *See* Dkt. No. 167-1 (citing Orchard Rep. ¶¶ 208-10 (describing § 112 ¶ 1 defense) and Orchard Rep. ¶¶ 213-16 (describing invalidity under § 101)).

Biscotti argues that Microsoft's new invalidity theories should be struck from Dr. Orchard's report. The Court agrees as to Microsoft's § 112 ¶ 1 defense but not as to Microsoft's § 101 theory. With respect to Microsoft's § 112 ¶ 1 defense, a party's Invalidity Contentions must include, among other things, "[a]ny grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1)." Local Patent R. 3-3(d). There is no dispute that Microsoft failed to include the new § 112 ¶ 1 defense in its Invalidity Contentions. Microsoft's supplemental interrogatory response or Dr. Orchard's expert report could, however, be considered a late amendment to Microsoft's Invalidity Contentions. *See Finisar Corp. v. DirecTV Grp., Inc.*, 424 F. Supp. 2d 896, 900 (E.D. Tex. 2006) (expert report "reasonably could be considered to constitute, in effect, new 'Final Infringement Contentions'").

Whether assessed as a late amendment to a pleading or some other discovery violation, the factors relevant to permitting the amendment or excluding the evidence are substantively identical. *See Allergan, Inc. v. Teva Pharm. USA, Inc.*, No. 2:15-CV-1455-WCB, 2017 WL 1512334, at *2 (E.D. Tex. Apr. 27, 2017) (Bryson, J., sitting by designation) (evaluating four factors relevant to late amendments to contentions); *Cf. Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. CIV.A. 9:06-CV-151, 2009 WL 5842062, at *1–2 (E.D. Tex. Mar. 30, 2009) (evaluating five factors relevant to exclusion of evidence). Namely, the Fifth Circuit directs courts to consider (1) the offending party's explanation for the untimeliness; (2) the importance of the amendment or evidence that might be excluded; (3) the potential prejudice to the movant; and (4) the availability of a continuance to cure any prejudice. *See United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.,*

*N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)); *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).

The factors weigh in favor of striking the portions of Dr. Orchard's report related to Microsoft's new § 112 ¶ 1 theories. Microsoft does not adequately explain the untimeliness, and as Microsoft admits, the written description and enablement requirements turn solely on the '182 patent, not on any new fact revealed for the first time during discovery. *See* Microsoft Br., Dkt. No. 187 at 2. Although Microsoft may consider the new § 112 ¶ 1 theory important inasmuch as it could result in a finding that one or more claims are invalid, that possibility seems unlikely based on the Court's review of Microsoft's theory. *See Allergan*, 2017 WL 1512334, at *5 ("In determining the importance of the amendment, the Court must make a pragmatic judgment as to the likelihood that the newly asserted defense will succeed."). The prejudice to Biscotti is substantial—Biscotti has litigated this case for almost four years without knowledge of Microsoft's § 112 ¶ 1 defense, and Biscotti developed its claim construction strategy without knowing that Microsoft would contend that certain claims fail to meet the written description requirement. Finally, any continuance would delay trial, which is only two weeks away. *See S&W Enterprises*, 315 F.3d at 537 (affirming district court's refusal to grant continuance when it would "unnecessarily delay the trial"). The Court therefore finds it appropriate to strike portions of Dr. Orchard's report related to Microsoft's new § 112 ¶ 1 defense, namely paragraphs 208-210.

With respect to Microsoft's § 101 theory, unlike some other districts' Patent Rules, this district's Patent Rules do not require a party to disclose an invalidity ground related to subject matter ineligibility under § 101. *Cf. Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1319 (Fed. Cir. 2016) (addressing good cause to amend contentions to include § 101 defense where Local Rules required such disclosure). And because Dr. Orchard's report does not identify

any new factual basis for Microsoft's § 101 theory, no discovery violation has occurred. The lack of any new factual basis for Microsoft's § 101 theory distinguishes cases cited by Biscotti such as *Bayer Healthcare Pharmaceuticals, Inc. v. River's Edge Pharmaceuticals, LLC*, in which a court excluded a new theory asserting lack of utility under § 101 that was based on a previously undisclosed product. *See* No. 1:11-CV-1634-HLM, 2015 WL 11142427, at *7 (N.D. Ga. May 21, 2015), *report and recommendation adopted*, No. 1:11-CV-1634-LMM, 2015 WL 11142424 (N.D. Ga. June 16, 2015). The Court therefore finds no basis in the Local or Federal Rules for striking Microsoft's § 101 theory from Dr. Orchard's report.

Having said that, it is not clear why Biscotti has moved to "strike" a portion of an expert report related to § 101 when both sides agree that invalidity under § 101 is not a jury issue. *See* Microsoft Br., Dkt. No. 187 at 3 ("the § 101 issue is not an issue for the jury"). The primary purpose of an expert report is to provide notice to the opposing side of the scope of an expert's potential trial testimony. *Smith & Nephew, Inc. v. Arthrex, Inc.*, No. 2:07-CV-335-TJW-CE, 2010 WL 457142, at *8 (E.D. Tex. Feb. 5, 2010). Microsoft agrees that Dr. Orchard will not testify about invalidity under § 101 at trial, and the Court has not set any other hearing at which Dr. Orchard could so testify. So it is not clear what the issue is.

Nor is it clear how Microsoft intends to raise its new § 101 invalidity theory when the time for filing motions for summary judgment has passed. If Microsoft intends to raise the theory for the first time during the JMOL phase of the case, the Court will address any waiver argument at that time. The Court otherwise declines to strike portions of Dr. Orchard's report related to Microsoft's § 101 theory.

### B. Microsoft's Motion to Strike

Microsoft's motion is based on Local Patent Rule 3-1, which requires a party to serve Infringement Contentions on the opposing party not later than ten days before the scheduling conference. Biscotti complied with this requirement and subsequently amended its original Infringement Contentions five times. *See* Microsoft Br., Dkt. No. 172 at 2-5. Microsoft contends that Biscotti's expert, however, includes two new infringement theories in his expert report (served February 8, 2017)—theories that Microsoft argues were not adequately disclosed in Biscotti's Infringement Contentions.

The first allegedly new theory relates to Dr. Stephen Wicker's opinion that Microsoft's Xbox One video game console includes built-in Broadcast Application Program Interface (API) functionality that is by itself sufficient to meet certain requirements of the '182 patent claims. *See* Microsoft Br., Dkt. No. 172 at 6. This functionality, according to Microsoft, is based on Xbox source code that Microsoft made available for Biscotti's review in September 2014. *Id.* at 4. Dr. Wicker's new opinion, according to Microsoft, is different than Biscotti's previous theory suggesting that the relevant elements of the '182 patent claims are met by a combination of functionality (and corresponding source code) on the Xbox One console *and* functionality/source code residing on user applications such as Twitch or Beam. *Id.*

The Court agrees that Dr. Wicker's opinion regarding Xbox's Broadcast API functionality was not adequately disclosed. Local Patent Rule 3-1(g) is contained in the parties' Discovery Order, and the rule requires a party claiming patent infringement to "identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements." Dkt. No. 37 at 3. There is no dispute that Biscotti's Infringement Contentions do not include citations to the relevant Broadcast

API source code. Indeed, the words "Broadcast API" cannot be found in Biscotti's Infringement Contentions.

Biscotti's arguments that Microsoft had adequate notice of Dr. Wicker's Broadcast API theory are not compelling. Biscotti highlights a paragraph in its Infringement Contentions that describes how an Xbox user can initiate a broadcast function by saying the command, "Xbox, Broadcast," *see* Biscotti Br., Dkt. No. 188 at 11, but this command's existence does not suggest that the relevant source code exists solely on the Xbox console. Likewise, Biscotti's Infringement Contentions may "discuss how the Xbox console broadcasts using Twitch," as Biscotti argues, *see id.*, but Biscotti's general discussion of Xbox broadcasting is not sufficient to meet Patent Rule 3-1(g).

The factors relevant to Biscotti's violation of the Local Patent Rules weigh in favor of excluding the evidence. Biscotti has not identified a reasonable explanation for the delay, and Biscotti has had access to Xbox's Broadcast API source code for more than two-and-a-half years. Biscotti's new theory does not seem critically important because Biscotti may rely on the theories in its Infringement Contentions, which assume that certain claim elements are met by source code on the Xbox console in combination with source code on third-party applications such as Twitch or Beam. The new theory, in other words, is supplemental to Biscotti's original basis for infringement. Although Microsoft's prejudice is lessened by the fact that Microsoft had two months to respond to Dr. Wicker's report and the opportunity to depose Dr. Wicker, Microsoft's case and claim construction strategy relied on Biscotti's original theory for more than two years, and it is not reasonable to require Microsoft to make a significant shift in the few months before trial. Finally, a continuance would unnecessarily delay the upcoming trial. The Court therefore strikes Dr. Wicker's opinion that Xbox's Broadcast API source code meets the relevant elements

of the '182 patent claims, regardless of whether Twitch or Beam applications are downloaded or in use on the Xbox.

The second allegedly new theory relates to Dr. Wicker's opinion that the "storage medium," "instructions for encoding," and "instructions for transmitting" claim elements are satisfied by Xbox features under the doctrine of equivalents. Microsoft Br., Dkt. No. 172 at 1 n.1. Although Biscotti's Infringement Contentions allege infringement of these elements under the doctrine of equivalents, Microsoft contends that the allegations are not sufficiently detailed.

The Court disagrees. Local Patent Rule 3-1(d) requires a party claiming patent infringement to specify in its Infringement Contentions "[w]hether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality." There is no dispute that Biscotti's Infringement Contentions include an explanation that the accused products literally infringe the asserted claims. Biscotti included an additional statement—for each relevant claim element—that if the element is not literally satisfied, it is satisfied under the doctrine of equivalents.

Although Biscotti's doctrine of equivalents allegations are largely conclusory, the detail in Biscotti's literal infringement allegations, along with a statement that specific elements are met under the doctrine of equivalents, is sufficient to provide notice that the accused functionality may be insubstantially different from or function in the same way to provide the same result as the relevant claim element. *See iFLY Holdings LLC v. Indoor Skydiving Germany Gmbh*, No. 2:14-CV-1080-JRG-RSP, 2016 WL 3745572, at *4 (E.D. Tex. Mar. 25, 2016) ("Contentions are meant to put an accused infringer on notice of the patentee's theory of infringement and to prevent litigation by ambush."). This is distinguishable from circumstances in which the Court struck doctrine of equivalents allegations when a party simply included a blanket or boilerplate statement

(not tied to any particular claim element) such as "any element not literally met is met by the doctrine of equivalents." *See, e.g., Eolas Techs. Inc. v. Amazon.com, Inc.*, No. 6:15-CV-01038, 2016 WL 7666160, at *3 (E.D. Tex. Dec. 5, 2016); *Godo Kaisha IP Bridge 1 v. Broadcom, Ltd.*, No. 2:16-CV-134-JRG-RSP, Dkt. No. 288 at 3 (E.D. Tex. April 27, 2016). Biscotti's Infringement Contentions barely satisfy Local Patent Rule 3-1(d), and the Court therefore declines to strike Dr. Wicker's doctrine of equivalents opinions.[1]

## CONCLUSION

Biscotti's Motion to Strike (Dkt. No. 167) is **GRANTED** as to paragraphs 208-210 of Dr. Orchard's report and otherwise **DENIED**. Microsoft's Motion to Strike (Dkt. No. 172) is **GRANTED** as to Dr. Wicker's opinion that Xbox's Broadcast API functionality (and corresponding source code) meets the relevant elements of the '182 patent claims regardless of the presence or use of Twitch or Beam applications. Microsoft's Motion is otherwise **DENIED**.

**SIGNED this 24th day of May, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court might have demanded more from Biscotti if Microsoft had raised the insufficiency of Biscotti's doctrine of equivalents contentions earlier in the case.