**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **BISCOTTI INC.,** | **Civil Action No. 2:13-cv-01015-JRG-RSP** |
| **Plaintiff,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **MICROSOFT CORP.,** | |
| **Defendant.** | |

**MICROSOFT'S OBJECTION TO THE REPORT AND RECOMMENDATION ON
BISCOTTI'S MOTION FOR SUMMARY JUDGMENT OF ESTOPPEL OF
MICROSOFT'S INVALIDITY ART AND THEORIES BASED ON A FINAL WRITTEN
DECISION IN MICROSOFT'S *INTER PARTES* REVIEW PETITIONS**

**TABLE OF CONTENTS**

ARGUMENT ...........................................................................................................................1

    A.    The Recommendation Is Contrary to the Federal Circuit's Decision in *Shaw*. ........1

    B.    The Recommendation Erroneously Applies Section 315(e) Estoppel to System
        Prior Art. ................................................................................................................3

    C.    The Recommendation Erroneously Applies Section 315(e) Estoppel to Grounds
        Not Raised in Any IPR Petition. .............................................................................4

CONCLUSION .......................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Micro Devices, Inc. v. LG Elecs., Inc.*,
   No. 14-CV-01012-SI, 2015 WL 545534 (N.D. Cal. Feb. 9, 2015) ..........................................3

*Douglas Dynamics, LLC, v. Meyer Prods. LLC*,
   No. 14-cv-886-JDP, 2017 WL 1382556 (W.D. Wis. April 18, 2017)..................................2, 3

*HP Inc. v. MPHJ Tech. Invs., LLC*,
   817 F.3d 1339 (Fed. Cir. 2016)...........................................................................................1, 3

*Intellectual Ventures I LLC v. Toshiba Corp.*,
   No. 13-CV-453-SLR, Dkt. No. 559 (D. Del. Dec. 19, 2016) ...................................................3

*Intellectual Ventures I LLC v. Toshiba Corp.*,
   No. 13-CV-453-SLR, 2017 WL 107980 (D. Del. Jan. 11, 2017).........................................2, 5

*Shaw Indus. Group, Inc. v. Automated Creel Sys., Inc.*,
   817 F.3d 1293 (Fed. Cir. 2016)...................................................................................1, 2, 3, 5

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
   No. 12-cv-5501, 2017 WL 235048 (N.D. Cal. Jan. 19, 2017)................................................2

**Statutes**

28 U.S.C. § 636(b)(1)(A) .............................................................................................................1

35 U.S.C. § 102(a)(1).....................................................................................................................3

35 U.S.C. § 311(b) .........................................................................................................................3

35 U.S.C. § 315(e)(2).............................................................................................................1, 3, 4

**Rules**

Fed. R. Civ. P. 72(a) .....................................................................................................................1

Local Rule CV-72(b) .....................................................................................................................1

Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Local Rule CV-72(b),

Microsoft respectfully objects to and requests reconsideration of the portion of the Report and

Recommendation (Dkt. 191, "the Recommendation") granting in part Biscotti's "IPR Estoppel

Motion" (Dkt. 171), for the reasons set forth in Microsoft's opposition (Dkt. 181) and, as stated

below, because it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

## ARGUMENT

315(e)(2) of U.S. Code Title 35 provides:

> The petitioner in an inter partes review of a claim in a patent under
> this chapter that results in a final written decision under section
> 318(a) . . . may not assert in [ ] a civil action arising in whole or in
> part under section 1338 of title 28 . . . that the claim is invalid on
> any ground that the petitioner raised or reasonably could have
> raised during that inter partes review.

35 U.S.C. § 315(e)(2).  The Recommendation erroneously holds that this estoppel provision

applies to (A) invalidity grounds that were advanced in an IPR petition filed by Microsoft, on

which the PTAB did not institute; (B) invalidity grounds based on patents or printed publications

that were never advanced in any IPR petition filed by Microsoft against the '182 patent; and (C)

invalidity grounds based on "system" prior art (*i.e.*, public use, on sale, etc.) that cannot by

statute be advanced in an IPR petition.

### A.     The Recommendation Is Contrary to the Federal Circuit's Decision in *Shaw*.

The Federal Circuit and district courts have consistently held where the PTAB institutes

review on some grounds but denies institution on a particular ground advanced in the IPR

petition, that ground was not one the petitioner "raised or reasonably could have raised *during*

that inter partes review," and Section 315 accordingly "prohibits the application of estoppel."

*Shaw Indus. Group, Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016).

*See HP Inc. v. MPHJ Tech. Invs., LLC*, 817 F.3d 1339, 1347 (Fed. Cir. 2016) ("[T]he

noninstituted grounds do not become a part of the IPR.  Accordingly, the noninstituted grounds were not raised and, as review was denied, could not be raised in the IPR.  Therefore, the estoppel provisions of § 315(e)(1) do not apply.").  *See also Douglas Dynamics, LLC, v. Meyer Prods. LLC*, No. 14-cv-886-JDP, 2017 WL 1382556, at *3 (W.D. Wis. April 18, 2017) ("district courts have consistently followed Shaw's narrow interpretation of 'during that inter partes review' to hold that the § 315(e) estoppel does not apply to non-instituted grounds"); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-5501, 2017 WL 235048, at *3 (N.D. Cal. Jan. 19, 2017), *mandamus denied*, *In re Verinata Health, Inc.*, No. 17-109 (Fed. Cir. Mar. 9, 2017) (collecting cases); *Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13-CV-453-SLR, 2017 WL 107980, at *1 (D. Del. Jan. 11, 2017) (stating there "can be no dispute that estoppel does **not** apply to invalidity grounds that were raised by a petitioner in an IPR, but rejected by the Board as instituted grounds (i.e., 'noninstituted grounds')") (emphasis in original).  Contradicting *Shaw* and *HP*, the Recommendation erroneously holds that an IPR petitioner is "exempt . . . from § 315(e)'s estoppel provision only if the PTAB precludes the petitioner from raising a ground during the IPR proceeding for purely procedural reasons, such as redundancy."  (Dkt. 191 at 13).

The Recommendation's limitation of *Shaw* to a scenario where the denial of institution is "purely procedural" (*id.* at 13) is unsupported.  *Shaw* is based on the language of the statute alone, not on an inspection of whether the PTAB's reasons for denying institution on certain grounds was procedural.  The Federal Circuit's discussion of the reasons for the PTAB's decision comes in the section of its opinion discussing the lack of Federal Circuit jurisdiction over decisions not to institute, ***not*** in the section addressing estoppel.  *See Shaw*, 817 F.3d at 1298-99.  The Recommendation repeats this error in relying on the subsequent decision in *HP* with the quote "noninstituted [redundant] grounds do not become a part of the IPR."  (Dkt. 191

at 9.)  The word "redundant" only appears paragraphs earlier, where the Federal Circuit holds

that the PTAB's decision not to institute on redundancy grounds is not reviewable.  *HP*, 817 F.3d

at 1343.  The Federal Circuit's estoppel holding contains no limitation to redundant grounds:

"[T]he noninstituted grounds were not raised and, as review was denied, could not be raised in

the IPR.  Therefore, the estoppel provisions of § 315(e)(1) do not apply."  *Id.* at 1347.

The Recommendation errs in suggesting that its interpretation of *Shaw* is "consistent

with" other district court decisions.  (Dkt. 191 at 13.)  *Douglas Dynamics*, 2017 WL 1382556, at

*4 holds only that IPR estoppel "applies to non-petitioned grounds," not to grounds that were

petitioned but denied institution.  The Recommendation also cites *Intellectual Ventures I LLC v.*

*Toshiba Corp.*, No. 13-CV-453-SLR, Dkt. No. 559 at 26-27 (D. Del. Dec. 19, 2016), but that

decision supports Microsoft's position—the court there held that *Shaw* applies not only to non-

instituted grounds, but also to non-petitioned grounds.  So far as Microsoft is aware, and based

on the cases Biscotti cited in its brief, the Recommendation is the only decision holding that

*Shaw* is limited to non-instituted grounds where the denial was "purely procedural."

### B.     The Recommendation Erroneously Applies Section 315(e) Estoppel to System Prior Art.

IPR petitions are limited to "prior art consisting of patents or printed publications."  35

U.S.C. § 311(b).  Invalidity arguments based on other prior art that was in public use, on sale, or

otherwise available to the public, 35 U.S.C. § 102(a)(1), cannot be raised.  System prior art

grounds therefore cannot possibly be grounds a petitioner "raised or reasonably could have

raised during" an instituted IPR, so estoppel under Section 315(e)(2) cannot arise.  *See Advanced*

*Micro Devices, Inc. v. LG Elecs., Inc*., No. 14-CV-01012-SI, 2015 WL 545534, at *4 (N.D. Cal.

Feb. 9, 2015) ("IPR petitions and estoppel provisions are limited to invalidity arguments based

on patents and printed publications, thus LG will not be estopped from asserting other invalidity arguments in this Court . . . .").

The Recommendation states:

> If, however, Microsoft's purported system prior art relies on or is based on patents or printed publications that Microsoft would otherwise be estopped from pursuing at trial, e.g., patents or printed publications that a 'skilled searcher conducting a diligent search reasonably could have been expected to discover,' then Microsoft should be estopped from presenting those patents and printed publications at trial.

(Dkt. 191 at 15.)  That ruling is legally incorrect on multiple grounds.  It suggests that if even a very basic printed publication about system prior art exists (no matter whether it describes the system fully or not, as many product reviews do not), that publication theoretically could have been raised in an IPR.  The Recommendation would then bar those documents from being used to supplement the physical demonstration of the system.[1]  It may also bar a defendant from meeting the corroboration requirement for a date establishing that a system is prior art.  The Recommendation's diminishment of the ability to assert system prior art in district court is inconsistent with the exclusion of such art from the IPR process and unsupported by the statute.

### C.    The Recommendation Erroneously Applies Section 315(e) Estoppel to Grounds Not Raised in Any IPR Petition.

Section 315(e) limits a defendant obtaining rulings from both the PTAB and a district court on the invalidity *of a particular claim* in an IPR that results in a final written decision, as to grounds that were raised or reasonably could have been *during that IPR*.  *See* 35 U.S.C.

---

[1] This is not a hypothetical concern.  Despite not seeking any relief concerning three of Microsoft's prior art system invalidity references (LifeSize Express, Xbox 360, and HP TouchSmart) in its IPR Estoppel Motion, following the Recommendation Biscotti filed a Motion in Limine seeking to bar Microsoft from relying on documents that support its invalidity theories based on these prior art systems (which are physical exhibits that Biscotti has inspected and will be in the courtroom). (Dkt. 206 at 8-11.)

§ 315(e)(2) ("The petitioner in ***an inter partes review of a claim*** in a patent …that results in a final written decision…may not assert…that ***the claim*** is invalid on any ground that the petitioner raised or reasonably could have raised ***during that inter partes review***.") (emphasis added).  But an "IPR does not begin until it is instituted."  *Shaw*, 817 F.3d at 1300.  The grounds a petitioner can present ***during*** an IPR are limited to those advanced in the petition, and further to those grounds on which the PTAB instituted the IPR.  Section 315(e) thus does not apply to grounds that were not raised in any IPR.  *See Intellectual Ventures I*, *supra*, at *26-27 (holding that estoppel did not apply to references "never presented to the PTAB at all" and noting that "the court cannot divine a reasoned way around the Federal Circuit's interpretation in *Shaw*").

The Recommendation in effect misreads the statute to say estoppel applies to "any ground that the petitioner raised or reasonably could have raised in its ***petition for inter partes review***."  That is not what the statute says.[2]  Consistent with *Shaw* and the language of the statute, estoppel applies only to grounds that were raised or reasonably could have been raised ***during*** an instituted IPR, not to grounds that might have been raised ***in a petition***.  Any grounds not estopped *can* be raised later in district court—consistent with the principle that defendants get only one "bite at the apple" for any particular invalidity ground and challenged patent claim.

## CONCLUSION

For the above reasons, Microsoft requests that the Court reconsider the Recommendation with respect to Biscotti's IPR Estoppel Motion.

---

[2] The citations to legislative history of the statute (Dkt. 191 at 8, 13) do not change the outcome because the statute as drafted applies to grounds that could have been raised during an instituted IPR, not grounds that could have been advanced in an IPR petition.

Dated: May 25, 2017

Respectfully submitted,

/s/ *Melissa R. Smith*
Melissa R. Smith
Texas State Bar No. 24001351
Harry L. Gillam, Jr.
Texas State Bar No 07921800
GILLAM & SMITH
303 S. Washington Avenue
Marshall, TX 75670
(903) 934-8470
melissa@gillamsmithlaw.com
gil@gillamsmithlaw.com

Michael J. Bettinger
Irene I. Yang
SIDLEY AUSTIN LLP
555 California Street
San Francisco, CA 94104
(415) 772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
Nathaniel C. Love
Gwen Hochman Stewart
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000
rcederoth@sidley.com
nlove@sidley.com
gstewart@sidley.com

R. Seth Reich, Jr.
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, TX 75201
(214) 981-3300
sreich@sidley.com

*Attorneys for Defendant Microsoft Corporation*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record for Plaintiff Biscotti, Inc. were served with a copy of this document via electronic mail on May 25, 2017.

/s/ Melissa R. Smith
Melissa R. Smith