**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BISCOTTI INC., | § | |
| | § | |
| *Plaintiff*, | § | Case No. 2:13-CV-01015-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| MICROSOFT CORP., | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## <u>ORDER</u>

Before the Court is <u>Microsoft's Emergency Motion to Enforce Order Regarding</u> <u>Microsoft's Motion to Strike Portions of the Expert Report of Dr. Stephen B Wicker (Dkt. No.</u> <u>247)</u>. Microsoft's motion to strike argued that "Dr. Wicker's report for the first time attempts to *shift Biscotti's theory of infringement* to accuse the Xbox One video game console's built-in Broadcast API functionality." Dkt. No. 172 at 1 (emphasis added). Though Microsoft complained that Biscotti never identified Xbox One's Broadcast API functionality and source code as required by Local Patent Rule 3-1(g), the prejudice Microsoft articulated was based on Biscotti's *new* theory—a theory that relied on Xbox source code *by itself* to meet a certain claim limitation—as opposed to Biscotti's original theory relying on a combination of Xbox source code and source code associated with the Twitch and Beam software applications.

Microsoft's original motion to strike never asked the Court to strike specific paragraphs of Dr. Wicker's report. Rather, Microsoft suggested that "portions" should be stricken. *Id.* at 12. In Microsoft's request for relief at the conclusion of its motion, Microsoft sought to prevent "Biscotti's '*shifting sands*' approach to litigation and strike the portions of Dr. Wicker's expert reports that rely on the Broadcast API functionality and code." *Id.* (emphasis added).

1

The parties now question which paragraphs of Dr. Wicker's report were stricken. The short answer is that it is not entirely clear. There is an explanation for the lack of clarity, however. In light of Microsoft's request for relief and articulation of prejudice as being based on Biscotti's new theory of infringement, the Court granted the motion "as to Dr. Wicker's opinion that Xbox's Broadcast API functionality (and corresponding source code) meets the relevant elements of the '182 patent claims *regardless of the presence or use of Twitch of Beam applications*." Dkt. No. 222 at 9 (emphasis added). The Court did not strike any specific paragraph of Dr. Wicker's report because Microsoft did not ask the Court to do so. The time for surgical precision has passed.

To the extent there exists a need for clarification, the paragraphs or sentences in Dr. Wicker's report opining that Xbox's Broadcast API functionality (and corresponding source code) meets the relevant elements of the '182 patent claims by itself, i.e., regardless of the presence or use of Twitch or Beam, are stricken. Dr. Wicker's opinions that Xbox's Broadcast API functionality and source code in combination with any other source code, are not stricken. Microsoft did not clearly ask the Court to strike such opinions or articulate prejudice from the opinions (in contrast to Dr. Wicker's opinion that Xbox *alone* meets certain limitations, which according to Microsoft was a "new" or "shifted" theory). Subject to this clarification, Microsoft's emergency motion (Dkt. No. 247) is **DENIED**.

Also before the Court is Microsoft's Emergency Motion to Enforce Order Regarding Biscotti's Motion for Leave to Supplement the Report of Dr. Stephen B. Wicker (Dkt. No. 248). The Order in question granted Biscotti's request to supplement Dr. Wicker's report to include an opinion that claims 6, 23, and 27 of the '182 patent encompass Beam. *See* Dkt. No. 225 at 3. Biscotti was denied leave to supplement Dr. Wicker's report to include similar opinions based on claims 21-22, 24-25, 35-36, 38, and 50. *Id.* at 4. Microsoft now for the first time identifies specific

2

paragraphs from Dr. Wicker's report that should be stricken pursuant to the Court's order. *See* Dkt. No. 248 at 4.

Biscotti, however, "does not intend to introduce testimony from Dr. Wicker with respect to Beam software to establish infringement of any claims for which the Court's Order denied Biscotti leave to supplement." Dkt. No. 251 at 1. Rather, "in accordance with the Court's Order, Biscotti plans to introduce testimony concerning Beam software in connection with claims 23 and 27." *Id.* Biscotti explains that Microsoft's complaint may be that while Dr. Wicker intends to opine on infringement of claim 27, his opinion will discuss limitations that are also present in claims 24 and 25, and thus such testimony should be precluded. *Id.*

Based on Biscotti's representation, the dispute is moot or at least premature. Biscotti was permitted to supplement its report to add theories for claim 27. *See* Dkt. No. 225 at 3. If it so happens that those theories necessarily implicate limitations also present in claims 21-22, 24-25, 35-36, 38, and 50—because of a dependency relationship or otherwise—Dr. Wicker will not run afoul of the Court's Order as long as Dr. Wicker is opining that Beam falls within the scope of claim 6, 23, or 27 of the '182 patent. *See id.* Microsoft's emergency motion (Dkt. No. 248) is therefore **DENIED**.

Finally before the Court is Microsoft's Emergency Motion for Reconsideration of the Court's Memorandum and Opinion filed at Dkt. No. 222 (Dkt. No. 232), and the parties' Joint Motion for Resolution of Microsoft Corporation's Emergency Motion to Reconsider (Dkt. No. 255). The parties' joint motion (Dkt. No. 255) is **GRANTED**. The Court provides the following clarification. The parties dispute whether the Court struck portions of Dr. Orchard's report opining that claims 82 and 86 are invalid under 35 U.S.C. § 112, ¶ 1 for lack of written description or enablement. Biscotti explains that "the issue regarding claim 82 is moot." Dkt. No. 255 at 2.

Accordingly, the remaining question is whether Dr. Ochard may opine that claim 86 is invalid for lack of written description or enablement.

The Court's order struck paragraphs 208-210 of Dr. Orchard's report, *see* Dkt. No. 222 at 9, because Biscotti identified those paragraphs as being based on theories that Microsoft failed to disclose through invalidity contentions. Paragraphs 208-210 nonetheless refer generically to "[t]he '182 patent claims," Dkt. No. 167-4 ¶ 208-210, and Microsoft explains that it adequately disclosed the contention that claim 86 is invalid under § 112, ¶ 1. Microsoft's invalidity contentions state that "[e]ach of the following claims are invalid for failure to comply with the written description requirement of 35 U.S.C. § 112, ¶ 1." Dkt. No. 255-1 at 20. Claim 86 is among the "following claims." *Id.* at 21.

According to Biscotti, however, the "substance" of Dr. Orchard's report "does not track the claim language for claim 86, and is not disclosed in Microsoft's invalidity contentions for claim 86." Dkt. No. 255 at 3. The Local Patent Rules do not require the "substance" of an expert's report to be disclosed through invalidity contentions. Rather, the Rule requires disclosure of "[a]ny grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims." Local Pat. R. 3-3(d). Microsoft's disclosure that claim 86 is invalid under § 112, ¶ 1, in addition to its more detailed explanation that "Claims 82, 83, 84, 85, 86" fail to describe or enable the full scope of the relevant claim limitation are more than sufficient to meet the Local Patent Rule requirements. *See* Dkt. No. 255-1 at 20-21, 24-25. Accordingly, Microsoft's emergency motion (Dkt. No. 232) is **GRANTED** to the extent that the Court's Order striking paragraphs 208-210 of Dr. Orchard's report is **AMENDED** such that Dr. Orchard's opinion that claim 86 is invalid under § 112, ¶ 1 remains a part of Dr. Ochard's report.

4

**SIGNED this 2nd day of June, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE