# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## NOTICE OF DOCKETING

### 18-1867 - Biscotti, Inc. v. Microsoft Corp.

**Date of docketing:** April 23, 2018

**Appeal from:** United States District Court for the Eastern District of Texas case no. 2:13-cv-01015-JRG

**Appellant(s):** Biscotti, Inc.

**Critical dates include:**

- Date of docketing. See Fed. Cir. R. 12.
- Entry of appearance. (*Due within 14 days of the date of docketing.*) See Fed. Cir. R. 47.3.
- Certificate of interest. (*Due within 14 days of the date of docketing.*) See Fed. Cir. R. 47.4.
- Docketing Statement. (*Due within 14 days of the date of docketing or within 30 days if the United States or its officer or agency is a party in the appeal.*) [Only in cases where all parties are represented by counsel. See Fed. Cir. R. 33.1 and the mediation guidelines available at www.cafc.uscourts.gov.]
- Requests for extensions of time. See Fed. Cir. R. 26 and 27. **N.B. Delayed requests are not favored by the court**.
- Briefs. See Fed. Cir. R. 31. **N.B. You will not receive a separate briefing schedule from the Clerk's Office**.
- Settlement discussions. See Fed. Cir. R. 33.
- **ORAL ARGUMENT SCHEDULE CONFLICTS:** Counsel should advise the clerk in writing within 30 days once briefing is completed of potential scheduling conflicts or as soon as they are known and should not wait until an actual conflict arises. Once scheduled, a case will not be postponed except on motion showing **compelling reasons**. See Practice Note following Fed. Cir. R. 34.

The official caption is reflected on the electronic docket under the listing of the parties and counsel. The Rules of Practice and required forms are available at www.cafc.uscourts.gov.

Peter R. Marksteiner
Clerk of Court

cc: United States District Court for the Eastern District of Texas
Michael Edwin Jones
Douglas Lewis

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **BISCOTTI INC.,** | **Civil Action No. 2:13-cv-01015-JRG-RSP** |
| **Plaintiff,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **MICROSOFT CORP.,** | |
| **Defendant.** | |

## BISCOTTI INC.'S NOTICE OF APPEAL

Biscotti Inc. hereby appeals to the United States Court of Appeals for the Federal Circuit,
from: (1) the October 3, 2017 Final Judgment (Docket No. 311), (2) the March 23, 2018
Memorandum Opinion and Order (Docket No. 333), as well as any and all decisions, judgments,
orders, rulings, findings, instructions, opinions, and/or conclusions in this case adverse to Biscotti
Inc.

DATED:  April 20, 2018

Respectfully submitted,

By: */s/ Michael E. Jones*

Michael E. Jones (TX Bar 10929400)
**POTTER MINTON PC**
110 N. College, Suite 500
Tyler, TX 75702
Telephone: (903) 597 8311
Facsimile: (903) 593 0846
mikejones@potterminton.com

Adam R. Alper
Robert N. Kang
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

adam.alper@kirkland.com
robert.kang@kirkland.com

Michael W. De Vries
Sharre Lotfollahi
Justin Singh
**KIRKLAND & ELLIS LLP**
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
michael.devries@kirkland.com
sharre.lotfollahi@kirkland.com
justin.singh@kirkland.com

Amanda J. Hollis
Ryan M. Hubbard
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
amanda.hollis@kirkland.com
ryan.hubbard@kirkland.com

**ATTORNEYS FOR PLAINTIFF
BISCOTTI INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via email on April

20, 2018.

/s/ *Michael E. Jones*
Michael E. Jones

APPEAL,JRG1,JURY,PATENT/TRADEMARK,PROTECTIVE-ORDER,STAYED

# U.S. District Court [LIVE]
## Eastern District of TEXAS (Marshall)
## CIVIL DOCKET FOR CASE #: 2:13-cv-01015-JRG

| | |
|---|---|
| Biscotti Inc. v. Microsoft Corp. | Date Filed: 11/26/2013 |
| Assigned to: Judge Rodney Gilstrap | Date Terminated: 11/06/2017 |
| Cause: 35:271 Patent Infringement | Jury Demand: Defendant |
| | Nature of Suit: 830 Patent |
| | Jurisdiction: Federal Question |

**Mediator**

**David Folsom**       represented by    **David Folsom**
Jackson Walker, LLP
6002-B Summerfield Drive
Texarkana, TX 75503
Email: dfolsom@jw.com
PRO SE

**Technical Advisor**

**Technical Advisor Richard David Egan**
Egan Peterman Enders & Huston, LLP
1101 South Capital of Texas Highway
C-200
Austin, TX 78746
512-347-1611

**Plaintiff**

**Biscotti Inc.**      represented by    **Adam R Alper**
Kirkland & Ellis LLP - California
555 California St
24th Floor
San Francisco, CA 94104
415-439-1876
Fax: 415-439-1500
Email: adam.alper@kirkland.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*



A TRUE COPY I CERTIFY
DAVID A O'TOOLE, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

By: _____*TiffanyDoyen*_____

**Allen Franklin Gardner**
Allen Gardner Law, PLLC
609 South Fannin
Tyler, TX 75701
903-944-7537
Fax: 903-944-7856
Email: allen@allengardnerlaw.com
*TERMINATED: 03/07/2016*

**Amanda J Hollis**
Kirkland & Ellis LLP - Chicago
300 N LaSalle Street
Suite 2500
Chicago, IL 60654

CM/ECF LIVE - U.S. District Court:txed                                    Page 2 of 42

Case 2:13-cv-01015-JRG-7 Document 236-1 Filed 04/23/18   Page 6 of 87 PageID #:  16188 (6 of 87)
Case: 18-1867    Document: 1-2    Page: 5    Filed: 04/23/2018

312/862-2000
Fax: 312/862-2200
Email: amanda.hollis@kirkland.com
*ATTORNEY TO BE NOTICED*

**Brian A Featherstun**
Kirkland & Ellis - San Francisco
555 California St
27th Floor
San Francisco, CA 94104
415/439-1400
Fax: 415/439-1500
Email: brian.featherstun@kirkland.com
*TERMINATED: 09/07/2016*

**Elliot Hales**
Kirkland & Ellis - San Francisco
555 California St
27th Floor
San Francisco, CA 94104
415/439-4785
Fax: 415/439-1500
Email: elliot.hales@kirkland.com
*TERMINATED: 08/11/2017*

**Eric Cheng**
Kirkland & Ellis, LLP - Palo Alto
3330 Hillview Avenue
Palo Alto, CA 94304
650-859-7000
Fax: 650-859-7500
Email: eric.cheng@kirkland.com
*ATTORNEY TO BE NOTICED*

**Jeremy John Taylor**
Baker Botts LLP Palo Alto
1001 Page Mill Road
Building One Suite 200
Palo Alto, Ca 94304
415-291-6202
Email: jeremy.taylor@bakerbotts.com
*TERMINATED: 03/15/2016*

**Joseph K Liu**
One LLP
4000 MacArthur Blvd
East Tower, Suite 500
Newport Beach, CA 92660
949-502-2870
Fax: 949-258-5081
Email: jliu@onellp.com
*ATTORNEY TO BE NOTICED*

**Joshua David Furman**
Kirkland & Ellis LLP - San Francisco
555 California Street, 27th Floor
San Francisco, CA 94104
415.439.1485

CM/ECF LIVE - U.S. District Court:txed                                    Page 3 of 42
Case 2:13-cv-01015-JRG-RSP Document 236-1 Filed 04/23/18   Page 7 of 87 PageID #:  16189 (7 of 87)
Case: 18-1867   Document: 1-2   Page: 6   Filed: 04/23/2018

Fax: 415.439.1500
Email: josh.furman@kirkland.com
*TERMINATED: 02/28/2018*

**Jun Young Patrick Park**
Kirkland & Ellis - Los Angeles
333 South Hope Street
29th Floor
Los Angeles, CA 90071
213-680-8400
Fax: 213-680-8500
Email: patrick.park@kirkland.com
*ATTORNEY TO BE NOTICED*

**Justin Singh**
Kirkland & Ellis - Los Angeles
333 South Hope Street
29th Floor
Los Angeles, CA 90071
213/680-8400
Fax: 213/680-8500
Email: justin.singh@kirkland.com
*ATTORNEY TO BE NOTICED*

**Kevin Spark**
Kirkland & Ellis - San Francisco
555 California St
27th Floor
San Francisco, CA 94104
415/439-1400
Fax: 415/439-1500
Email: kevin.spark@kirkland.com
*TERMINATED: 03/15/2016*

**Michael Woodrow De Vries**
Kirkland & Ellis LLP - Los Angeles
333 South Hope Street
29th Floor
Los Angeles, CA 90071
213-680-8400
Fax: 213-680-8500
Email: michael.devries@kirkland.com
*ATTORNEY TO BE NOTICED*

**Michael E Jones**
Potter Minton, a Professional Corporation
110 N College Avenue
Suite 500
Tyler, TX 75702
903-597-8311
Fax: 903-593-0486
Email: mikejones@potterminton.com
*ATTORNEY TO BE NOTICED*

**Nimalka R. Wickramasekera**
Winston & Strawn LLP- L.A.
333 South Grand Avenue
38th Floor

CM/ECF LIVE - U.S. District Court:txed                                    Page 4 of 42

Case 2:13-cv-01015-JRG-7 Document 236-1 Filed 04/23/18   Page 8 of 87 PageID #:  16190 (8 of 87)
Case: 18-1967     Document: 1-2     Page: 7     Filed: 04/23/2018

Los Angeles, CA 90071-1543
213.615.1700
Fax: 213.615.1750
Email: nwickramasekera@winston.com
*TERMINATED: 08/21/2017*
*PRO HAC VICE*

**Robert N Kang**
Kirkland & Ellis LLP - San Francisco
555 California Street, 27th Floor
San Francisco, CA 94104
415-439-1915
Fax: 415-439-1500
Email: robert.kang@kirkland.com
*ATTORNEY TO BE NOTICED*

**Ryan Mark Hubbard**
Kirkland & Ellis LLP - Chicago
300 N LaSalle Street
Suite 2500
Chicago, IL 60654
312-862-2409
Fax: 312-862-2200
Email: ryan.hubbard@kirkland.com
*ATTORNEY TO BE NOTICED*

**Sharre S Lotfollahi**
Kirkland & Ellis LLP - Los Angeles
333 South Hope Street
29th Floor
Los Angeles, CA 90071
213/680-8673
Fax: 213/680-8500
Email: sharre.lotfollahi@kirkland.com
*ATTORNEY TO BE NOTICED*

**Simeon G Papacostas**
Kirkland & Ellis LLP - Chicago
300 N LaSalle Street
Suite 2500
Chicago, IL 60654
312-862-2000
Fax: 312-862-2200
Email: spapacostas@kirkland.com
*ATTORNEY TO BE NOTICED*

**Steve Papazian**
Kirkland & Ellis - Los Angeles
333 South Hope Street
29th Floor
Los Angeles, CA 90071
213.680.8400
Fax: 213.680.8500
Email: steven.papazian@kirkland.com
*TERMINATED: 08/21/2017*

V.

CM/ECF LIVE - U.S. District Court:txed                                                    Page 5 of 42

Case 2:13-cv-01015-JRG-7 Document 236-1  Filed 04/23/18   Page 9 of 87 PageID #: 16191
Case: 18-1967    Document: 1-2    Page: 8    Filed: 04/23/2018    (9 of 87)

**Defendant**

**Microsoft Corp.**                                      represented by   **Amy P Lally**
                                                                          Sidley Austin - Los Angeles
                                                                          555 West Fifth Street
                                                                          Suite 4000
                                                                          Los Angeles, Ca 90013
                                                                          213-896-6000
                                                                          Fax: 213-896-6600
                                                                          Email: alally@sidley.com
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Douglas I Lewis**
                                                                          Sidley Austin - Chicago
                                                                          One South Dearborn St
                                                                          Chicago, IL 60603
                                                                          312/853-7000
                                                                          Fax: 312-853-7036
                                                                          Email: dilewis@sidley.com
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Ellen S Robbins**
                                                                          Sidley Austin - Chicago
                                                                          One South Dearborn St
                                                                          Chicago, IL 60603
                                                                          312-853-7000
                                                                          Fax: 312-853-7036
                                                                          Email: erobbins@sidley.com
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Gwen Hochman Stewart**
                                                                          Sidley Austin LLP - Chicago
                                                                          One South Dearborn Street
                                                                          Chicago, IL 60603
                                                                          312.853.7000
                                                                          Fax: 312.853.7036
                                                                          Email: gstewart@sidley.com
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **H Ashley Chi**
                                                                          Sidley Austin - Chicago
                                                                          Bank One Plaza
                                                                          One South Dearborn Ave
                                                                          Chicago, IL 60603
                                                                          312/853-7000
                                                                          Fax: 312-853-7036
                                                                          Email: hchi@sidley.com
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Harry Lee Gillam , Jr**
                                                                          Gillam & Smith, LLP
                                                                          303 South Washington Avenue
                                                                          Marshall, TX 75670
                                                                          903-934-8450
                                                                          Fax: 903-934-9257
                                                                          Email: gil@gillamsmithlaw.com
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Herman F Webley**

CM/ECF LIVE - U.S. District Court:txed                                                    Page 6 of 42
Case 2:13-cv-01051-RG Document 336: Filed 04/23/18   Page 10 of 87 PageID #: 16192 (10 of 87)
Case: 18-1867   Document: 1-2   Page: 9   Filed: 04/23/2018

Sidley Austin - Chicago
One South Dearborn St
Chicago, IL 60603
312-853-7000
Fax: 312-853-7036
Email: hwebley@sidley.com
*TERMINATED: 06/26/2017*

**Irene I Yang**
Sidley Austin LLP - San Francisco
555 California Street
Suite 2000
San Francisco, CA 94104
415-772-1200
Fax: 415-772-7400
Email: irene.yang@sidley.com
*ATTORNEY TO BE NOTICED*

**Melissa Richards Smith**
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
903-934-8450
Fax: 903-934-9257
Email: melissa@gillamsmithlaw.com
*ATTORNEY TO BE NOTICED*

**Michael J Bettinger**
Sidley Austin LLP - San Francisco
555 California Street
Suite 2000
San Francisco, CA 94104
415/772-1200
Fax: 415/772-7400
Email: mbettinger@sidley.com
*ATTORNEY TO BE NOTICED*

**Nathaniel C Love**
Sidley Austin LLP - Chicago
One South Dearborn Street
Chicago, IL 60603
312/853-7000
Fax: 312/853-7036
Email: nlove@sidley.com
*ATTORNEY TO BE NOTICED*

**Richard A Cederoth**
Sidley Austin LLP - Chicago
One South Dearborn Street
Chicago, IL 60603
312/853-7000
Fax: 312/853-7036
Email: rcederoth@sidley.com
*ATTORNEY TO BE NOTICED*

**Robert Seth Reich , Jr**
Caldwell Cassady & Curry, PC
2101 Cedar Springs Road

CM/ECF LIVE - U.S. District Court:txed                                                                Page 7 of 42
Case 2:13-cv-01015-JRG  Document 336  Filed 04/23/18  Page 11 of 87 PageID #:  16193
Case: 18-1967    Document: 1-2    Page: 10    Filed: 04/23/2018    (31 of 87)

Suite 1000
Dallas, TX 75201
214-888-4844
Fax: 214-888-4849
Email: sreich@caldwellcc.com
*TERMINATED: 02/28/2018*

**Counter Claimant**

**Microsoft Corp.**                                    represented by  **Melissa Richards Smith**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*


V.

**Counter Defendant**

**Biscotti Inc.**                                      represented by  **Adam R Alper**
                                                                       (See above for address)
                                                                       *LEAD ATTORNEY*
                                                                       *PRO HAC VICE*
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Allen Franklin Gardner**
                                                                       (See above for address)
                                                                       *TERMINATED: 03/07/2016*

                                                                       **Amanda J Hollis**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Brian A Featherstun**
                                                                       (See above for address)
                                                                       *TERMINATED: 09/07/2016*

                                                                       **Elliot Hales**
                                                                       (See above for address)
                                                                       *TERMINATED: 08/11/2017*

                                                                       **Jeremy John Taylor**
                                                                       (See above for address)
                                                                       *TERMINATED: 03/15/2016*

                                                                       **Joseph K Liu**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Jun Young Patrick Park**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Justin Singh**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

                                                                       **Kevin Spark**
                                                                       (See above for address)
                                                                       *TERMINATED: 03/15/2016*

CM/ECF LIVE - U.S. District Court:txed                                    Page 8 of 42

Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 12 of 87 PageID #: 16194
Case: 18-1967    Document: 1-2    Page: 13    Filed: 04/23/2018    (12 of 87)

**Michael Woodrow De Vries**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael E Jones**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nimalka R. Wickramasekera**
(See above for address)
*TERMINATED: 08/21/2017*
*PRO HAC VICE*

**Robert N Kang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steve Papazian**
(See above for address)
*TERMINATED: 08/21/2017*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/26/2013 | 1 | COMPLAINT *For Patent Infringement* against Microsoft Corp. ( Filing fee $ 400 receipt number 0540-4421221.), filed by Biscotti Inc.. (Attachments: # 1 Exhibit A-'182 Patent, # 2 Civil Cover Sheet)(Gardner, Allen) (Entered: 11/26/2013) |
| 11/26/2013 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 mailed to the Director of the U.S. Patent and Trademark Office. (Gardner, Allen) (Entered: 11/26/2013) |
| 11/26/2013 | 3 | CORPORATE DISCLOSURE STATEMENT filed by Biscotti Inc. identifying Corporate Parent None for Biscotti Inc.. (Gardner, Allen) (Entered: 11/26/2013) |
| 11/26/2013 | 4 | DEMAND for Trial by Jury by Biscotti Inc.. (Gardner, Allen) (Entered: 11/26/2013) |
| 11/26/2013 | | Case assigned to Judge Rodney Gilstrap. (ch, ) (Entered: 11/26/2013) |
| 11/26/2013 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice of Consent to Proceed Before Magistrate Judge.* (ch, ) (Entered: 11/26/2013) |
| 11/26/2013 | 5 | NOTICE of Attorney Appearance by Michael E Jones on behalf of Biscotti Inc. (Jones, Michael) (Entered: 11/26/2013) |
| 11/26/2013 | 6 | SUMMONS Issued as to Microsoft Corp.. (ch, ) (Entered: 11/26/2013) |
| 12/02/2013 | 7 | SUMMONS Returned Executed by Biscotti Inc. Microsoft Corp. served on 11/27/2013, answer due 12/18/2013. (mjc, ) (Entered: 12/03/2013) |
| 12/10/2013 | 8 | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Microsoft Corp. (Smith, Melissa) (Entered: 12/10/2013) |
| 12/10/2013 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Microsoft Corp. to 1/17/2014. 30 Days Granted for Deadline Extension.( bas, ) (Entered: 12/10/2013) |

CM/ECF LIVE - U.S. District Court:txed                                    Page 9 of 42

Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 13 of 87 PageID #: 16195
Case: 18-1867    Document: 1-2    Page: 12    Filed: 04/28/2018        (13 of 87)

| 01/17/2014 | 9 | ANSWER to 1 Complaint , COUNTERCLAIM against Biscotti Inc. by Microsoft Corp.. (Smith, Melissa) (Entered: 01/17/2014) |
| 01/17/2014 | 10 | CORPORATE DISCLOSURE STATEMENT filed by Microsoft Corp. (Smith, Melissa) (Entered: 01/17/2014) |
| 01/17/2014 | 11 | DEMAND for Trial by Jury by Microsoft Corp.. (Smith, Melissa) (Entered: 01/17/2014) |
| 01/20/2014 | 12 | NOTICE by Biscotti Inc. *Of Readiness for Scheduling Conference* (Gardner, Allen) (Entered: 01/20/2014) |
| 01/30/2014 | 13 | NOTICE of Attorney Appearance - Pro Hac Vice by Richard A Cederoth on behalf of Microsoft Corp.. Filing fee $ 100, receipt number 0540-4500025. (Cederoth, Richard) (Entered: 01/30/2014) |
| 01/30/2014 | 14 | NOTICE of Attorney Appearance - Pro Hac Vice by Douglas I Lewis on behalf of Microsoft Corp.. Filing fee $ 100, receipt number 0540-4500047. (Lewis, Douglas) (Entered: 01/30/2014) |
| 01/30/2014 | 15 | NOTICE of Attorney Appearance - Pro Hac Vice by Herman F Webley on behalf of Microsoft Corp.. Filing fee $ 100, receipt number 0540-4500115. (Webley, Herman) (Entered: 01/30/2014) |
| 02/13/2014 | 16 | RESPONSE to 9 Answer to Complaint, Counterclaim by Biscotti Inc.. (Gardner, Allen) (Entered: 02/13/2014) |
| 03/19/2014 | 17 | ORDER - setting Scheduling Conference set for 4/7/2014 01:30 PM before Judge Rodney Gilstrap and Magistrate Judge Payne. Signed by Judge Rodney Gilstrap on 3/18/2014. (ch, ) (Entered: 03/19/2014) |
| 03/21/2014 | 18 | NOTICE of Attorney Appearance - Pro Hac Vice by Adam R Alper on behalf of Biscotti Inc.. Filing fee $ 100, receipt number 0540-4576771. (Alper, Adam) (Entered: 03/21/2014) |
| 03/21/2014 | 19 | NOTICE of Attorney Appearance - Pro Hac Vice by Kevin Spark on behalf of Biscotti Inc.. Filing fee $ 100, receipt number 0540-4576782. (Spark, Kevin) (Entered: 03/21/2014) |
| 03/21/2014 | 20 | NOTICE of Attorney Appearance - Pro Hac Vice by Jeremy John Taylor on behalf of Biscotti Inc.. Filing fee $ 100, receipt number 0540-4576845. (Taylor, Jeremy) (Entered: 03/21/2014) |
| 03/21/2014 | 21 | NOTICE of Attorney Appearance - Pro Hac Vice by Elliot Hales on behalf of Biscotti Inc.. Filing fee $ 100, receipt number 0540-4576945. (Hales, Elliot) (Entered: 03/21/2014) |
| 03/21/2014 | 22 | NOTICE of Attorney Appearance by Michael Woodrow De Vries on behalf of Biscotti Inc. (De Vries, Michael) (Entered: 03/21/2014) |
| 03/25/2014 | 23 | NOTICE of Discovery Disclosure by Biscotti Inc. *regarding Compliance with P.R. 3-1 and 3-2* (Gardner, Allen) (Entered: 03/25/2014) |
| 04/04/2014 | 24 | ORDER REFERRING CASE to Magistrate Judge Roy S. Payne. Signed by Judge Rodney Gilstrap on 4/4/14. (bas, ) (Entered: 04/04/2014) |
| 04/07/2014 | | Minute Entry for proceedings held before Judge Rodney Gilstrap and Judge Roy Payne: Scheduling Conference held on 4/7/14. Counsel for the parties appeared and were asked if they consented to a trial before Judge Payne. The parties were then given Markman and jury selection dates. The parties were directed to meet and confer regarding any changes to the Court's scheduling order and discovery order, and the parties are to submit the proposed orders within 14 days of the conference. (Court Reporter Shelly Holmes, CSR.)(jml) (Entered: 04/10/2014) |
| 04/07/2014 | | Minute Entry for proceedings held before Judge Rodney Gilstrap and Judge Roy Payne: Scheduling Conference held on 4/7/14. Counsel for the parties appeared and were asked if |

| | | they consented to a trial before Judge Payne. The parties were then given Markman and jury selection dates. The parties were directed to meet and confer regarding any changes to the Courts scheduling order and discovery order, and the parties are to submit the proposed orders within 14 days of the conference. (Court Reporter Shelly Holmes.) (bga, ) (Entered: 04/11/2014) |
|---|---|---|
| 04/10/2014 | 25 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 4/7/14 (Scheduling Conference) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR,Telephone number: (903) 923-7464.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 5/5/2014. Redacted Transcript Deadline set for 5/15/2014. Release of Transcript Restriction set for 7/14/2014. (sholmes, ) (Entered: 04/10/2014) |
| 04/21/2014 | 26 | Agreed MOTION for Extension of Time to File *Proposed Docket Control Order and Proposed Discovery Order* by Microsoft Corp.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 04/21/2014) |
| 04/21/2014 | 27 | NOTICE of Designation of Mediator, Judge David Folsom, filed by Microsoft Corp.. (Smith, Melissa) (Entered: 04/21/2014) |
| 04/23/2014 | 28 | ORDER granting 26 Motion for Extension of Time to File Docket Control Order and Discovery Order. Signed by Magistrate Judge Roy S. Payne on 4/22/014. (ch, ) (Entered: 04/23/2014) |
| 04/28/2014 | 29 | Joint MOTION for Entry of Docket Control Order by Biscotti Inc., Microsoft Corp.. (Attachments: # 1 Docket Control Order)(Gardner, Allen) (Entered: 04/28/2014) |
| 04/28/2014 | 30 | Joint MOTION for Entry of Discovery Order by Biscotti Inc., Microsoft Corp.. (Attachments: # 1 Discovery Order)(Gardner, Allen) (Entered: 04/28/2014) |
| 04/28/2014 | 31 | Joint MOTION for Entry of ESI Order by Biscotti Inc., Microsoft Corp.. (Attachments: # 1 ESI Order)(Gardner, Allen) (Entered: 04/28/2014) |
| 04/28/2014 | 32 | Agreed MOTION TO EXTEND TIME TO SUBMIT PROTECTIVE ORDER by Microsoft Corp.. (Attachments: # 1 Text of Proposed Order)(Smith, Melissa) (Entered: 04/28/2014) |
| 04/29/2014 | 33 | NOTICE of Discovery Disclosure by Biscotti Inc. *Regarding Initial and Additional Disclosures* (Gardner, Allen) (Entered: 04/29/2014) |
| 04/29/2014 | 34 | NOTICE by Microsoft Corp. *OF COMPLIANCE REGARDING INITIAL AND ADDITIONAL DISCLOSURES* (Smith, Melissa) (Entered: 04/29/2014) |
| 04/29/2014 | 35 | Agreed MOTION for Leave to Supplement Biscotti's Patent Rule 3-1 Disclosures by Biscotti Inc.. (Attachments: # 1 Text of Proposed Order)(Gardner, Allen) (Entered: 04/29/2014) |
| 04/30/2014 | 36 | DOCKET CONTROL ORDER:( Pretrial Conference set for 6/29/2015 09:00 AM in Mag Ctrm (Marshall) before Magistrate Judge Roy S. Payne., Amended Pleadings due by |

| | | |
|---|---|---|
| | | 9/18/2014., Discovery due by 3/9/2015., Joinder of Parties due by 4/14/2014., Jury Selection set for 8/10/2015 09:00 AM in Ctrm 106 (Marshall) before Judge Rodney Gilstrap., Mediation Completion due by 1/15/2015., Markman Hearing set for 12/4/2014 09:00 AM in Mag Ctrm (Marshall) before Magistrate Judge Roy S. Payne., Proposed Pretrial Order due by 6/22/2015.) Signed by Magistrate Judge Roy S. Payne on 4/30/14. (mrm, ) (Entered: 04/30/2014) |
| 04/30/2014 | 37 | DISCOVERY ORDER. Signed by Magistrate Judge Roy S. Payne on 4/30/14. (mrm, ) (Entered: 04/30/2014) |
| 04/30/2014 | 38 | ORDER REGARDING ELECTRONIC DISCOVERY. Signed by Magistrate Judge Roy S. Payne on 4/30/14. (mrm, ) (Entered: 04/30/2014) |
| 04/30/2014 | 39 | ORDER granting 35 Motion To Supplement P.R. 3-1 Disclosures. Signed by Magistrate Judge Roy S. Payne on 4/30/2014. (ch, ) (Entered: 04/30/2014) |
| 05/02/2014 | 40 | ORDER granting 32 Motion for Extension of Time to Submit Protective order. Signed by Magistrate Judge Roy S. Payne on 5/2/2014. (ch, ) (Entered: 05/02/2014) |
| 05/05/2014 | 41 | Joint MOTION for Protective Order by Biscotti Inc., Microsoft Corp.. (Attachments: # 1 Exhibit Exh. A - Biscotti's proposed protective order, # 2 Exhibit Exh. B - Microsoft's proposed protective order)(Gardner, Allen) (Entered: 05/05/2014) |
| 05/08/2014 | 42 | PROTECTIVE ORDER. Signed by Magistrate Judge Roy S. Payne on 5/6/2014. (ch, ) (Entered: 05/08/2014) |
| 05/20/2014 | 43 | ORDER REFERRING CASE to Mediator David Folsom, Jackson Walker, L.L.P., 6004 Summerfield Drive, Texarkana, Texas 75503, telephone number 903-255-3251, fax number 903-255-3266, and email dfolsom@jw.com, is hereby appointed as mediator. Signed by Magistrate Judge Roy S. Payne on 5/19/2014. (ch, ) (Entered: 05/20/2014) |
| 06/03/2014 | 44 | NOTICE by Microsoft Corp. *of Compliance Regarding Invalidity Contentions and Accompanying Document Production* (Cederoth, Richard) (Entered: 06/03/2014) |
| 07/02/2014 | 45 | Unopposed MOTION to Extend P.R. 3-1(g) Deadline by Biscotti Inc.. (Attachments: # 1 Text of Proposed Order)(Gardner, Allen) (Entered: 07/02/2014) |
| 07/07/2014 | 46 | ORDER granting 45 Motion to Extend P.R. 3-1 Deadline. Deadline is extended to 7/10/2014. Signed by Magistrate Judge Roy S. Payne on 7/7/2014. (ch, ) (Entered: 07/07/2014) |
| 07/11/2014 | 47 | NOTICE by Biscotti Inc. *of Compliance Regarding Second Supplemental Patent Rule 3-1 Disclosures* (Gardner, Allen) (Entered: 07/11/2014) |
| 08/01/2014 | 48 | NOTICE of Discovery Disclosure by Biscotti Inc *Disclosure of Proposed Terms and Claim Elements for Construction Pursuant to P.R. 4-1* (Gardner, Allen) (Entered: 08/01/2014) |
| 08/01/2014 | 49 | NOTICE by Microsoft Corp. *Microsoft Notice of Compliance Pursuant to Local Rule 4-1 regarding Proposed Terms and Claim Elements* (Cederoth, Richard) (Entered: 08/01/2014) |
| 08/13/2014 | 50 | NOTICE by Microsoft Corp. *of Compliance with Local Patent Rule 3-3(e)* (Cederoth, Richard) (Entered: 08/13/2014) |
| 08/21/2014 | 51 | Joint MOTION to Amend/Correct *Docket Control Order* by Biscotti Inc., Microsoft Corp.. (Attachments: # 1 Text of Proposed Order)(Gardner, Allen) (Entered: 08/21/2014) |
| 08/23/2014 | 52 | FIRST AMENDED DOCKET CONTROL ORDER - Pretrial Conference set for 6/29/2015 09:00 AM before Magistrate Judge Roy S. Payne., Amended Pleadings due by 9/18/2014., Jury Selection set for 8/10/2015 09:00AM before Judge Rodney Gilstrap., Mediation Completion due by 1/15/2015., Markman Hearing set for 12/4/2014 09:00 AM before |

CM/ECF LIVE - U.S. District Court:txed                                                    Page 12 of 42

Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 16 of 87 PageID #: 16198
Case: 18-1967     Document: 1-2     Page: 16     Filed: 04/23/2018                        (16 of 87)

| | | Magistrate Judge Roy S. Payne. Signed by Magistrate Judge Roy S. Payne on 8/22/14. (ch, ) (Entered: 08/23/2014) |
|---|---|---|
| 08/28/2014 | 53 | NOTICE by Microsoft Corp. *of Compliance with Local Patent Rule 4-2* (Cederoth, Richard) (Entered: 08/28/2014) |
| 08/28/2014 | 54 | NOTICE of Discovery Disclosure by Biscotti Inc. (Gardner, Allen) (Entered: 08/28/2014) |
| 09/10/2014 | 55 | Joint MOTION to Amend/Correct *Docket Control Order* by Biscotti Inc., Microsoft Corp.. (Attachments: # 1 Text of Proposed Order)(Gardner, Allen) (Entered: 09/10/2014) |
| 09/10/2014 | 56 | NOTICE by Microsoft Corp. *Notice of Filing Inter Partes Review Petitions* (Cederoth, Richard) (Entered: 09/10/2014) |
| 09/11/2014 | 57 | SECOND AMENDED DOCKET CONTROL ORDER - Pretrial Conference set for 6/29/2015 09:00 AM before Magistrate Judge Roy S. Payne., Amended Pleadings due by 9/18/2014., Jury Selection set for 8/10/2015 09:00AM before Judge Rodney Gilstrap., Mediation Completion due by 1/15/2015., Markman Hearing set for 12/4/2014 09:00 AM before Magistrate Judge Roy S. Payne., Motions due by 6/10/2015., Proposed Pretrial Order due by 6/22/2015.. Signed by Magistrate Judge Roy S. Payne on 9/11/2014. (ch, ) (Entered: 09/11/2014) |
| 09/18/2014 | 58 | Sealed Document - Dft's Amended Answer to Plaintiffs Complaint (Attachments: # 1 Exhibit A Presentation to Austin Ventures, # 2 Exhibit B LifeSize Express Data Sheet, # 3 Exhibit C Most Significant Email Custodians, # 4 Exhibit D Wham! Inc. Exec Summary, # 5 Exhibit E Wham! Business Plan, # 6 Exhibit F Wham! Seed Financing, # 7 Exhibit G Wham! Presentation, # 8 Exhibit H Wham! Presentation, # 9 Exhibit I 182 Provisional)(Smith, Melissa) Modified on 9/19/2014 (ch, ). (Entered: 09/18/2014) |
| 09/19/2014 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form Consent to Proceed Before Magistrate Judge is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice Regarding Consent to Proceed Before Magistrate Judge.* (ch, ) (Entered: 09/19/2014) |
| 09/19/2014 | 59 | Joint Claim Construction Chart by Biscotti Inc., Microsoft Corp.. (Attachments: # 1 Ex. A - Joint Claim Construction Chart, # 2 Ex. B - Identification of Known Evidence, # 3 Ex. C - JCCC - MS Claim Construction Chart, # 4 Ex. D - Wicker Expert Decl re Claim Construction, # 5 Ex. E - JCCC- Orchard_Declaration and CV)(Gardner, Allen) (Entered: 09/19/2014) |
| 09/24/2014 | 60 | NOTICE of Attorney Appearance - Pro Hac Vice by H Ashley Chi on behalf of Microsoft Corp.. Filing fee $ 100, receipt number 0540-4852135. (Chi, H) (Entered: 09/24/2014) |
| 09/26/2014 | 61 | NOTICE of Attorney Appearance by Joseph K Liu on behalf of Biscotti Inc. (Liu, Joseph) (Entered: 09/26/2014) |
| 09/30/2014 | 62 | Joint MOTION to Amend/Correct *Docket Control Order* by Biscotti Inc., Microsoft Corp.. (Attachments: # 1 Text of Proposed Order)(Gardner, Allen) (Entered: 09/30/2014) |
| 10/02/2014 | 63 | ORDER granting 62 Motion to Amend/Correct Docket Control Order. Signed by Magistrate Judge Roy S. Payne on 10/2/2014. (ch, ) (Entered: 10/02/2014) |

CM/ECF LIVE - U.S. District Court:txed Page 13 of 42
Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 17 of 87 PageID #: 16199
Case: 18-1967 Document: 1-2 Page: 16 Filed: 04/23/2018 (17 of 87)

| | | |
|---|---|---|
| 10/09/2014 | 64 | SEALED MOTION *to Dismiss* by Biscotti Inc.. (Attachments:<br># 1 Ex. A 182 patent,<br># 2 Ex. B LifeSize documentation,<br># 3 Ex. C. Logitech subpoenapdf,<br># 4 Ex. D 9242014 email,<br># 5 Ex. E 9302014 email,<br># 6 Text of Proposed Order)(Gardner, Allen) (Entered: 10/09/2014) |
| 10/17/2014 | 65 | NOTICE of Attorney Appearance - Pro Hac Vice by Nimalka R Wickramasekera on behalf of Biscotti Inc.. Filing fee $ 100, receipt number 0540-4888128. (Wickramasekera, Nimalka) (Entered: 10/17/2014) |
| 10/17/2014 | 66 | NOTICE of Attorney Appearance - Pro Hac Vice by Brian A Featherstun on behalf of Biscotti Inc.. Filing fee $ 100, receipt number 0540-4888282. (Featherstun, Brian) (Entered: 10/17/2014) |
| 10/23/2014 | 67 | NOTICE by Microsoft Corp. *Notice of Compliance Regarding Technical Tutorial* (Attachments:<br># 1 Exhibit A)(Smith, Melissa) (Entered: 10/23/2014) |
| 10/23/2014 | 68 | NOTICE by Biscotti Inc. (Gardner, Allen) (Entered: 10/23/2014) |
| 10/23/2014 | 69 | ***FILED IN ERROR. PER ATTORNEY. PLEASE IGNORE.***CLAIM CONSTRUCTION BRIEF filed by Biscotti Inc.. (Attachments:<br># 1 Ex. A Shoemake Patent,<br># 2 Ex. B Newton's Telecom Dict,<br># 3 Ex. C Wicker Declaration,<br># 4 Ex. D Dictionary of Computer and Internet Terms,<br># 5 Ex. E Webster's Telecom Dictionary,<br># 6 Ex. F Webster's College Dictionary,<br># 7 Ex. G Macmillan Dictionary,<br># 8 Ex. H American Heritage Dictionary)(Gardner, Allen) Modified on 10/27/2014 (ch, ). (Entered: 10/23/2014) |
| 10/24/2014 | 70 | CORRECTED CLAIM CONSTRUCTION BRIEF filed by Biscotti Inc.. (Attachments:<br># 1 Ex. A Shoemake Patent,<br># 2 Ex. B Newton's Telecom Dict,<br># 3 Ex. C Wicker Declaration,<br># 4 Ex. D Dictionary of Computer and Internet Terms,<br># 5 Ex. E Webster's Telecom Dictionary,<br># 6 Ex. F Webster's College Dictionary,<br># 7 Ex. G Macmillan Dictionary,<br># 8 Ex. H American Heritage Dictionary)(Gardner, Allen) (Entered: 10/24/2014) |
| 10/27/2014 | | ***FILED IN ERROR. PER ATTORNEY Document # 69, Claim Construction Brief. PLEASE IGNORE.***<br><br>(ch, ) (Entered: 10/27/2014) |
| 10/27/2014 | 71 | SEALED RESPONSE to Motion re 64 SEALED MOTION *to Dismiss* filed by Microsoft Corp.. (Attachments:<br># 1 Text of Proposed Order)(Lewis, Douglas) (Entered: 10/27/2014) |
| 10/30/2014 | 72 | Unopposed MOTION for Leave to Supplement Invalidity Contentions by Microsoft Corp.. (Attachments:<br># 1 Text of Proposed Order)(Smith, Melissa) (Entered: 10/30/2014) |
| 11/03/2014 | 73 | ORDER granting 72 Motion to Leave to Supplement Invalidity Contentions. Signed by Magistrate Judge Roy S. Payne on 11/2/2014. (ch, ) (Entered: 11/03/2014) |
| | | |

CM/ECF LIVE - U.S. District Court:txed                                    Page 14 of 42

Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 18 of 87 PageID #: 16200
Case: 18-1967    Document: 1-2    Page: 17    Filed: 04/23/2018                    (18 of 87)

| 11/06/2014 | 74 | RESPONSE to 70 Claim Construction Brief, *filed by Microsoft Corp..* (Attachments:<br># 1 Exhibit 1,<br># 2 Exhibit 2,<br># 3 Exhibit 3)(Cederoth, Richard) (Entered: 11/06/2014) |
| 11/07/2014 | 75 | Unopposed MOTION for Extension of Time to File Response/Reply as to 64 SEALED MOTION *to Dismiss* by Biscotti Inc.. (Attachments:<br># 1 Text of Proposed Order)(Gardner, Allen) (Entered: 11/07/2014) |
| 11/10/2014 | 76 | ORDER granting 75 Motion for Extension of Time to File Response/Reply re 64 SEALED MOTION *to Dismiss* Responses due by 11/12/2014. Signed by Magistrate Judge Roy S. Payne on 11/10/2014. (ch, ) Modified on 11/12/2014 (ch, ). (Entered: 11/10/2014) |
| 11/11/2014 | 77 | Unopposed MOTION to Dismiss *Fifth Affirmative Defense and Count III of Counterclaim Without Prejudice* by Microsoft Corp.. (Attachments:<br># 1 Text of Proposed Order)(Lewis, Douglas) (Entered: 11/11/2014) |
| 11/12/2014 | 78 | ORDER granting 77 Motion to Dismiss Count III of Counterclaims without prejudice. Signed by Magistrate Judge Roy S. Payne on 11/12/2014. (ch, ) (Entered: 11/12/2014) |
| 11/12/2014 | 79 | SEALED PATENT REPLY to Response to PATENT Motion re 64 SEALED MOTION *to Dismiss filed by Biscotti Inc..* (Attachments:<br># 1 Ex. A - 103114 email string between Lewis and Taylor)(Gardner, Allen) (Entered: 11/12/2014) |
| 11/13/2014 | 80 | Reply CLAIM CONSTRUCTION BRIEF filed by Biscotti Inc.. (Gardner, Allen) (Entered: 11/13/2014) |
| 11/20/2014 | 81 | Joint P.R. 4-5(d) Claim Construction Chart by Biscotti Inc., Microsoft Corp.. (Attachments:<br><br># 1 Appendix A - Joint Claim Construction Chart,<br># 2 Appendix B - Condensed Joint Claim Construction Chart)(Gardner, Allen) (Entered: 11/20/2014) |
| 11/21/2014 | 82 | ORDER appoints Rich Egan as the Courts technical advisor in this case. Signed by Magistrate Judge Roy S. Payne on 11/20/2014. (ch, ) (Entered: 11/21/2014) |
| 11/24/2014 | 83 | ORDER re Supplemental Briefing Claim Construction. Signed by Magistrate Judge Roy S. Payne on 11/24/2014. (nkl, ) (Entered: 11/24/2014) |
| 11/24/2014 | 84 | SEALED SURREPLY to Motion re 64 SEALED MOTION *to Dismiss* filed by Microsoft Corp.. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B)(Cederoth, Richard) (Entered: 11/24/2014) |
| 11/28/2014 | 85 | SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF filed by Microsoft Corp. (Cederoth, Richard) (Entered: 11/28/2014) |
| 11/28/2014 | 86 | Supplemental CLAIM CONSTRUCTION BRIEF filed by Biscotti Inc.. (Attachments:<br># 1 Exhibit 10.21.14 Email)(Gardner, Allen) (Entered: 11/28/2014) |
| 12/01/2014 | 87 | NOTICE of Attorney Appearance - Pro Hac Vice by Ellen S Robbins on behalf of Microsoft Corp.. Filing fee $ 100, receipt number 0540-4947895. (Robbins, Ellen) (Entered: 12/01/2014) |
| 12/02/2014 | 88 | Joint MOTION to Stay *Pending Inter Partes Review* by Biscotti Inc., Microsoft Corp.. (Attachments:<br># 1 Text of Proposed Order)(Gardner, Allen) (Entered: 12/02/2014) |
| 12/03/2014 | 89 | ORDER granting 88 Motion to Stay. Signed by Magistrate Judge Roy S. Payne on 12/5/2014. (ch, ) (Entered: 12/03/2014) |

| 12/04/2014 | 90 | ORDER to Pay Technical Advisor. Signed by Magistrate Judge Roy S. Payne on 12/04/2014. (nkl, ) (Entered: 12/04/2014) |
|---|---|---|
| 03/16/2015 | 91 | STATUS REPORT *Joint* by Biscotti Inc.. (Gardner, Allen) (Entered: 03/16/2015) |
| 03/30/2015 | 92 | NOTICE by Biscotti Inc. *Joint Status Report* (Gardner, Allen) (Entered: 03/30/2015) |
| 03/02/2016 | 93 | Unopposed MOTION to Withdraw as Attorney by Biscotti Inc.. (Attachments: # 1 Text of Proposed Order)(Gardner, Allen) (Entered: 03/02/2016) |
| 03/07/2016 | 94 | ORDER granting 93 Motion to Withdraw as Attorney. Attorney Allen Franklin Gardner terminated. Signed by Magistrate Judge Roy S. Payne on 3/5/2016. (ch, ) (Entered: 03/07/2016) |
| 03/09/2016 | 95 | Unopposed MOTION to Withdraw as Attorney *Jeremy Taylor and Kevin Spark* by Biscotti Inc.. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 03/09/2016) |
| 03/15/2016 | 96 | ORDER granting 95 Motion to Withdraw as Attorney. Attorney Kevin Spark and Jeremy John Taylor terminated. Signed by Magistrate Judge Roy S. Payne on 3/14/16. (mrm, ) (Entered: 03/15/2016) |
| 03/29/2016 | 97 | NOTICE of Attorney Appearance - Pro Hac Vice by Amanda J Hollis on behalf of Biscotti Inc.. Filing fee $ 100, receipt number 0540-5680188. (Hollis, Amanda) (Entered: 03/29/2016) |
| 05/31/2016 | 98 | SEALED PATENT DOCUMENT - Joint Status Report. (Attachments: # 1 Ex. A - 031716 USPTO Paper 59, # 2 Ex. B - 031716 USPTO Paper 50, # 3 Ex. C - 031716 USPTO Paper 49, # 4 Ex. D - Third Amended DCO, # 5 Ex. E - XBox One Innovation Info, # 6 Ex. F - Biscott Info, # 7 Ex. G - 052016 PTAB Journal article, # 8 Ex. H - PTAB Dissents from DN, # 9 Ex. I, Biscotti Review, # 10 Ex. J - Infringement Cont, # 11 Ex. K - BISC0956557, # 12 Ex. L - BISC0137324, # 13 Ex. M - Biscotti.com, # 14 Ex. N - X-Box Amazon, # 15 Ex. O - Biscotti TV Phone presentation, # 16 Ex. P - Reddy v. Lowes Order, # 17 Ex. Q - Cyber v. Avocent Order, # 18 Ex. R - 052516 email from Lewis to Hollis)(Jones, Michael) (Entered: 05/31/2016) |
| 08/01/2016 | 99 | Opposed MOTION for Entry of Docket Control Order by Biscotti Inc.. (Attachments: # 1 Exhibit A - PTAB Journal article, # 2 Exhibit B - 052516 email from Lewis to Hollis, # 3 Exhibit C - May 30 email from Hollis to Lewis re changes to DCO, # 4 Exhibit D - 072616 email from Lewis to Hollis, # 5 Exhibit E - XBox One Innovation Info, # 6 Exhibit F - Biscott Info, # 7 Text of Proposed Order)(Jones, Michael) (Entered: 08/01/2016) |
| 08/19/2016 | 100 | RESPONSE in Opposition re 99 Opposed MOTION for Entry of Docket Control Order *filed by Microsoft Corp..* (Attachments: # 1 Text of Proposed Order, # 2 Exhibit 1, # 3 Exhibit 2, |

CM/ECF LIVE - U.S. District Court:txed                                    Page 16 of 42

Case 2:13-cv-01015-JRG  Document 336  Filed 04/23/18  Page 20 of 87 PageID #: 16202
Case: 18-1967   Document: 1-2   Page: 19   Filed: 04/28/2018   (20 of 87)

| | | # 4 Exhibit 3,<br># 5 Exhibit 4)(Smith, Melissa) (Entered: 08/19/2016) |
|---|---|---|
| 08/22/2016 | 101 | THIRD AMENDED DOCKET CONTROL ORDER re 99 Opposed MOTION for Entry of Docket Control Order filed by Biscotti Inc.., Pretrial Conference set for 5/8/2017 09:00 AM before Magistrate Judge Roy S. Payne., Jury Selection set for 6/5/2017 09:00AM before Judge Rodney Gilstrap., Mediation Completion due by 10/28/2016., Markman Hearing set for 10/11/2016 01:30 PM before Magistrate Judge Roy S. Payne., Motions in Limine due by 4/17/2017., Proposed Pretrial Order due by 5/1/2017. Signed by Magistrate Judge Roy S. Payne on 8/19/2016. (nkl, ) (Entered: 08/22/2016) |
| 08/26/2016 | 102 | NOTICE of Attorney Appearance by Irene I Yang on behalf of Microsoft Corp. (Yang, Irene) (Entered: 08/26/2016) |
| 09/01/2016 | 103 | Revised Opening CLAIM CONSTRUCTION BRIEF filed by Biscotti Inc.. (Attachments:<br># 1 Ex. A - '182 patent,<br># 2 Ex. B - Newton's Telecom Dictionary,<br># 3 Ex. C - Declaration of Wicker,<br># 4 Ex. D- Dictionary of Computer and Internet Terms,<br># 5 Ex. E - Webster's New World Telecom Dictionary,<br># 6 Ex. F - Webster's New World College Dictionary,<br># 7 Ex. G - MacMillan English Dictionary,<br># 8 Ex. H - American Heritage College Dictionary,<br># 9 Ex. I - IPR of '182,<br># 10 Ex. J - 053016 email from Hollis)(Jones, Michael) (Entered: 09/01/2016) |
| 09/06/2016 | 104 | Unopposed MOTION to Withdraw as Attorney *Brian Featherstun* by Biscotti Inc.. (Attachments:<br># 1 Text of Proposed Order)(Jones, Michael) (Entered: 09/06/2016) |
| 09/07/2016 | 105 | ORDER granting 104 Motion to Withdraw as Attorney. Attorney Brian A Featherstun terminated. Signed by Magistrate Judge Roy S. Payne on 9/7/2016. (ch, ) (Entered: 09/07/2016) |
| 09/07/2016 | 106 | NOTICE of Attorney Appearance by Ryan Mark Hubbard on behalf of Biscotti Inc. (Hubbard, Ryan) (Entered: 09/07/2016) |
| 09/15/2016 | 107 | REVISED RESPONSIVE CLAIM CONSTRUCTION BRIEF filed by Microsoft Corp.. (Attachments:<br># 1 Exhibit 1,<br># 2 Exhibit 2,<br># 3 Exhibit 3,<br># 4 Exhibit 4,<br># 5 Exhibit 5,<br># 6 Exhibit 6,<br># 7 Exhibit 7,<br># 8 Exhibit 8,<br># 9 Exhibit 9)(Smith, Melissa) (Entered: 09/15/2016) |
| 09/22/2016 | 108 | Revised Reply CLAIM CONSTRUCTION BRIEF filed by Biscotti Inc.. (Attachments:<br># 1 Ex. A - 2014-08-11 Microsoft's Supp Invalidity Contentions)(Jones, Michael) (Entered: 09/22/2016) |
| 09/30/2016 | 109 | Joint Claim Construction Chart by Biscotti Inc. (Attachments:<br># 1 Appendix A - Claim Construction Chart,<br># 2 Appendix B - Condensed Claim Construction Chart)(Jones, Michael) (Entered: 09/30/2016) |
| 10/03/2016 | 110 | NOTICE of Designation of Attorney in Charge to Michael E Jones on behalf of Biscotti Inc. (Jones, Michael) (Entered: 10/03/2016) |

| 10/10/2016 | 111 | NOTICE by Biscotti Inc. *Joint Notice by Biscotti and Microsoft of Request for Ordering of Disputed Terms* (Jones, Michael) (Entered: 10/10/2016) |
|---|---|---|
| 10/11/2016 | 112 | NOTICE by Microsoft Corp. *of Filing of Presentation Slides (October 11, 2016 Claim Construction Hearing)* (Attachments:<br># 1 Exhibit A)(Smith, Melissa) (Entered: 10/11/2016) |
| 10/11/2016 | 113 | Minute Entry for proceedings held before Magistrate Judge Roy S. Payne: Markman Hearing held on 10/11/2016. (Court Reporter Shelly Holmes.) (bga, ) (Entered: 10/12/2016) |
| 10/13/2016 | 114 | NOTICE of Attorney Appearance by Robert N Kang on behalf of Biscotti Inc. (Kang, Robert) (Entered: 10/13/2016) |
| 10/13/2016 | 115 | NOTICE of Attorney Appearance - Pro Hac Vice by Jun Young Patrick Park on behalf of Biscotti Inc.. Filing fee $ 100, receipt number 0540-5983098. (Park, Jun Young) (Entered: 10/13/2016) |
| 10/14/2016 | 116 | Joint MOTION to Amend/Correct 101 Order, Terminate Motions, Scheduling Order,,,,,, *to Extend Mediation Deadline* by Biscotti Inc.. (Attachments:<br># 1 Fourth Amended Docket Control Order)(Jones, Michael) (Entered: 10/14/2016) |
| 10/17/2016 | 117 | FOURTH AMENDED DOCKET CONTROL ORDER granting 116 Joint MOTION to Amend/Correct Docket Control Order. Pretrial Conference set for 5/8/2017 09:00 AM before Magistrate Judge Roy S. Payne., Jury Selection set for 6/5/2017 09:00AM before Judge Rodney Gilstrap., Mediation Completion due by 3/20/2017., Motions due by 4/17/2017., Proposed Pretrial Order due by 5/1/2017. Signed by Magistrate Judge Roy S. Payne on 10/16/2016. (ch, ) Modified on 10/17/2016 (ch, ). (Entered: 10/17/2016) |
| 10/19/2016 | 118 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 10/11/16 (Claim Construction Hearing) before Judge Roy Payne. Court Reporter/Transcriber: Shelly Holmes, CSR-TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov).<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 11/14/2016. Redacted Transcript Deadline set for 11/24/2016. Release of Transcript Restriction set for 1/20/2017. (sholmes, ) (Entered: 10/19/2016) |
| 10/26/2016 | | NOTICE of Hearing: Pretrial Conference RESET for 5/11/2017 09:00 AM before Magistrate Judge Roy S. Payne. (bga, ) (Entered: 10/26/2016) |
| 11/07/2016 | 119 | ORDER - Court has received Mr. Egans invoice for services through October 28, 2016, the court ORDERS payment to be promptly made as follows herein. Signed by Magistrate Judge Roy S. Payne on 11/7/16. (ch, ) (Entered: 11/07/2016) |
| 11/09/2016 | 120 | CLAIM CONSTRUCTION MEMORANDUM AND ORDER. Signed by Magistrate Judge Roy S. Payne on 11/9/2016. (ch, ) (Entered: 11/09/2016) |
| 11/23/2016 | 121 | RESPONSE to 120 Memorandum & Opinion *Objection to Aspects of Claim Construction Order* by Biscotti Inc.. (Jones, Michael) (Entered: 11/23/2016) |
| 12/02/2016 | 122 | Unopposed SEALED PATENT MOTION *for Leave to Supplement Infringement Contentions Regarding Xbox One S and Kinect Adapter* by Biscotti Inc.. (Attachments: |

CM/ECF LIVE - U.S. District Court:txed                                    Page 18 of 42

Case 2:13-cv-01015-JRG Document 336 Filed 04/23/19 Page 22 of 87 PageID #: 16204
Case: 18-1967    Document: 1-2    Page: 21    Filed: 04/23/2018    (22 of 87)

| | | |
|---|---|---|
| | | # 1 Ex. 102,<br># 2 Text of Proposed Order)(Jones, Michael) (Entered: 12/02/2016) |
| 12/05/2016 | 123 | ORDER granting 122 Sealed Patent Motion for Leave to Supplement Infringement Contentions. Signed by Magistrate Judge Roy S. Payne on 12/5/2016. (ch, ) (Entered: 12/05/2016) |
| 12/05/2016 | 124 | SEALED PATENT MOTION *for Leave to Supplement Rule 3-1 Infringement Contentions Under Patent LR 3-6* by Biscotti Inc.. (Attachments:<br># 1 Ex. 101,<br># 2 Ex. 102,<br># 3 Ex. A - Xbox One Twitch Broadcasting,<br># 4 Ex. B - Game Broadcasting on Windows 10 and Xbox One is a problem for Twitch_,<br># 5 Ex. C - Microsoft Takes Twitch Head-On With Integrated Beam Streaming Service _ CGMagazine,<br># 6 Ex. D - Windows 10 Creators Update Will Enable Any Gamer to Broadcast - Xbox Wire,<br># 7 Ex. E - Email Thread Between R. Kang and I. Yang,<br># 8 Ex. F - First Supp. Inf. Contentions Ex. 1 (Claim Chart),<br># 9 Ex. G - Microsoft acquires Beam interactive livestreaming service - The Official Microsoft Blog,<br># 10 Text of Proposed Order)(Jones, Michael) (Entered: 12/05/2016) |
| 12/06/2016 | 125 | SEALED PATENT MOTION *to Compel Production of Relevant Financial Data that Defendant Microsoft Refuses to Produce* by Biscotti Inc.. (Attachments:<br># 1 Ex. A - Excerpts from MS_Biscotti_0128113,<br># 2 Ex. B - Excerpts from MS_Biscotti_0269961,<br># 3 Ex. C - Excerpts from MS_Biscotti_0439037,<br># 4 Text of Proposed Order)(Jones, Michael) (Entered: 12/06/2016) |
| 12/07/2016 | | NOTICE of Hearing on Motion 125 SEALED PATENT MOTION *to Compel Production of Relevant Financial Data that Defendant Microsoft Refuses to Produce* : Motion Hearing set for 12/21/2016 09:00 AM before Magistrate Judge Roy S. Payne. (bga, ) (Entered: 12/07/2016) |
| 12/07/2016 | 126 | RESPONSE to 121 Response to Non-Motion *Biscotti's Objections to Aspects of Magistrate's Memorandum and Order Regarding Claim Construction filed by Microsoft Corp..* (Cederoth, Richard) (Entered: 12/07/2016) |
| 12/08/2016 | 127 | NOTICE of Attorney Appearance by Nathaniel C Love on behalf of Microsoft Corp. (Love, Nathaniel) (Entered: 12/08/2016) |
| 12/09/2016 | 128 | NOTICE of Attorney Appearance - Pro Hac Vice by Steve Papazian on behalf of Biscotti Inc.. Filing fee $ 100, receipt number 0540-6064566. (Papazian, Steve) (Entered: 12/09/2016) |
| 12/15/2016 | 129 | NOTICE by Biscotti Inc. re 125 SEALED PATENT MOTION *to Compel Production of Relevant Financial Data that Defendant Microsoft Refuses to Produce of Joint Report Regarding Meet and Confer Pursuant to Standing Order* (Jones, Michael) (Entered: 12/15/2016) |
| 12/15/2016 | 130 | MOTION to Compel *Microsoft Not to Withhold Discovery Pertaining to "Beam"* by Biscotti Inc.. (Attachments:<br># 1 Ex. 1 - Yang to Kang E-mail,<br># 2 Ex. 2 - MS_Biscotti_0561328_image,<br># 3 Text of Proposed Order)(Jones, Michael) (Entered: 12/15/2016) |
| 12/16/2016 | | NOTICE of Hearing on Motion 130 MOTION to Compel *Microsoft Not to Withhold Discovery Pertaining to "Beam"* : Motion Hearing set for 12/21/2016 09:00 AM before Magistrate Judge Roy S. Payne. (bga, ) (Entered: 12/16/2016) |

| 12/16/2016 | 131 | NOTICE of Attorney Appearance - Pro Hac Vice by Justin Singh on behalf of Biscotti Inc.. Filing fee $ 100, receipt number 0540-6076179. (Singh, Justin) (Entered: 12/16/2016) |
|---|---|---|
| 12/20/2016 | 132 | STIPULATION re 125 SEALED PATENT MOTION *to Compel Production of Relevant Financial Data that Defendant Microsoft Refuses to Produce Stipulation Resolving Motion* by Biscotti Inc.. (Jones, Michael) (Entered: 12/20/2016) |
| 12/20/2016 | 133 | STIPULATION re 130 MOTION to Compel *Microsoft Not to Withhold Discovery Pertaining to "Beam" Stipulation Resolving Motion* by Biscotti Inc.. (Jones, Michael) (Entered: 12/20/2016) |
| 12/20/2016 | | NOTICE the hearing set for December 21, 2016 is CANCELLED. (bga, ) (Entered: 12/20/2016) |
| 12/20/2016 | 134 | SEALED RESPONSE to Motion re 124 SEALED PATENT MOTION *for Leave to Supplement Rule 3-1 Infringement Contentions Under Patent LR 3-6* filed by Microsoft Corp.. (Attachments: <br># 1 Affidavit, <br># 2 Exhibit A, <br># 3 Exhibit B, <br># 4 Exhibit C, <br># 5 Exhibit D)(Cederoth, Richard) (Entered: 12/20/2016) |
| 12/21/2016 | | ORDER finding as moot 125 Sealed Patent Motion in light of 132 Notice. Signed by Magistrate Judge Roy S. Payne on 12/21/2016. (rsp1, ) (Entered: 12/21/2016) |
| 12/21/2016 | | ORDER finding as moot 130 Motion to Compel in light of 133 Notice. Signed by Magistrate Judge Roy S. Payne on 12/21/2016. (rsp1, ) (Entered: 12/21/2016) |
| 12/22/2016 | 135 | Joint MOTION to Amend/Correct *Docket Control Order* by Biscotti Inc.. (Attachments: <br># 1 Exhibit A: Proposed Fifth Amended DCO, <br># 2 Text of Proposed Order)(Jones, Michael) (Entered: 12/22/2016) |
| 12/27/2016 | 136 | ORDER granting 135 Motion to Amend the Docket Control Order. Signed by Magistrate Judge Roy S. Payne on 12/27/2016. (nkl, ) (Entered: 12/27/2016) |
| 12/27/2016 | 137 | **FILED IN ERROR PER ATTORNEY**<br><br>SEALED PATENT REPLY to Response to PATENT Motion re 124 SEALED PATENT MOTION *for Leave to Supplement Rule 3-1 Infringement Contentions Under Patent LR 3-6 filed by Biscotti Inc.*. (Attachments: <br># 1 Exhibit A: Excerpts)(Jones, Michael) Modified on 12/29/2016 (nkl, ). (Entered: 12/27/2016) |
| 12/28/2016 | 138 | NOTICE of Attorney Appearance by Michael J Bettinger on behalf of Microsoft Corp. (Bettinger, Michael) (Entered: 12/28/2016) |
| 12/29/2016 | | **\*\*\*FILED IN ERROR PER ATTORNEY. Document # 137, SEALED PATENT REPLY to Response to PATENT Motion. PLEASE IGNORE.\*\*\***<br><br>(nkl, ) (Entered: 12/29/2016) |
| 12/29/2016 | 139 | SEALED PATENT REPLY to Response to PATENT Motion re 124 SEALED PATENT MOTION *for Leave to Supplement Rule 3-1 Infringement Contentions Under Patent LR 3-6 filed by Biscotti Inc.*. (Attachments: <br># 1 Exhibit A: Excerpts)(Jones, Michael) (Entered: 12/29/2016) |
| 12/29/2016 | 140 | Additional Attachments to Main Document: 139 Sealed PATENT Reply to Response to PATENT Motion,.. (Jones, Michael) (Entered: 12/29/2016) |
| 01/04/2017 | 141 | NOTICE of Attorney Appearance - Pro Hac Vice by Amy P Lally on behalf of Microsoft |

CM/ECF LIVE - U.S. District Court:txed                                      Page 20 of 42

Case 2:13-cv-01015-JRG Document 336  Filed 04/23/18  Page 24 of 87 PageID #:  16206  (24 of 87)
Case: 18-1967    Document: 1-2    Page: 23    Filed: 04/23/2018

| | | |
|---|---|---|
| | | Corp.. Filing fee $ 100, receipt number 0540-6096069. (Lally, Amy) (Entered: 01/04/2017) |
| 01/04/2017 | [142](#) | SEALED SURREPLY to Motion re [124](#) SEALED PATENT MOTION *for Leave to Supplement Rule 3-1 Infringement Contentions Under Patent LR 3-6* filed by Microsoft Corp.. (Yang, Irene) (Entered: 01/04/2017) |
| 01/23/2017 | [143](#) | STIPULATION *(Proposed)* by Microsoft Corp.. (Robbins, Ellen) (Entered: 01/23/2017) |
| 01/24/2017 | [144](#) | NOTICE of Attorney Appearance by Robert Seth Reich, Jr on behalf of Microsoft Corp. (Reich, Robert) (Entered: 01/24/2017) |
| 01/30/2017 | [145](#) | Joint MOTION to Amend/Correct [136](#) Order on Motion to Amend/Correct *Docket Control Order* by Biscotti Inc.. (Attachments: # [1](#) Sixth Amended Docket Control Order)(Jones, Michael) (Entered: 01/30/2017) |
| 01/31/2017 | [146](#) | ORDER granting [145](#) Joint MOTION to Amend/Correct [136](#) Order on Motion to Amend/Correct *Docket Control Order. Motions due by 4/17/2017. Signed by Magistrate Judge Roy S. Payne on 1/31/2017. (ch, ) (Entered: 01/31/2017)* |
| 02/13/2017 | | NOTICE of Hearing on Motion [124](#) SEALED PATENT MOTION *for Leave to Supplement Rule 3-1 Infringement Contentions Under Patent LR 3-6* : Motion Hearing set for 2/27/2017 09:00 AM before Magistrate Judge Roy S. Payne. (bga, ) (Entered: 02/13/2017) |
| 02/22/2017 | [147](#) | NOTICE of Attorney Appearance by Harry Lee Gillam, Jr on behalf of Microsoft Corp. (Gillam, Harry) (Entered: 02/22/2017) |
| 02/24/2017 | [148](#) | Joint MOTION to Amend the Docket Control Order by Microsoft Corp.. (Attachments: # [1](#) Text of Proposed Order)(Smith, Melissa) (Entered: 02/24/2017) |
| 02/27/2017 | [149](#) | SEVENTH AMENDED DOCKET CONTROL ORDER granting [148](#) Joint MOTION to Amend the Docket Control Order filed by Microsoft Corp.., SCHEDULING ORDER: ( Pretrial Conference set for 5/8/2017 09:00 AM before Magistrate Judge Roy S. Payne., Jury Selection set for 6/5/2017 09:00AM before Judge Rodney Gilstrap., Mediation Completion due by 3/20/2017., Motions due by 4/17/2017., Proposed Pretrial Order due by 5/1/2017. Signed by Magistrate Judge Roy S. Payne on 2/27/2017. (ch, ) Modified on 5/30/2017 (jml, ). (Entered: 02/27/2017) |
| 02/27/2017 | [150](#) | ORDER granting [124](#) Sealed Patent Motion for Leave to Supplement Infringement Contentions. Signed by Magistrate Judge Roy S. Payne on 2/27/2017. (ch, ) (Entered: 02/27/2017) |
| 02/27/2017 | [151](#) | Minute Entry for proceedings held before Magistrate Judge Roy S. Payne: Motion Hearing held on 2/27/2017 re [124](#) SEALED PATENT MOTION *for Leave to Supplement Rule 3-1 Infringement Contentions Under Patent LR 3-6* filed by Biscotti Inc.. (Court Reporter Tammy Goolsby.) (bga, ) (Entered: 02/27/2017) |
| 03/03/2017 | [152](#) | Joint MOTION to Amend/Correct [149](#) Order, Terminate Motions, Scheduling Order,,, by Biscotti Inc.. (Attachments: # [1](#) Eighth Amended Docket Control Order)(Jones, Michael) (Entered: 03/03/2017) |
| 03/06/2017 | [153](#) | EIGHTH AMENDED DOCKET CONTROL ORDER granting [152](#) Joint MOTION to Amend/Correct [149](#) Order, Terminate Motions, Scheduling Order. Pretrial Conference set for 5/30/2017 09:00 AM before Magistrate Judge Roy S. Payne., Mediation Completion due by 5/1/2017., Motions due by 5/18/2017., Proposed Pretrial Order due by 5/22/2017. Signed by Magistrate Judge Roy S. Payne on 3/6/2017. (ch, ) (Entered: 03/06/2017) |
| 03/08/2017 | [154](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motion Hearing Proceedings held on 2/27/17, before Judge Payne. Court Reporter/Transcriber: Tammy Goolsby, Telephone number: 903/445-5355.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business** |

CM/ECF LIVE - U.S. District Court:txed                                    Page 21 of 42

Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 25 of 87 PageID #: 16207
Case: 18-1967    Document: 1-2    Page: 24    Filed: 04/23/2018                  (25 of 87)

| | | |
|---|---|---|
| | | **days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 4/3/2017. Redacted Transcript Deadline set for 4/13/2017. Release of Transcript Restriction set for 6/9/2017. (dlc, ) (Entered: 03/08/2017) |
| 03/10/2017 | 155 | NOTICE of Attorney Appearance - Pro Hac Vice by Simeon G Papacostas on behalf of Biscotti Inc.. Filing fee $ 100, receipt number 0540-6195444. (Papacostas, Simeon) (Entered: 03/10/2017) |
| 03/20/2017 | 156 | NOTICE of Designation of Attorney in Charge to Michael J Bettinger on behalf of Microsoft Corp. (Bettinger, Michael) (Entered: 03/20/2017) |
| 04/10/2017 | 157 | NOTICE of Attorney Appearance - Pro Hac Vice by Sharre S Lotfollahi on behalf of Biscotti Inc.. Filing fee $ 100, receipt number 0540-6240121. (Lotfollahi, Sharre) (Entered: 04/10/2017) |
| 04/11/2017 | 158 | Joint MOTION to Amend/Correct 153 Order, Terminate Motions, Scheduling Order,,, *Joint Motion to Enter Ninth Amended Docket Control Order* by Biscotti Inc.. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 04/11/2017) |
| 04/12/2017 | 159 | REPORT AND RECOMMENDATIONS re 64 SEALED MOTION *to Dismiss* filed by Biscotti Inc.. Signed by Magistrate Judge Roy S. Payne on 4/11/2017. (ch, ) (Entered: 04/12/2017) |
| 04/12/2017 | 160 | NINTH AMENDED DOCKET CONTROL ORDER granting 158 Motion to Amend/Correct Docket Control Order. Signed by Magistrate Judge Roy S. Payne on 4/12/2017. (ch, ) (Entered: 04/12/2017) |
| 04/13/2017 | 161 | REPORT of Mediation by David Folsom. Mediation result: suspended(Folsom, David) (Entered: 04/13/2017) |
| 04/19/2017 | 162 | NOTICE of Attorney Appearance - Pro Hac Vice by Eric Cheng on behalf of Biscotti Inc.. Filing fee $ 100, receipt number 0540-6255477. (Cheng, Eric) (Entered: 04/19/2017) |
| 04/19/2017 | 163 | NOTICE of Attorney Appearance - Pro Hac Vice by Joshua David Furman on behalf of Biscotti Inc.. Filing fee $ 100, receipt number 0540-6256221. (Furman, Joshua) (Entered: 04/19/2017) |
| 04/24/2017 | 164 | SEALED MOTION *to Exclude the Dhar Survey and All Testimony of Dr. Dhar* by Microsoft Corp.. (Attachments:<br># 1 Ex. A - Dhar Rpt.,<br># 2 Ex. B - Dhar Rough Tr.,<br># 3 Ex. C - Wicker Rpt.,<br># 4 Ex. D - Wicker Dep.,<br># 5 Ex. E - '182 Pat.,<br># 6 Ex. F - Perryman Rpt.,<br># 7 Ex. G - MS_Biscotti_0448158,<br># 8 Ex. H - MS_Biscotti_0733058,<br># 9 Ex. I - Dhar Data Excerpt,<br># 10 Text of Proposed Order)(Smith, Melissa) (Entered: 04/24/2017) |
| 04/24/2017 | 165 | SEALED PATENT MOTION *for Leave to Supplement Expert Report of Dr. Wicker* by Biscotti Inc.. (Attachments:<br># 1 Exhibit 1 - Supp Rpt Wicker 4.6.17, |

| | | |
|---|---|---|
| | | # 2 Exhibit 2 - Supp Rpt Wicker 3.17.17,<br># 3 Exhibit 3 - Wicker Rough Draft,<br># 4 Exhibit 4 - Wicker 2.8.17 Rpt,<br># 5 Exhibit 5 - Orchard Rpt,<br># 6 Exhibit 6 - Kang Email 1.20.17,<br># 7 Exhibit 7 - Kang Email 2.6.17,<br># 8 Exhibit 8 - Kang Email 3.17.17,<br># 9 Exhibit 9 - Kang Email 3.22.17,<br># 10 Errata 10 - Kang Email 4.3.17,<br># 11 Exhibit 11 - Reich Email,<br># 12 Text of Proposed Order)(Jones, Michael) (Entered: 04/24/2017) |
| 04/24/2017 | 166 | SEALED MOTION *to Exclude Testimony of Dr. Perryman* by Microsoft Corp..<br>(Attachments:<br># 1 Ex. A - 20170208 Perryman Report,<br># 2 Ex. B - 20170208 Dhar Report,<br># 3 Ex. C - Dhar Dr,<br># 4 Ex. D - Dhar Report App'x E,<br># 5 Ex. E - 20170417 Perryman Rough Dep Transcript,<br># 6 Ex. F - Dhar Report App'x D,<br># 7 Ex. G - 20170414 Wicker Dep Transcript,<br># 8 Text of Proposed Order)(Smith, Melissa) (Entered: 04/24/2017) |
| 04/24/2017 | 167 | SEALED PATENT MOTION *to Strike Previously Undisclosed Invalidity Theories* by<br>Biscotti Inc.. (Attachments:<br># 1 Appendix A: Def Newly Asserted Theories,<br># 2 Exhibit 1: Def Supp Obj,<br># 3 Exhibit 2: Kang Email 2.1.17,<br># 4 Exhibit 3: Orchard Rpt,<br># 5 Text of Proposed Order)(Jones, Michael) (Entered: 04/24/2017) |
| 04/24/2017 | 168 | SEALED MOTION *for Summary Judgment on Damages* by Microsoft Corp..<br>(Attachments:<br># 1 Ex. A - Expert Report of M. Ray Perryman,<br># 2 Ex. B - Deposition Transcript of S. Wicker,<br># 3 Ex. C - Biscotti's 1st Supp Initial and Add'l Disclosures,<br># 4 Text of Proposed Order)(Smith, Melissa) (Entered: 04/24/2017) |
| 04/24/2017 | 169 | SEALED PATENT MOTION *to Exclude the Testimony and Opinions of Ambreen Salters<br>Regarding HDMI Licenses* by Biscotti Inc.. (Attachments:<br># 1 Exhibit A: Salters 4.21.17 depo,<br># 2 Exhibit B: Salters Rpt,<br># 3 Exhibit C: HDMI spec,<br># 4 Exhibit D: HDMI corresp,<br># 5 Exhibit E: Orchard Rpt,<br># 6 Text of Proposed Order)(Jones, Michael) (Entered: 04/24/2017) |
| 04/24/2017 | 170 | SEALED PATENT MOTION *for Summary Judgement of Improper Incorporation by<br>Reference* by Biscotti Inc.. (Attachments:<br># 1 Exhibit 1: Orchard Rpt Ex 1,<br># 2 Exhibit 2: '164 Patent,<br># 3 Exhibit 3: Orchard Rpt,<br># 4 Exhibit 4: Spec Masters Rpt,<br># 5 Exhibit 5: Record of Oral Hrg,<br># 6 Text of Proposed Order)(Jones, Michael) (Entered: 04/24/2017) |
| 04/24/2017 | 171 | SEALED PATENT MOTION *for Summary Judgement of Estoppel of Defendant<br>Microsoft's Invalidity Art and Theories Based on Final Written Decision in Microsoft's<br>Inter Parties Review Petitions* by Biscotti Inc.. (Attachments: |

CM/ECF LIVE - U.S. District Court:txed                    Page 23 of 42

Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 27 of 87 PageID #: 16209 (27 of 87)
Case: 18-1967      Document: 1-2    Page: 26    Filed: 04/28/2018

| | | |
|---|---|---|
| | | # 1 Exhibit A: Henshaw email,<br># 2 Exhibit B: Def Supp Inv Cont,<br># 3 Exhibit C: Kang Email,<br># 4 Exhibit D: Orchard App 7,<br># 5 Exhibit E: Def Inv Cont,<br># 6 Exhibit F: Orchard App 4,<br># 7 Exhibit G: Orchard App 5,<br># 8 Exhibit H: Orchard App 2,<br># 9 Text of Proposed Order)(Jones, Michael) (Entered: 04/24/2017) |
| 04/24/2017 | 172 | SEALED MOTION *to Strike Portions of the Expert Report of Dr. Stephen B. Wicker* by Microsoft Corp.. (Attachments:<br># 1 Ex. A - Second Amended P.R. 3-1 Contentions,<br># 2 Ex. B - Biscotti's First Amended Contentions,<br># 3 Ex. C - 20140602 Scola to Biscotti Counsel re Production + Invalidity Contentions,<br># 4 Ex. D - Source Code Production,<br># 5 Ex. E - Excerpt of Wicker Report,<br># 6 Ex. F - Third Amended P.R. 3-1 Contentions Ex. 102,<br># 7 Ex. G - Nov 6 Beam Contentions,<br># 8 Text of Proposed Order)(Smith, Melissa) (Entered: 04/24/2017) |
| 04/24/2017 | 173 | SEALED MOTION *for Partial Summary Judgment of Non-Infringement* by Microsoft Corp.. (Attachments:<br># 1 Ex. A 2017-02-08 Expert Report of Stephen Wicker,<br># 2 Ex. B MS_Biscotti_1038112,<br># 3 Ex. C. MS_Biscotti_1734579,<br># 4 Ex. D 20170330 Rebuttal Report of Michael Orchard,<br># 5 Ex. E MS_Biscotti_1636832,<br># 6 Ex. F Beam _ About,<br># 7 Ex. G 2017-04-06 Supplemental Expert Report of Stephen B. Wicker,<br># 8 Text of Proposed Order)(Smith, Melissa) (Entered: 04/24/2017) |
| 04/24/2017 | 174 | SEALED PATENT MOTION *to Exclude Expert Opinions and Testimony of Dr. Michael Orchard* by Biscotti Inc.. (Attachments:<br># 1 Exhibit A: Henshaw email,<br># 2 Exhibit B: Orchard Rpt,<br># 3 Exhibit C: Orchard Depo,<br># 4 Exhibit D: Orchard App 2,<br># 5 Exhibit E: Franco Depo,<br># 6 Exhibit F: Wicker Rpt,<br># 7 Text of Proposed Order)(Jones, Michael) (Entered: 04/24/2017) |
| 04/28/2017 | 175 | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 159 Report and Recommendations, denying 64 Sealed Motion. Signed by Judge Rodney Gilstrap on 4/28/2017. (ch, ) (Entered: 04/28/2017) |
| 05/03/2017 | 176 | NOTICE of Attorney Appearance - Pro Hac Vice by Gwen Hochman Stewart on behalf of Microsoft Corp.. Filing fee $ 100, receipt number 0540-6276241. (Stewart, Gwen) (Entered: 05/03/2017) |
| 05/05/2017 | 177 | NOTICE by Microsoft Corp. *PURSUANT TO 35 U.S.C. § 282* (Bettinger, Michael) (Entered: 05/05/2017) |
| 05/05/2017 | 178 | Joint MOTION for Leave to File Excess Pages by Biscotti Inc.. (Attachments:<br># 1 Text of Proposed Order)(Jones, Michael) (Entered: 05/05/2017) |
| 05/08/2017 | 179 | SEALED RESPONSE to Motion re 170 SEALED PATENT MOTION *for Summary Judgement of Improper Incorporation by Reference* filed by Microsoft Corp.. (Attachments:<br><br># 1 Text of Proposed Order)(Smith, Melissa) (Entered: 05/08/2017) |

CM/ECF LIVE - U.S. District Court:txed                                    Page 24 of 42
Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 28 of 87 PageID #: 16210
Case: 18-1967     Document: 1-2     Page: 27     Filed: 04/23/2018     (28 of 87)

| | | |
|---|---|---|
| 05/08/2017 | 180 | SEALED RESPONSE to Motion re 169 SEALED PATENT MOTION *to Exclude the Testimony and Opinions of Ambreen Salters Regarding HDMI Licenses* filed by Microsoft Corp.. (Attachments:<br># 1 Ex. A - Perryman Rpt,<br># 2 Ex. B - Rebuttal Report of Michael Orchard,<br># 3 Ex. C - HDMI-Forum-Inc-Bylaws_Final_20111025,<br># 4 Ex. D - HDMI 10th Anniversary,<br># 5 Ex. E - HDMI Founder Announce Initiative,<br># 6 Text of Proposed Order)(Smith, Melissa) (Entered: 05/08/2017) |
| 05/08/2017 | 181 | SEALED RESPONSE to Motion re 171 SEALED PATENT MOTION *for Summary Judgement of Estoppel of Defendant Microsoft's Invalidity Art and Theories Based on Final Written Decision in Microsoft's Inter Parties Review Petitions* filed by Microsoft Corp.. (Attachments:<br># 1 Ex. A Wicker Report,<br># 2 Ex. B MS Supp. Resp. to Biscotti ROG 5,<br># 3 Text of Proposed Order)(Smith, Melissa) (Entered: 05/08/2017) |
| 05/08/2017 | 182 | SEALED RESPONSE to Motion re 165 SEALED PATENT MOTION *for Leave to Supplement Expert Report of Dr. Wicker* filed by Microsoft Corp.. (Attachments:<br># 1 Ex. A-1 - 2017-02-08 Expert Report of Stephen Wicker - Copy,<br># 2 Ex. A-2 - 2017-02-08 Expert Report of Stephen Wicker,<br># 3 Ex. B - 2017.02.27 Hearing Transcript,<br># 4 Ex. C - BSCT00340284,<br># 5 Ex. D - Gaming Withouth Boundaries,<br># 6 Ex. E - Steiner Dep. Tr,<br># 7 Ex. F - Wicker Dep. Tr.,<br># 8 Text of Proposed Order)(Smith, Melissa) (Entered: 05/08/2017) |
| 05/08/2017 | 183 | SEALED RESPONSE to Motion re 174 SEALED PATENT MOTION *to Exclude Expert Opinions and Testimony of Dr. Michael Orchard* filed by Microsoft Corp.. (Attachments:<br># 1 Ex. A - Biscotti's PR 4-1 Disclosure of Proposed Terms and Claim Elements for Construction,<br># 2 Ex. B - Expert Report of Dr. Michael T. Orchard,<br># 3 Ex. C - Rebuttal Report of Michael Orchard,<br># 4 Ex. D - Expert Report of Stephen Wicker,<br># 5 Ex. E - Wicker Depo Transcript,<br># 6 Ex. F - Orchard Depo Transcript,<br># 7 Ex. G - Franco Depo Transcript,<br># 8 Text of Proposed Order)(Smith, Melissa) (Entered: 05/08/2017) |
| 05/08/2017 | 184 | SEALED OPPOSITION RESPONSE to Motion re 168 SEALED MOTION *for Summary Judgment on Damages* filed by Biscotti Inc.. (Attachments:<br># 1 Exhibit 1: Henshaw email,<br># 2 Exhibit 2: Halvorsen email,<br># 3 Exhibit 3: Waliczek email,<br># 4 Exhibit 4: Merci email,<br># 5 Exhibit 5: Dar Rpt,<br># 6 Exhibit 6: Perryman Rpt,<br># 7 Exhibit 7: Dar - Full,<br># 8 Exhibit 8: Financial Review,<br># 9 Exhibit 9: Perryman - Full,<br># 10 Exhibit 10: XBox,<br># 11 Exhibit 11: XBox One,<br># 12 Exhibit 12: Live Subscription,<br># 13 Exhibit 13: Oct_Dec 2016,<br># 14 Exhibit 14: IEB Roadmap,<br># 15 Exhibit 15: IEB Marketing,<br># 16 Exhibit 16: Durango, |

| | | |
|---|---|---|
| | | # <u>17</u> Exhibit 17: Agenda,<br># <u>18</u> Exhibit 18: Olympia,<br># <u>19</u> Exhibit 19: XBox Beam,<br># <u>20</u> Exhibit 20: First 108 Days,<br># <u>21</u> Exhibit 21: First 67 Days,<br># <u>22</u> Exhibit 22: Spreadsheet,<br># <u>23</u> Exhibit 23: Rebuttal Rpt.<br># <u>24</u> Text of Proposed Order)(Jones, Michael) (Entered: 05/08/2017) |
| 05/08/2017 | <u>185</u> | SEALED OPPOSITION RESPONSE to Motion re <u>166</u> SEALED MOTION *to Exclude Testimony of Dr. Perryman* filed by Biscotti Inc.. (Attachments:<br># <u>1</u> Exhibit 1: Henshaw email,<br># <u>2</u> Exhibit 2: Halvoresn email,<br># <u>3</u> Exhibit 3: Waliczek email,<br># <u>4</u> Exhibit 4: Mehci email,<br># <u>5</u> Exhibit 5: Perryman Rpt,<br># <u>6</u> Exhibit 6: Dhar Rpt,<br># <u>7</u> Exhibit 7: 2.08.17 Dhar Rpt,<br># <u>8</u> Exhibit 8: Financial Review,<br># <u>9</u> Exhibit 9: Perryman - full,<br># <u>10</u> Exhibit 10: Cost of capital theory,<br># <u>11</u> Text of Proposed Order)(Jones, Michael) (Entered: 05/08/2017) |
| 05/08/2017 | <u>186</u> | SEALED OPPOSITION RESPONSE to Motion re <u>164</u> SEALED MOTION *to Exclude the Dhar Survey and All Testimony of Dr. Dhar* filed by Biscotti Inc.. (Attachments:<br># <u>1</u> Exhibit 1: Henshaw email,<br># <u>2</u> Exhibit 2: Halvorsen email,<br># <u>3</u> Exhibit 3: Walicek email,<br># <u>4</u> Exhibit 4: Mehci email,<br># <u>5</u> Exhibit 5: 2.8.17 Perryman Rpt,<br># <u>6</u> Exhibit 6: Wicker excerpts,<br># <u>7</u> Exhibit 7: Wicker opening rpt,<br># <u>8</u> Exhibit 8: '182 patent,<br># <u>9</u> Exhibit 9: Exceprts from Dhar Tr.,<br># <u>10</u> Exhibit 10: Excerpts from Perryman rpt,<br># <u>11</u> Exhibit 11: Salters Ex 4,<br># <u>12</u> Exhibit 12: Salters Ex 6,<br># <u>13</u> Exhibit 13: Salters Ex 8,<br># <u>14</u> Exhibit 14: G-G Kickoff,<br># <u>15</u> Exhibit 15: Whitten email,<br># <u>16</u> Exhibit 16: Nassisi email,<br># <u>17</u> Text of Proposed Order)(Jones, Michael) (Entered: 05/08/2017) |
| 05/08/2017 | <u>187</u> | SEALED RESPONSE to Motion re <u>167</u> SEALED PATENT MOTION *to Strike Previously Undisclosed Invalidity Theories* filed by Microsoft Corp.. (Attachments:<br># <u>1</u> Ex. A Pages from 2017-03-30 Rebuttal Expert Report of Stephen Wicker,<br># <u>2</u> Text of Proposed Order) (Smith, Melissa) (Entered: 05/08/2017) |
| 05/08/2017 | <u>188</u> | SEALED OPPOSITION RESPONSE to Motion re <u>172</u> SEALED MOTION *to Strike Portions of the Expert Report of Dr. Stephen B. Wicker* filed by Biscotti Inc.. (Attachments:<br># <u>1</u> Exhibit 1: Biscotti's 3-1,<br># <u>2</u> Exhibit 2: Biscotti's 1st Supp Inf Cont,<br># <u>3</u> Exhibit 3: Ex. 102,<br># <u>4</u> Exhibit 4: Ex. 101,<br># <u>5</u> Exhibit 5: Microsoft 2nd Supp,<br># <u>6</u> Exhibit 6: Rebuttal Rpt Orchard,<br># <u>7</u> Exhibit 7: Wicker Rpt,<br># <u>8</u> Exhibit 8: Supp Rog Resp,<br># <u>9</u> Exhibit 9: Kim Ryan, |

CM/ECF LIVE - U.S. District Court:txed                                      Page 26 of 42
Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 30 of 87 PageID #: 16212
Case: 18-1967    Document: 1-2    Page: 29    Filed: 04/28/2018    (30 of 87)

| | | |
|---|---|---|
| | | # <u>10</u> Exhibit 10: Broadcasting Policies,<br># <u>11</u> Exhibit 11: Kang Ltr,<br># <u>12</u> Exhibit 12: Ltr Twitch Source Code,<br># <u>13</u> Text of Proposed Order)(Jones, Michael) (Entered: 05/08/2017) |
| 05/08/2017 | <u>189</u> | SEALED OPPOSITION RESPONSE to Motion re <u>173</u> SEALED MOTION *for Partial Summary Judgment of Non-Infringement* filed by Biscotti Inc.. (Attachments:<br># <u>1</u> Exhibit A: Wicker Declaration,<br># <u>2</u> Exhibit B: XBox Wire,<br># <u>3</u> Exhibit C: Twich,<br># <u>4</u> Exhibit D: Communications 2013,<br># <u>5</u> Exhibit E: Wicker Excerpts Opening rpt,<br># <u>6</u> Exhibit F: Wicker excerpts supp rpt,<br># <u>7</u> Exhibit G: Broadcasting Policies,<br># <u>8</u> Exhibit H: Twitch on rise,<br># <u>9</u> Exhibit I: Capture Cards,<br># <u>10</u> Exhibit J: Excerpts Biscotti's 3rd Supp,<br># <u>11</u> Exhibit K: Excerpts Kim depo,<br># <u>12</u> Exhibit L: Game Broadcasting,<br># <u>13</u> Exhibit M: Inv Info,<br># <u>14</u> Exhibit N: Inv Info II,<br># <u>15</u> Exhibit O: Beam,<br># <u>16</u> Text of Proposed Order)(Jones, Michael) (Entered: 05/08/2017) |
| 05/11/2017 | <u>190</u> | ORDER granting <u>178</u> Motion for Leave to File Excess Pages. Signed by Magistrate Judge Roy S. Payne on 5/11/2017. (ch, ) (Entered: 05/11/2017) |
| 05/11/2017 | <u>191</u> | REPORT AND RECOMMENDATIONS re <u>171</u> SEALED PATENT MOTION *for Summary Judgement of Estoppel of Defendant Microsoft's Invalidity Art and Theories Based on Final Written Decision in Microsoft's Inter Parties Review Petitions* filed by Biscotti Inc.., <u>170</u> SEALED PATENT MOTION *for Summary Judgement of Improper Incorporation by Reference* filed by Biscotti Inc... Signed by Magistrate Judge Roy S. Payne on 5/11/2017. (ch, ) (Entered: 05/11/2017) |
| 05/11/2017 | <u>192</u> | SEALED REPLY to Response to Motion re <u>166</u> SEALED MOTION *to Exclude Testimony of Dr. Perryman* filed by Microsoft Corp.. (Cederoth, Richard) (Entered: 05/11/2017) |
| 05/11/2017 | <u>193</u> | SEALED REPLY to Response to Motion re <u>168</u> SEALED MOTION *for Summary Judgment on Damages* filed by Microsoft Corp.. (Attachments:<br># <u>1</u> Exhibit A,<br># <u>2</u> Exhibit B,<br># <u>3</u> Exhibit C,<br># <u>4</u> Exhibit D,<br># <u>5</u> Exhibit E,<br># <u>6</u> Exhibit F)(Cederoth, Richard) (Entered: 05/11/2017) |
| 05/12/2017 | <u>194</u> | SEALED REPLY to Response to Motion re <u>164</u> SEALED MOTION *to Exclude the Dhar Survey and All Testimony of Dr. Dhar* filed by Microsoft Corp.. (Attachments:<br># <u>1</u> Exhibit E,<br># <u>2</u> Exhibit F,<br># <u>3</u> Exhibit G,<br># <u>4</u> Exhibit H)(Cederoth, Richard) (Entered: 05/12/2017) |
| 05/15/2017 | <u>195</u> | SEALED REPLY to Response to Motion re <u>173</u> SEALED MOTION *for Partial Summary Judgment of Non-Infringement* filed by Microsoft Corp.. (Cederoth, Richard) (Entered: 05/15/2017) |
| 05/15/2017 | <u>196</u> | SEALED REPLY to Response to Motion re <u>172</u> SEALED MOTION *to Strike Portions of the Expert Report of Dr. Stephen B. Wicker* filed by Microsoft Corp.. (Attachments:<br># <u>1</u> Exhibit A, |

CM/ECF LIVE - U.S. District Court:txed                                                                Page 27 of 42

Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 31 of 87 PageID #: 16213
Case: 18-1967        Document: 1-2        Page: 30        Filed: 04/23/2018        (31 of 87)

| | | |
|---|---|---|
| | | # 2 Exhibit B,<br># 3 Exhibit C)(Cederoth, Richard) (Entered: 05/15/2017) |
| 05/15/2017 | 197 | SEALED PATENT SUR-REPLY to PATENT Motion re 164 SEALED MOTION *to Exclude the Dhar Survey and All Testimony of Dr. Dhar filed by Biscotti Inc.*. (Jones, Michael) Modified on 5/16/2017 (ch, ). (Entered: 05/15/2017) |
| 05/16/2017 | 198 | SEALED PATENT REPLY to Response to PATENT Motion re 169 SEALED PATENT MOTION *to Exclude the Testimony and Opinions of Ambreen Salters Regarding HDMI Licenses filed by Biscotti Inc.*. (Attachments:<br># 1 Exhibit F: Metaswitch Complaint,<br># 2 Exhibit G: Excerpts,<br># 3 Exhibit H: HDMI Forum,<br># 4 Exhibit I: HDMI Spec)(Jones, Michael) (Entered: 05/16/2017) |
| 05/16/2017 | 199 | SEALED PATENT REPLY to Response to PATENT Motion re 167 SEALED PATENT MOTION *to Strike Previously Undisclosed Invalidity Theories filed by Biscotti Inc.*. (Jones, Michael) (Entered: 05/16/2017) |
| 05/16/2017 | 200 | SEALED PATENT REPLY to Response to PATENT Motion re 165 SEALED PATENT MOTION *for Leave to Supplement Expert Report of Dr. Wicker filed by Biscotti Inc.*.<br>(Attachments:<br># 1 Exhibit 12: Kang email,<br># 2 Exhibit 13: Reich email 3.17.17,<br># 3 Exhibit 14: Reich email 3.28.17,<br># 4 Exhibit 15: Engadget,<br># 5 Exhibit 16: One Snap,<br># 6 Exhibit 17:One Creators,<br># 7 Exhibit 18: Hollis ltr,<br># 8 Exhibit 19: Weberly,<br># 9 Exhibit 20: Chipworks)(Jones, Michael) (Entered: 05/16/2017) |
| 05/16/2017 | 201 | SEALED PATENT REPLY to Response to PATENT Motion re 174 SEALED PATENT MOTION *to Exclude Expert Opinions and Testimony of Dr. Michael Orchard filed by Biscotti Inc.*. (Attachments:<br># 1 Exhibit G: Choudhry transcript)(Jones, Michael) (Entered: 05/16/2017) |
| 05/18/2017 | 202 | SEALED SURREPLY to REPLY ISO of Motion re 169 SEALED PATENT MOTION *to Exclude the Testimony and Opinions of Ambreen Salters Regarding HDMI Licenses* filed by Microsoft Corp.. (Attachments:<br># 1 Ex. F - Excerpt of Orchard Rebuttal report)(Smith, Melissa) (Entered: 05/18/2017) |
| 05/18/2017 | 203 | ORDER denying 164 Sealed Motion to Exclude the Dhar Survey and All Testimony of Dr. Dhar; granting in part and denying in part 166 Sealed Motion to Exclude Testimony of Dr. Perryman. Signed by Magistrate Judge Roy S. Payne on 5/18/2017. (nkl, ) (Entered: 05/18/2017) |
| 05/18/2017 | 204 | NOTICE by Microsoft Corp. *(Joint Notice of Certain Agreements Regarding Motions in Limine)* (Attachments:<br># 1 Order Granting Agreed Motion in Limine)(Cederoth, Richard) (Entered: 05/18/2017) |
| 05/18/2017 | 205 | SEALED MOTION *in Limine* by Microsoft Corp.. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B,<br># 3 Exhibit C,<br># 4 Exhibit D,<br># 5 Exhibit E,<br># 6 Exhibit F,<br># 7 Exhibit G,<br># 8 Exhibit H, |

| | | # 9 Exhibit I,<br># 10 Exhibit J,<br># 11 Text of Proposed Order)(Cederoth, Richard) (Entered: 05/18/2017) |
|---|---|---|
| 05/18/2017 | 206 | SEALED PATENT MOTION *IN LIMINE* by Biscotti Inc.. (Attachments:<br># 1 Exhibit Ex. 01 - U.S. 8,144,182 (BISC0951846),<br># 2 Exhibit Ex. 02 - Orchard Op'g Rpt. (Appx 2) - LifeSize,<br># 3 Exhibit Ex. 03 - Malloy Dep. Tr,<br># 4 Exhibit Ex. 04 - Orchard Dep. Tr,<br># 5 Exhibit Ex. 05 - Salters Op'g Rpt,<br># 6 Exhibit Ex. 06 - Orchard Reb. Rpt,<br># 7 Exhibit Ex. 07 - Microsoft Amended Trial Exhibit list,<br># 8 Exhibit Ex. 08 - Microsoft Rebuttal Trial Exhibit list,<br># 9 Exhibit Ex. 09 - 2014-10-30 MSFT's 2nd Supp Invalidity Contentions,<br># 10 Exhibit Ex. 10 - Web Capture Aug 2014,<br># 11 Exhibit Ex. 11 - DX-0517,<br># 12 Exhibit Ex. 12 - Orchard Op'g Rpt,<br># 13 Text of Proposed Order)(Jones, Michael) (Entered: 05/18/2017) |
| 05/19/2017 | 207 | Additional Attachments to Main Document: 206 SEALED PATENT MOTION *IN LIMINE*.. (Jones, Michael) (Entered: 05/19/2017) |
| 05/19/2017 | 208 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 168 SEALED MOTION *for Summary Judgment on Damages filed by Biscotti Inc.*. (Jones, Michael) (Entered: 05/19/2017) |
| 05/19/2017 | 209 | Additional Attachments to Main Document: 205 SEALED MOTION *in Limine*.. (Cederoth, Richard) (Entered: 05/19/2017) |
| 05/19/2017 | 210 | Additional Attachments to Main Document: 206 SEALED PATENT MOTION *IN LIMINE*.. (Jones, Michael) (Entered: 05/19/2017) |
| 05/22/2017 | 211 | SEALED RESPONSE to Motion re 206 SEALED PATENT MOTION *IN LIMINE* filed by Microsoft Corp.. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B,<br># 3 Exhibit C,<br># 4 Exhibit D,<br># 5 Exhibit E,<br># 6 Exhibit F,<br># 7 Text of Proposed Order)(Cederoth, Richard) (Entered: 05/22/2017) |
| 05/22/2017 | 212 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 172 SEALED MOTION *to Strike Portions of the Expert Report of Dr. Stephen B. Wicker filed by Biscotti Inc.*. (Attachments:<br># 1 Exhibit 14: Exhibit G,<br># 2 Exhibit 15: Godo Order,<br># 3 Exhibit 16: Exhibit N,<br># 4 Exhibit 17: Eolas Order,<br># 5 Exhibit 18: Eolas Motion,<br># 6 Exhibit 19: KI Ventures)(Jones, Michael) (Entered: 05/22/2017) |
| 05/22/2017 | 213 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 173 SEALED MOTION *for Partial Summary Judgment of Non-Infringement filed by Biscotti Inc.*. (Attachments:<br># 1 Exhibit P: Wicker Depo Transcript Excerpts)(Jones, Michael) (Entered: 05/22/2017) |
| 05/22/2017 | 214 | SEALED PATENT DOCUMENT JOINT PRETRIAL ORDER. (Attachments:<br># 1 Exhibit A: Biscotti Trial Witness and Rebuttal Witness List,<br># 2 Exhibit B: Biscotti Designations, Def Counters, Obj and Keys, |

CM/ECF LIVE - U.S. District Court:txed                                                    Page 29 of 42

Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 83 of 87 PageID #: 16215
Case: 18-1967   Document: 1-2   Page: 32   Filed: 04/23/2018   (33 of 87)

| | | |
|---|---|---|
| | | # 3 Exhibit C: Microsoft Trial Witness List and Amended Witness List,<br># 4 Exhibit D: Microsoft Designations, Plf Counters, Objections and Keys,<br># 5 Exhibit E: Biscotti Trial Exhibit List, Def Obj and Key,<br># 6 Exhibit F: Microsoft Trial Exhibit List, Plf Obj,Key,<br># 7 Exhibit G: Proposed Jury Instructions,<br># 8 Exhibit H: Proposed Verdict Form)(Jones, Michael) (Entered: 05/22/2017) |
| 05/22/2017 | 215 | SEALED PATENT DOCUMENT BISCOTTI'S RESPONSE TO MICROSOFT'S MOTIONS IN LIMINE. (Attachments:<br># 1 Exhibit 1: Rebuttal Expert Rpt Salters,<br># 2 Exhibit 2: Rebuttal Expert Rpt Orchard,<br># 3 Exhibit 3: Henshaw,<br># 4 Exhibit 4: Biscotti 188,<br># 5 Exhibit 5: PTX 863,<br># 6 Exhibit 6: Biscotti 768,<br># 7 Exhibit 7: Biscotti 264,<br># 8 Exhibit 8: Biscotti 136,<br># 9 Exhibit 9: Biscotti 145,<br># 10 Exhibit 10: Biscotti 173,<br># 11 Exhibit 11: Biscotti 188,<br># 12 Exhibit 12: Wicker Rebuttal Rpt,<br># 13 Exhibit 13: Wicker Depo,<br># 14 Exhibit 14: Biscotti 407,<br># 15 Exhibit 15: Biscotti 587,<br># 16 Exhibit 16: Biscotti 588,<br># 17 Exhibit 17: MS414,<br># 18 Exhibit 18: MS505,<br># 19 Exhibit 19: MS508,<br># 20 Exhibit 20: MS Second Supp Obj,<br># 21 Text of Proposed Order)(Jones, Michael) (Entered: 05/23/2017) |
| 05/23/2017 | 216 | Additional Attachments to Main Document: 214 Sealed Patent Document,,... (Jones, Michael) (Entered: 05/23/2017) |
| 05/23/2017 | 217 | NOTICE by Biscotti Inc. *Notice of Request for Daily Transcript and Real Time Reporting of Court Proceedings* (Jones, Michael) (Entered: 05/23/2017) |
| 05/23/2017 | 218 | NOTICE by Microsoft Corp. *Of Request for Daily Trial Transcripts and Real Time Reporting* (Cederoth, Richard) (Entered: 05/23/2017) |
| 05/23/2017 | 219 | SEALED SUR-REPLY to Reply to Response to Motion re 167 SEALED PATENT MOTION *to Strike Previously Undisclosed Invalidity Theories* filed by Microsoft Corp.. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B,<br># 3 Exhibit C)(Cederoth, Richard) (Entered: 05/23/2017) |
| 05/24/2017 | 220 | NOTICE by Microsoft Corp. *JOINT NOTICE OF CERTAIN AGREEMENTS REGARDING MOTIONS IN LIMINE* (Attachments:<br># 1 Text of Proposed Order)(Smith, Melissa) (Entered: 05/24/2017) |
| 05/24/2017 | 221 | SEALED SURREPLY to Reply to Response to Motion re 165 SEALED PATENT MOTION *for Leave to Supplement Expert Report of Dr. Wicker* filed by Microsoft Corp.. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B,<br># 3 Exhibit C,<br># 4 Exhibit D,<br># 5 Exhibit E,<br># 6 Exhibit F)(Cederoth, Richard) (Entered: 05/24/2017) |

| 05/24/2017 | 222 | MEMORANDUM OPINION AND ORDER -. Signed by Magistrate Judge Roy S. Payne on 5/24/2017. (ch, ) (Entered: 05/24/2017) |
|---|---|---|
| 05/24/2017 | 223 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 174 SEALED PATENT MOTION *to Exclude Expert Opinions and Testimony of Dr. Michael Orchard filed by Microsoft Corp..* (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B,<br># 3 Exhibit C)(Cederoth, Richard) (Entered: 05/24/2017) |
| 05/25/2017 | 224 | OBJECTION to 191 Report and Recommendations *on Biscotti's Motion for Summary Judgment of Estoppel of Microsoft's Invalidity Art and Theories Based on a Final Written Decision in Microsoft's Inter Partes Review Petitions* by Microsoft Corp.. (Smith, Melissa) (Entered: 05/25/2017) |
| 05/25/2017 | 225 | ORDER granting in part and denying in part 165 Sealed Patent Motion; granting 169 Sealed Patent Motion. Signed by Magistrate Judge Roy S. Payne on 5/25/2017. (ch, ) (Entered: 05/25/2017) |
| 05/25/2017 | 226 | Sealed Document. Microsoft's Objection to the Order of the Magistrate Judge on Microsoft's Motion to Exclude the Dhar Survey and All Testimony of Dr. Dhar (Dkt. No. 203) (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B)(Smith, Melissa) (Entered: 05/25/2017) |
| 05/25/2017 | 227 | **FILED IN ERROR PER ATTORNEY**<br>Sealed Document. Microsoft's Objection to the Order of the Magistrate Judge on Microsoft's Motion to Exclude Testimony of Dr. Perry Man (Dkt. No. 203) (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B)(Smith, Melissa) Modified on 5/26/2017 (nkl, ). (Entered: 05/25/2017) |
| 05/26/2017 | 228 | REPORT AND RECOMMENDATIONS re 173 SEALED MOTION *for Partial Summary Judgment of Non-Infringement* filed by Microsoft Corp... Signed by Magistrate Judge Roy S. Payne on 5/26/17. (ch, ) (Entered: 05/26/2017) |
| 05/26/2017 |  | ***FILED IN ERROR PER ATTORNEY. Document # 227, Sealed Document. PLEASE IGNORE.***<br><br>(nkl, ) (Entered: 05/26/2017) |
| 05/26/2017 | 229 | Sealed Document. Microsoft's Objection to the Order of the Magistrate Judge on Microsoft's Motion to Exclude Testimony of Dr. Perryman (Dkt. No. 203) (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B)(Smith, Melissa) (Entered: 05/26/2017) |
| 05/29/2017 | 230 | SEALED PATENT MOTION *for Leave to Supplement Expert Report of Dr. Wicker to Address New Claim Constructions* by Biscotti Inc.. (Attachments:<br># 1 Exhibit A: Supp Rpt of Wicker,<br># 2 Exhibit B: Reich Email,<br># 3 Text of Proposed Order)(Jones, Michael) (Entered: 05/29/2017) |
| 05/29/2017 | 231 | Emergency SEALED PATENT MOTION *to Exclude the Second Supplemental Report of Dr. Perryman* by Microsoft Corp.. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B,<br># 3 Exhibit C,<br># 4 Exhibit D,<br># 5 Text of Proposed Order)(Cederoth, Richard) (Entered: 05/29/2017) |
| 05/29/2017 | 232 | Emergency MOTION for Reconsideration re 222 Memorandum & Opinion by Microsoft |

CM/ECF LIVE - U.S. District Court:txed                    Page 31 of 42

Case 2:13-cv-01015-JRG  Document 336  Filed 04/23/18  Page 35 of 87 PageID #: 16217
Case: 18-1967   Document: 1-2   Page: 34   Filed: 04/23/2018   (35 of 87)

| | | |
|---|---|---|
| | | Corp.. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B,<br># 3 Exhibit C,<br># 4 Exhibit D,<br># 5 Text of Proposed Order)(Cederoth, Richard) (Entered: 05/29/2017) |
| 05/29/2017 | 233 | NOTICE by Biscotti Inc. re 206 SEALED PATENT MOTION *IN LIMINE CORRECTED EX. 11 TO BISCOTTI'S MOTION IN LIMINE NO. 5* (Attachments:<br># 1 Exhibit 11: Correct Ex. 11)(Jones, Michael) (Entered: 05/29/2017) |
| 05/30/2017 | 234 | NOTICE by Microsoft Corp. re 206 SEALED PATENT MOTION *IN LIMINE*, 205 SEALED MOTION *in Limine Joint Notice of Partial Agreement Regarding Biscotti's Motion in Limine No. 4 and Agreement Regarding Microsoft's Motion in Limine Nos. 3 and 6* (Attachments:<br># 1 Text of Proposed Order)(Cederoth, Richard) (Entered: 05/30/2017) |
| 05/30/2017 | 235 | ORDER granting in part and denying in part 174 Sealed Patent Motion. Signed by Magistrate Judge Roy S. Payne on 5/30/2017. (ch, ) (Entered: 05/30/2017) |
| 05/30/2017 | 236 | ORDER denying 232 Motion for Reconsideration. Signed by Magistrate Judge Roy S. Payne on 5/30/2017. (ch, ) (Entered: 05/30/2017) |
| 05/30/2017 | 237 | ORDER ON TRIAL PROCEDURES -. Signed by Magistrate Judge Roy S. Payne on 5/30/2017. (ch, ) (Entered: 05/31/2017) |
| 05/30/2017 | 238 | ORDER ON MOTION IN LIMINE. Signed by Magistrate Judge Roy S. Payne on 5/30/2017. (ch, ) (Entered: 05/31/2017) |
| 05/30/2017 | 240 | Minute Entry for proceedings held before Magistrate Judge Roy S. Payne: Initial Pretrial Conference held on 5/30/2017. (Court Reporter Tammy Goolsby.) (Attachments:<br># 1 Attorney Sign-In Sheet) (bga, ) (Entered: 05/31/2017) |
| 05/31/2017 | 239 | SEALED RESPONSE to Motion re 230 SEALED PATENT MOTION *for Leave to Supplement Expert Report of Dr. Wicker to Address New Claim Constructions* filed by Microsoft Corp.. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B)(Cederoth, Richard) (Entered: 05/31/2017) |
| 05/31/2017 | 241 | RESPONSE to 225 Order on Sealed Patent Motion, *Objection to Order of Magistrate Judge on Motion to Exclude Testimony and Opinions of Ambreen Salters Regarding HDMI Licenses filed by Microsoft Corp..* (Cederoth, Richard) (Entered: 05/31/2017) |
| 06/01/2017 | 242 | ORDER granting 230 Sealed Patent Motion; denying 231 Sealed Patent Motion. Signed by Magistrate Judge Roy S. Payne on 6/1/2017. (ch, ) (Entered: 06/01/2017) |
| 06/01/2017 | 243 | SEALED PATENT DOCUMENT BISCOTTI'S RESPONSE TO MICROSOFT'S OBJECTION 226 TO ORDER OF MAGISTRATE JUDGE ON MICROSOFT'S MOTION TO EXCLUDE THE DHAR SURVEY AND ALL TESTIMONY OF DR. DHAR 203 . (Jones, Michael) (Entered: 06/01/2017) |
| 06/01/2017 | 244 | SEALED PATENT DOCUMENT BISCOTTIS OBJECTION TO ONE ASPECT OF THE ORDEROF THEMAGISTRATE JUDGE 203 ON MICROSOFTS MOTION TO EXCLUDE TESTIMONY OFDR. PERRYMAN 166 . (Attachments:<br># 1 Exhibit 1: Perryman Report)(Jones, Michael) (Entered: 06/01/2017) |
| 06/01/2017 | 245 | SEALED PATENT DOCUMENT BISCOTTIS RESPONSE TO MICROSOFTS OBJECTION TO THE ORDER OF THE MAGISTRATE JUDGE 203 ON MICROSOFTS MOTION TO EXCLUDE TESTIMONY OF DR. PERRYMAN. (Attachments:<br># 1 Exhibit 1: Perryman Report,<br># 2 Exhibit 2: Second Supp Rpt, |

CM/ECF LIVE - U.S. District Court:txed                                                    Page 32 of 42

Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 36 of 87 PageID #: 16218
Case: 18-1967     Document: 1-2     Page: 35     Filed: 04/23/2018              (36 of 87)

| | | |
|---|---|---|
| | | # 3 Exhibit 3: May 30 Email)(Jones, Michael) (Entered: 06/01/2017) |
| 06/01/2017 | 246 | ***FILED IN ERROR PER ATTORNEY***<br><br>SEALED PATENT REPLY to Response to PATENT Motion re 165 SEALED PATENT MOTION *for Leave to Supplement Expert Report of Dr. Wicker filed by Biscotti Inc.*. (Attachments:<br># 1 Exhibit C: Orchard Rpt,<br># 2 Exhibit D: Wicker Rpt)(Jones, Michael) Modified on 6/1/2017 (ch, ). (Entered: 06/01/2017) |
| 06/01/2017 | | ***FILED IN ERROR. PER ATTORNEY Document # 246, Sealed Reply. PLEASE IGNORE.***<br><br>(ch, ) (Entered: 06/01/2017) |
| 06/01/2017 | 247 | Emergency SEALED PATENT MOTION *to Enforce Order Regarding Microsoft's Motion to Strike Portions of the Expert Reports of Dr. Stephen B. Wicker (Dkt. 222)* by Microsoft Corp.. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B,<br># 3 Exhibit C,<br># 4 Exhibit D,<br># 5 Exhibit E,<br># 6 Text of Proposed Order)(Cederoth, Richard) (Entered: 06/01/2017) |
| 06/01/2017 | 248 | Emergency SEALED PATENT MOTION *to Enforce Order Regarding Biscotti's Motion for Leave to Supplement the Report of Dr. Stephen B. Wicker (Dkt. 225)* by Microsoft Corp.. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B,<br># 3 Exhibit C,<br># 4 Text of Proposed Order)(Cederoth, Richard) (Entered: 06/01/2017) |
| 06/01/2017 | 249 | SEALED PATENT DOCUMENT PLAINTIFF BISCOTTI INC.S SEVENTH AMENDED TRIAL EXHIBIT LIST. (Jones, Michael) (Entered: 06/01/2017) |
| 06/01/2017 | 250 | SEALED PATENT DOCUMENT Microsoft's Pre-Admitted Trial Exhibit List. (Cederoth, Richard) (Entered: 06/01/2017) |
| 06/01/2017 | 251 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 248 Emergency SEALED PATENT MOTION *to Enforce Order Regarding Biscotti's Motion for Leave to Supplement the Report of Dr. Stephen B. Wicker (Dkt. 225) filed by Biscotti Inc.*. (Attachments:<br># 1 Text of Proposed Order)(Jones, Michael) (Entered: 06/01/2017) |
| 06/01/2017 | 252 | SEALED PATENT RESPONSE Microsoft's Objections to 228 Report and Recommendations *filed by Microsoft Corp.*. (Attachments:<br># 1 Exhibit A)(Cederoth, Richard) (Entered: 06/01/2017) |
| 06/01/2017 | 253 | ***FILED IN ERROR PER ATTORNEY***<br><br>SEALED PATENT RESPONSE to SEALED PATENT MOTION re 248 Emergency SEALED PATENT MOTION *to Enforce Order Regarding Biscotti's Motion for Leave to Supplement the Report of Dr. Stephen B. Wicker (Dkt. 225) filed by Biscotti Inc.*. (Attachments:<br># 1 Exhibit 1: MS.Biscotti 656,<br># 2 Exhibit 2: Reich email re meet and confer,<br># 3 Exhibit 3: Kim depo excerpts,<br># 4 Exhibit 4: Wicker report excerpts, |

CM/ECF LIVE - U.S. District Court:txed                                          Page 33 of 42

Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 87 of 87 PageID #: 16219   (97 of 87)
Case: 18-1967     Document: 1-2     Page: 96     Filed: 04/23/2018

| | | |
|---|---|---|
| | | # 5 Exhibit 5: Yang email,<br># 6 Text of Proposed Order)(Jones, Michael) Modified on 6/2/2017 (ch, ). (Entered: 06/01/2017) |
| 06/01/2017 | 254 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 247 Emergency SEALED PATENT MOTION *to Enforce Order Regarding Microsoft's Motion to Strike Portions of the Expert Reports of Dr. Stephen B. Wicker (Dkt. 222) filed by Biscotti Inc.*. (Attachments:<br># 1 Exhibit 1: MS_BIS 656,<br># 2 Exhibit 2: Reich email,<br># 3 Exhibit 3: Kim depo,<br># 4 Exhibit 4: Wicker rpt,<br># 5 Exhibit 5: Yang email,<br># 6 Text of Proposed Order)(Jones, Michael) (Entered: 06/01/2017) |
| 06/01/2017 | 258 | ORDER REGARDING EXHIBITS. Signed by Judge Rodney Gilstrap on 6/1/2017. (ch, ) (Entered: 06/02/2017) |
| 06/02/2017 | 255 | Joint MOTION Request for Resolution re 232 Emergency MOTION for Reconsideration re 222 Memorandum & Opinion by Microsoft Corp.. (Attachments:<br># 1 Exhibit A,<br># 2 Exhibit B)(Cederoth, Richard) (Additional attachment(s) added on 6/2/2017:<br># 3 Text of Proposed Order) (ch, ). (Entered: 06/02/2017) |
| 06/02/2017 | 256 | SEALED CORRECTED PATENT RESPONSE to SEALED PATENT MOTION re 247 Emergency SEALED PATENT MOTION to Enforce Order Regarding Microsoft's Motion to Strike Portions of the Expert Reports of Dr. Stephen B. Wicker (Dkt. 222) by Microsoft Corp. (Attachments:<br># 1 Exhibit 1: MS.Bisc 656,<br># 2 Exhibit 2: Reich email,<br># 3 Exhibit 3: Kim dep,<br># 4 Exhibit 4: Wicker rpt,<br># 5 Exhibit 5: Yang email,<br># 6 Exhibit 6: Reich email re meet and confer,<br># 7 Text of Proposed Order)(Jones, Michael) Modified on 6/2/2017 (ch, ). (Entered: 06/02/2017) |
| 06/02/2017 | 257 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Pretrial Conference Proceedings held on 5/30/17 before Judge Payne. Court Reporter/Transcriber: Tammy Goolsby, Telephone number: 903/445-5355.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 6/26/2017. Redacted Transcript Deadline set for 7/6/2017. Release of Transcript Restriction set for 9/4/2017. (dlc, ) (Entered: 06/02/2017) |
| 06/02/2017 | | **\*\*\*FILED IN ERROR. PER ATTORNEY Document # 253, Sealed Patent Response to Sealed Motion. PLEASE IGNORE.\*\*\***<br><br>(ch, ) (Entered: 06/02/2017) |
| 06/02/2017 | | NOTICE FROM CLERK - re 256 Sealed Patent Response to Sealed Patent Motion. was |

| | | linked to #248 and should've been linked to 247. Clerk corrected the docket (ch, ) (Entered: 06/02/2017) |
|---|---|---|
| 06/02/2017 | 259 | SEALED PATENT RESPONSE by Microsoft Corp. to 244 Sealed Patent Document Biscotti's Objection to One Aspect of the Order of the Magistrate Judge on Microsoft's Motion to Exclude Testimony of Dr. Perryman *filed by Microsoft Corp..* (Attachments: # 1 Exhibit A)(Cederoth, Richard) (Entered: 06/02/2017) |
| 06/02/2017 | 260 | ORDER re OVERRULED 244 Sealed Patent Document, OVERRULED 226 Sealed Document, GRANTED IN PART 171 SEALED PATENT MOTION *for Summary Judgement of Estoppel of Defendant Microsoft's Invalidity Art and Theories Based on Final Written Decision in Microsoft's Inter Parties Review Petitions* filed by Biscotti Inc., OVERRULED 224 Objection to Report and Recommendations, filed by Microsoft Corp., OVERRULED 121 Response to Non-Motion filed by Biscotti Inc., DENIED 173 SEALED MOTION *for Partial Summary Judgment of Non-Infringement* filed by Microsoft Corp., ADOPTED 228 Report and Recommendations OVERRULED 252 Sealed Patent Response to Non-Motion filed by Microsoft Corp., DENIED 170 SEALED PATENT MOTION *for Summary Judgement of Improper Incorporation by Reference* filed by Biscotti Inc., OVERRULED 229 Sealed Document, OVERRULED 241 Response to Non-Motion filed by Microsoft Corp., 191 Report and Recommendations,, Motions terminated: 170 SEALED PATENT MOTION *for Summary Judgement of Improper Incorporation by Reference* filed by Biscotti Inc., DENIED AS MOOT 168 SEALED MOTION *for Summary Judgment on Damages* OVERRULED 121 *Biscotti Inc Objections to Aspects of Claim Construction Order ADOPTED 190 Report and Recommendations. Signed by Judge Rodney Gilstrap on 6/2/2017.* (ch, ) (Entered: 06/02/2017) |
| 06/02/2017 | 261 | SEALED PATENT RESPONSE by Microsoft Corp. to 242 Order on Sealed Patent Motion, Objection to the Order Denying Microsoft's Emergency Motion to Exclude the Second Supplemental Report and Associated Testimony of Dr. Perryman *filed by Microsoft Corp..* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Cederoth, Richard) (Entered: 06/02/2017) |
| 06/02/2017 | 262 | ORDER - granting in part 232 Emergency MOTION for Reconsideration re 222 Memorandum & Opinion granting 255 Joint MOTION Request for Resolution denying 247 Emergency SEALED PATENT MOTION *to Enforce Order Regarding Microsoft's Motion to Strike Portions of the Expert Reports of Dr. Stephen B. Wicker (Dkt. 222)* denying 248 *Emergency SEALED PATENT MOTION to Enforce Order Regarding Biscotti's Motion for Leave to Supplement the Report of Dr. Stephen B. Wicker (Dkt. 225. Signed by Magistrate Judge Roy S. Payne on 6/2/2017.* (ch, ) (Entered: 06/02/2017) |
| 06/02/2017 | 263 | SEALED PATENT DOCUMENT BISCOTTIS OBJECTION TO THE REPORT AND RECOMMENDATION ON MICROSOFT CORPORATIONS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT 228 . (Jones, Michael) (Entered: 06/02/2017) |
| 06/04/2017 | 264 | SEALED PATENT RESPONSE by Microsoft Corp. Objections to Certain Aspects of the Order on Motions in Limine, 238 Order on Sealed Motion, Order on Sealed Patent Motion, *filed by Microsoft Corp..* (Cederoth, Richard) (Entered: 06/04/2017) |
| 06/04/2017 | 265 | RESPONSE to 263 Sealed Patent Document *Microsoft's Response to Biscotti's Objection to the Report & Recommendation on Microsoft's Motion for Partial Summary Judgment of Non-Infringement filed by Microsoft Corp..* (Cederoth, Richard) (Entered: 06/04/2017) |
| 06/05/2017 | 266 | ORDER - Microsofts Objections to the Order (Dkt. 242) Denying Microsofts Emergency Motion to Exclude the Second Supplemental Report and Associated Testimony of Dr. Perryman (Dkt. 261) are OVERRULED. Biscottis Objections to the Report And Recommendation on Microsoft Corporations Motion for Partial Summary Judgment of |

| | | Non-Infringement (Dkt. 263) are OVERRULED. Magistrate Judge Paynes Report and Recommendation on Microsoft Corporations Motion for Partial Summary Judgment of Non-Infringement (Dkt. 228) STANDS ADOPTED. See Order Adopting at Dkt. 260. Microsoft Corporations Motion for Partial Summary Judgment of Non-Infringement (Dkt. 173) STANDS DENIED. Microsofts Objections to Certain Aspects of the Order (Dkt. 238) on Motions In Limine (Dkt. No. 264) are OVERRULED. Signed by Judge Rodney Gilstrap on 6/5/2017. (ch, ) Modified on 6/5/2017 (ch, ). (Entered: 06/05/2017) |
|---|---|---|
| 06/05/2017 | 267 | ORDER TO PURCHASE JURY MEALS. Signed by Judge Rodney Gilstrap on 6/5/2017. (mrm, ) (Entered: 06/06/2017) |
| 06/05/2017 | 278 | Minute Entry for proceedings held before Judge Rodney Gilstrap: Jury Selection held on 6/5/2017, Jury Trial held on 6/5/2017. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments:<br># 1 Attorney Attendance Sheet) (jml) (Entered: 06/12/2017) |
| 06/06/2017 | 279 | Minute Entry for proceedings held before Judge Rodney Gilstrap: Jury Trial held on 6/6/2017. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments:<br># 1 Attorney Attendance Sheet) (jml) (Entered: 06/12/2017) |
| 06/07/2017 | 268 | SEALED PATENT RESPONSE - Objections to Certain Aspects of the Order by Biscotti Inc. to 238 Order on Sealed Motion, Order on Sealed Patent Motion *filed by Biscotti Inc.*. (Jones, Michael) (Entered: 06/07/2017) |
| 06/07/2017 | 280 | Minute Entry for proceedings held before Judge Rodney Gilstrap: Jury Trial held on 6/7/2017. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments:<br># 1 Attorney Attendance Sheet) (jml) (Entered: 06/12/2017) |
| 06/08/2017 | 269 | SEALED PATENT MOTION *for Judgment as a Matter of Law Pursuant to Rule 50(a)* by Biscotti Inc.. (Attachments:<br># 1 Text of Proposed Order)(Jones, Michael) (Entered: 06/08/2017) |
| 06/08/2017 | 270 | ORDER OVERRULING 268 Sealed Patent Response to Non-Motion filed by Biscotti Inc. Signed by Judge Rodney Gilstrap on 6/8/2017. (ch, ) (Entered: 06/08/2017) |
| 06/08/2017 | 271 | ORDER - Court has received Mr. Egans invoice for services from May 17, 2017 through May 19, 2017, hereby ORDERS payment to be promptly made as follows. Signed by Magistrate Judge Roy S Payne on 6/8/2017. (ch, ) Modified on 6/8/2017 (ch, ). (Entered: 06/08/2017) |
| 06/08/2017 | 281 | Minute Entry for proceedings held before Judge Rodney Gilstrap: Jury Trial held on 6/8/2017. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments:<br># 1 Attorney Attendance Sheet) (jml) (Entered: 06/12/2017) |
| 06/09/2017 | 272 | SEALED PATENT MOTION *For Judgment As A Matter Of Law That Biscotti Failed To Carry Its Burden Of Proof On Damages* by Microsoft Corp.. (Cederoth, Richard) (Additional attachment(s) added on 6/9/2017:<br># 1 Text of Proposed Order) (ch, ). (Entered: 06/09/2017) |
| 06/09/2017 | 273 | SEALED PATENT MOTION *For Judgment As A Matter Of Law That The Asserted Claims Are Invalid* by Microsoft Corp.. (Cederoth, Richard) (Additional attachment(s) added on 6/9/2017:<br># 1 Text of Proposed Order) (ch, ). (Entered: 06/09/2017) |
| 06/09/2017 | 274 | SEALED PATENT MOTION *For Judgment As A Matter Of Law That Any Infringement By Microsoft Was Not Willful* by Microsoft Corp.. (Cederoth, Richard) (Additional attachment (s) added on 6/9/2017:<br># 1 Text of Proposed Order) (ch, ). (Entered: 06/09/2017) |
| 06/09/2017 | 275 | SEALED PATENT MOTION *For Judgment As A Matter Of Law That Microsoft Does Not Infringe The Asserted Claims* by Microsoft Corp.. (Cederoth, Richard) (Additional |

CM/ECF LIVE - U.S. District Court:txed                                    Page 36 of 42

Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 40 of 87 PageID #: 16222
Case: 18-1967   Document: 1-2   Page: 39   Filed: 04/23/2018   (40 of 87)

| | | attachment(s) added on 6/9/2017:<br># 1 Text of Proposed Order) (ch, ). (Entered: 06/09/2017) |
|---|---|---|
| 06/09/2017 | 276 | JURY VERDICT. (jml) (Entered: 06/09/2017) |
| 06/09/2017 | 277 | SEALED Jury Notes. (jml) (Entered: 06/12/2017) |
| 06/09/2017 | 282 | Minute Entry for proceedings held before Judge Rodney Gilstrap: Jury Trial held and completed held on 6/9/2017. (Court Reporter Shelly Holmes, CSR-TCRR.) (Attachments: # 1 Attorney Attendance Sheet) (jml) (Entered: 06/12/2017) |
| 06/13/2017 | 283 | ORDER - that each party separately submit proposed findings of fact and conclusions of law in support of or in opposition to, as appropriate, Microsofts inequitable conduct defense. Each party shall file its respective findings of fact and conclusions of law within ten (10) days of the date of this Order. As a part thereof, but separately from their filings with the Clerk of Court, each party shall email its submissions in Word format to the Court. Signed by Judge Rodney Gilstrap on 6/13/17. (ch, ) (Entered: 06/13/2017) |
| 06/16/2017 | 284 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 6/5/17 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR-TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov).<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 7/10/2017. Redacted Transcript Deadline set for 7/20/2017. Release of Transcript Restriction set for 9/18/2017. (sholmes, ) (Entered: 06/16/2017) |
| 06/16/2017 | 285 | Sealed Transcript. (sholmes, ) (Entered: 06/16/2017) |
| 06/16/2017 | 286 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 6/5/17 (Trial Transcript - Afternoon Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR-TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov).<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 7/10/2017. Redacted Transcript Deadline set for 7/20/2017. Release of Transcript Restriction set for 9/18/2017. (sholmes, ) (Entered: 06/16/2017) |
| 06/16/2017 | 287 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 6/6/17 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR-TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov). |

CM/ECF LIVE - U.S. District Court:txed                                    Page 37 of 42

Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 41 of 87 PageID #: 16223
Case: 18-1967    Document: 1-2    Page: 40    Filed: 04/23/2018                (31 of 87)

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 7/10/2017. Redacted Transcript Deadline set for 7/20/2017. Release of Transcript Restriction set for 9/18/2017. (sholmes, ) (Entered: 06/16/2017) |
| 06/16/2017 | 288 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 6/6/17 (Trial Transcript - Afternoon Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR-TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov).<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 7/10/2017. Redacted Transcript Deadline set for 7/20/2017. Release of Transcript Restriction set for 9/18/2017. (sholmes, ) (Entered: 06/16/2017) |
| 06/16/2017 | 289 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 6/7/17 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR-TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov).<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 7/10/2017. Redacted Transcript Deadline set for 7/20/2017. Release of Transcript Restriction set for 9/18/2017. (sholmes, ) (Entered: 06/16/2017) |
| 06/16/2017 | 290 | Sealed Transcript. (sholmes, ) (Entered: 06/16/2017) |
| 06/16/2017 | 291 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 6/7/17 (Trial Transcript - Afternoon Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR-TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov).<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov** |

CM/ECF LIVE - U.S. District Court:txed                                    Page 38 of 42
Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 42 of 87 PageID #: 16224
Case: 18-1867    Document: 1-2    Page: 41    Filed: 04/23/2018    (42 of 87)

| | | |
|---|---|---|
| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 7/10/2017. Redacted Transcript Deadline set for 7/20/2017. Release of Transcript Restriction set for 9/18/2017. (sholmes, ) (Entered: 06/16/2017) |
| 06/16/2017 | [292](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 6/8/17 (Trial Transcript - Morning Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR-TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov).<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 7/10/2017. Redacted Transcript Deadline set for 7/20/2017. Release of Transcript Restriction set for 9/18/2017. (sholmes, ) (Entered: 06/16/2017) |
| 06/16/2017 | [293](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 6/8/17 (Trial Transcript - Afternoon Session) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR-TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov).<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 7/10/2017. Redacted Transcript Deadline set for 7/20/2017. Release of Transcript Restriction set for 9/18/2017. (sholmes, ) (Entered: 06/16/2017) |
| 06/16/2017 | [294](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 6/9/17 (Trial Transcript - All Day) before Judge Rodney Gilstrap. Court Reporter/Transcriber: Shelly Holmes, CSR-TCRR,Telephone number: (903) 923-7464 (Shelly_Holmes@txed.uscourts.gov).<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 7/10/2017. Redacted Transcript Deadline set for 7/20/2017. Release of Transcript Restriction set for 9/18/2017. (sholmes, ) (Entered: 06/16/2017) |

CM/ECF LIVE - U.S. District Court:txed                                    Page 39 of 42
Case 2:13-cv-01015-JRG  Document 336  Filed 04/23/18  Page 43 of 87 PageID #:  16225
Case: 18-1967     Document: 1-2     Page: 42     Filed: 04/23/2018     (43 of 87)

| 06/16/2017 | 295 | Plaintiff's Final Trial Exhibit List. (jml) (Entered: 06/16/2017) |
|---|---|---|
| 06/16/2017 | 296 | Defendant's Final Exhibit List (Public version). (jml) (Entered: 06/16/2017) |
| 06/16/2017 | 297 | Defendant's Sealed Final Exhibit List.(jml) (Entered: 06/16/2017) |
| 06/23/2017 | 298 | Unopposed MOTION to Withdraw as Attorney by Microsoft Corp.. (Attachments: # 1 Text of Proposed Order)(Cederoth, Richard) (Entered: 06/23/2017) |
| 06/23/2017 | 299 | SEALED PATENT DOCUMENT Microsoft's Proposed Findings of Fact and Conclusions of Law (Attachments: # 1 Exhibit A)(Cederoth, Richard) (Entered: 06/23/2017) |
| 06/23/2017 | 300 | SEALED PATENT DOCUMENT - Biscotti's Proposed Findings of Fact and Conclusions of Law in Opposition to Defendant Microsoft's Inequitable Conduct Defense. (Jones, Michael) (Entered: 06/23/2017) |
| 06/26/2017 | 301 | ORDER granting 298 Motion to Withdraw as Attorney. Attorney Herman F Webley terminated. Signed by Magistrate Judge Roy S. Payne on 06/26/2017. (nkl, ) (Entered: 06/26/2017) |
| 06/26/2017 | 302 | Unopposed MOTION to Amend/Correct 296 Exhibit List by Microsoft Corp.. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Cederoth, Richard) (Entered: 06/26/2017) |
| 06/28/2017 | 303 | ORDER granting 302 Motion for Entry of Corrected Admitted Trial Exhibit List. Signed by Judge Rodney Gilstrap on 6/28/2017. (ch, ) (Entered: 06/29/2017) |
| 07/06/2017 | 304 | Sealed Microsoft Corp. Corrected Admitted Trial Exhibit List (jml) (Entered: 07/06/2017) |
| 07/06/2017 | 305 | Microsoft Corporation Corrected Admitted Trial Exhibit List (REDACTED). (jml) (Entered: 07/06/2017) |
| 07/18/2017 | 306 | Unopposed MOTION to Withdraw as Attorney by Biscotti Inc.. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 07/18/2017) |
| 08/11/2017 | 307 | ORDER granting 306 Motion to Withdraw as Attorney. Attorney Elliot Hales terminated. Signed by Judge Rodney Gilstrap on 8/11/2017. (ch, ) (Entered: 08/11/2017) |
| 08/18/2017 | 308 | Unopposed MOTION to Withdraw as Attorney *Nimalka Wickramasekera and Steve Papazian* by Biscotti Inc.. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 08/18/2017) |
| 08/21/2017 | 309 | ORDER granting 308 Motion to Withdraw as Attorney. Attorney Steve Papazian and Nimalka R Wickramasekera terminated. Signed by Magistrate Judge Roy S. Payne on 8/21/2017. (nkl, ) (Entered: 08/22/2017) |
| 10/03/2017 | 311 | FINAL JUDGMENT - The Clerk is directed to CLOSE the above referenced case. However, the following motions shall remain pending before the Court: Biscottis Motion for Judgment as a Matter of Law (Dkt. No. 269), Microsoft Motion For Judgment As A Matter Of Law That Biscotti Failed To Carry Its Burden Of Proof On Damages (Dkt. No. 272), Microsofts Motion For Judgment As A Matter Of Law That The Asserted Claims Are Invalid (Dkt. No. 273), Microsofts Motion For Judgment As A Matter Of Law That Any Infringement By Microsoft Was Not Willful (Dkt. No. 274), and Microsofts Motion For Judgment As A Matter Of Law That Microsoft Does Not Infringe The Asserted Claims (Dkt. No. 275). All other relief requested by either party and not specifically addressed herein is DENIED. Signed by Judge Rodney Gilstrap on 10/3/2017. (ch, ) (Entered: 10/04/2017) |
| 10/04/2017 | 310 | FINDINGS OF FACT AND CONCLUSIONS OF LAW. Signed by Judge Rodney Gilstrap |

CM/ECF LIVE - U.S. District Court:txed                                    Page 40 of 42

Case 2:13-cv-01015-JRG Document 336 Filed 04/23/18 Page 44 of 87 PageID #: 16226
Case: 18-1967     Document: 1-2     Page: 43     Filed: 04/23/2018     (44 of 87)

| | | on 10/3/2017. (ch, ) (Entered: 10/04/2017) |
|---|---|---|
| 10/18/2017 | 312 | Joint MOTION for Extension of Time to File *Bill of Costs* by Microsoft Corp.. (Attachments:<br># 1 Text of Proposed Order)(Smith, Melissa) (Entered: 10/18/2017) |
| 10/25/2017 | 313 | ORDER granting 312 Motion for Extension of Time to File Bill of Costs. Deadline is 11/1/2017. Signed by District Judge Rodney Gilstrap on 10/24/2017. (ch, ) (Entered: 10/25/2017) |
| 10/30/2017 | 314 | Unopposed MOTION for Extension of Time to File *Post-Trial Motions* by Biscotti Inc.. (Attachments:<br># 1 Text of Proposed Order,<br># 2 Exhibit A)(Jones, Michael) (Entered: 10/30/2017) |
| 11/01/2017 | 315 | PROPOSED BILL OF COSTS filed by Microsoft Corp.. (Attachments:<br># 1 Affidavit N. Love,<br># 2 Ex A Transcript Costs,<br># 3 Ex B Printing and Copying Costs,<br># 4 Ex C Source Code Costs)(Smith, Melissa) (Entered: 11/01/2017) |
| 11/01/2017 | 316 | Additional Attachments to Main Document: 315 Proposed Bill of Costs.. (Smith, Melissa) (Entered: 11/01/2017) |
| 11/01/2017 | 317 | ***FILED IN ERROR PER ATTORNEY***<br><br>MOTION for Judgment as a Matter of Law *and New Trial* by Biscotti Inc.. (Attachments:<br># 1 Ex 1 2017-04-18 M. Orchard Deposition-Mini,<br># 2 Ex 2 Malloy, Craig 2017-01-17 - MINI,<br># 3 Ex 3 Appendix 2 - LifeSize,<br># 4 Ex 4 2017-05-11 191 Report and Recommendation re 171 and 170 ,<br># 5 Ex 5 2017-06-06 Email from G. Hochman re Disclosures-,<br># 6 Ex 6 2017-06-06 Email from G. Hochman-,<br># 7 Ex 7 2017-04-24 173 Microsoft's MSJ re Non-Infringement,<br># 8 Ex 8 2017-05-26 228 Report And Recommendations,<br># 9 Ex 9 2017-05-08 [189-01] Exhibit A - Wicker Declaration,<br># 10 Ex 10 2016-09-30 [109-1] Appx. A - Joint Claim Construction Chart,<br># 11 Text of Proposed Order)(Jones, Michael) Modified on 11/2/2017 (ch, ). (Entered: 11/01/2017) |
| 11/01/2017 | 319 | ORDER granting 314 Motion for Extension of Time to File Post-Trial Motions. Deadline is 11/8/2017. Signed by District Judge Rodney Gilstrap on 11/1/2017. (ch, ) (Entered: 11/02/2017) |
| 11/02/2017 | 318 | SEALED PATENT MOTION *for Judgement as a Matter of Law and New Trial* by Biscotti Inc.. (Attachments:<br># 1 Ex 1 2017-04-18 M. Orchard Deposition-Mini,<br># 2 Ex 2 Malloy, Craig 2017-01-17 - MINI,<br># 3 Ex 3 Appendix 2 - LifeSize,<br># 4 Ex 4 2017-05-11 191 Report and Recommendation re 171 and 170 ,<br># 5 Ex 5 2017-06-06 Email from G. Hochman re Disclosures-,<br># 6 Ex 6 2017-06-06 Email from G. Hochman-,<br># 7 Ex 7 2017-04-24 173 Microsoft's MSJ re Non-Infringement,<br># 8 Ex 8 2017-05-26 228 Report And Recommendations,<br># 9 Ex 9 2017-05-08 [189-1] Exhibit A - Wicker Declaration,<br># 10 Ex 10 2016-09-30 [109-1] Appx. A - Joint Claim Construction Chart,<br># 11 Text of Proposed Order)(Jones, Michael) (Entered: 11/02/2017) |
| 11/02/2017 | | ***FILED IN ERROR. PER ATTORNEY Document # 317, Motion for Judgment. PLEASE IGNORE.*** |

| | | |
|---|---|---|
| | | (ch, ) (Entered: 11/02/2017) |
| 11/15/2017 | 320 | Unopposed MOTION for Extension of Time to File *Reply to JMOL* by Biscotti Inc.. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 11/15/2017) |
| 11/16/2017 | 321 | ORDER granting 320 Motion for Extension of Time to File Reply to Plaintiffs Opposition to Biscottis Motion for Judgment as a Matter of Lawand New Trial. Deadline is 12/1/2017. Signed by District Judge Rodney Gilstrap on 11/16/2017. (ch, ) (Entered: 11/16/2017) |
| 11/16/2017 | 322 | SEALED PATENT RESPONSE to SEALED PATENT MOTION re 318 SEALED PATENT MOTION *for Judgment as a Matter of Law and New Trial filed by Microsoft Corp.*. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Cederoth, Richard) (Entered: 11/16/2017) |
| 12/01/2017 | 323 | ***FILED IN ERROR*** <br><br> SEALED PATENT REPLY to Response to PATENT Motion re 318 SEALED PATENT MOTION *for Judgement as a Matter of Law and New Trial filed by Biscotti Inc.*. (Jones, Michael) Modified on 12/4/2017 (ch, ). (Entered: 12/01/2017) |
| 12/01/2017 | 324 | SEALED PATENT REPLY to Response to PATENT Motion re 318 SEALED PATENT MOTION *for Judgement as a Matter of Law and New Trial filed by Biscotti Inc.*. (Jones, Michael) (Entered: 12/01/2017) |
| 12/04/2017 | | ***FILED IN ERROR. PER ATTORNEY Document # 323, Sealed Reply. PLEASE IGNORE.*** <br><br> (SEE #324 FOR CORRECT DOCUMENT)(ch, ) (Entered: 12/04/2017) |
| 12/11/2017 | 325 | Unopposed MOTION for Extension of Time to File Response/Reply as to 324 Sealed PATENT Reply to Response to PATENT Motion by Microsoft Corp.. (Attachments: # 1 Text of Proposed Order)(Cederoth, Richard) (Entered: 12/11/2017) |
| 12/12/2017 | 326 | ORDER granting 325 Motion for Extension of Time to File Response/Reply Replies due by 12/15/2017.. Signed by District Judge Rodney Gilstrap on 12/12/2017. (ch, ) (Entered: 12/12/2017) |
| 12/15/2017 | 327 | SEALED PATENT SUR-REPLY to Reply to Response to PATENT Motion re 318 SEALED PATENT MOTION *for Judgment as a Matter of Law and New Trial filed by Microsoft Corp.*. (Cederoth, Richard) (Entered: 12/15/2017) |
| 01/05/2018 | 328 | Unopposed MOTION to Withdraw as Attorney *for R. Seth Reich, Jr.* by Microsoft Corp.. (Attachments: # 1 Text of Proposed Order)(Cederoth, Richard) (Entered: 01/05/2018) |
| 01/17/2018 | 329 | NOTICE by Biscotti Inc. re 318 SEALED PATENT MOTION *for Judgement as a Matter of Law and New Trial of Supplemental Authority* (Attachments: # 1 Ex A - 12282017 Biscotti IPR Federal Circuit Decision)(Jones, Michael) (Entered: 01/17/2018) |
| 02/23/2018 | 330 | Unopposed MOTION to Withdraw as Attorney *Joshua D. Furman* by Biscotti Inc.. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 02/23/2018) |
| 02/28/2018 | 331 | ORDER granting 328 Motion to Withdraw as Attorney. Attorney Robert Seth Reich, Jr terminated. Signed by District Judge Rodney Gilstrap on 2/28/2018. (nkl, ) (Entered: 02/28/2018) |
| | | |

| 02/28/2018 | 332 | ORDER granting 330 Motion to Withdraw as Attorney. Attorney Joshua David Furman terminated. Signed by District Judge Rodney Gilstrap on 2/28/2018. (nkl, ) (Entered: 02/28/2018) |
| 03/23/2018 | 333 | MEMORANDUM OPINION AND ORDER. Signed by District Judge Rodney Gilstrap on 3/23/2018. (ch, ) (Entered: 03/23/2018) |
| 04/20/2018 | 334 | NOTICE OF APPEAL - FEDERAL CIRCUIT as to 311 Final Judgment, 333 Memorandum Opinion by Biscotti Inc. Filing fee $ 505, receipt number 0540-6748024. (Jones, Michael) Modified on 4/20/2018 (tkd, ). (Entered: 04/20/2018) |
| 04/20/2018 | | Transmission of Notice of Appeal, Judgment, Memorandum Opinion and Docket Sheet to US Court of Appeals, Federal Circuit by separate email. re 334 Notice of Appeal - FEDERAL CIRCUIT (tkd, ) (Entered: 04/20/2018) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **BISCOTTI INC.,** | |
| **Plaintiff,** | **Civil Action No. 2:13-cv-01015-JRG** |
| **v.** | **JURY TRIAL DEMANDED** |
| **MICROSOFT CORP.,** | |
| **Defendant.** | |

## <u>FINAL JUDGMENT</u>

A jury trial commenced in this case on June 5, 2017. The jury returned a unanimous verdict (Dkt. No. 276) finding the patent-in-suit not infringed and invalid. At the conclusion of the jury trial, and while the jury was deliberating, the Court held a non-jury trial to hear further evidence presented solely with respect to Defendant's defense of inequitable conduct. Concurrently herewith, the Court issues its Findings of Fact and Conclusions of Law denying such equitable defense.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury's verdict and the entirety of the record available to the Court, the Court hereby **ORDERS** and **ENTERS JUDGMENT** as follows:

1. Defendant Microsoft Corp. ("Defendant" or "Microsoft") does not infringe claims 12, 13, 23, 27, 28, 35, and 86 of U.S. Patent No. 8,144,182.

2. Claims 12, 13, 23, 27, 28, 35, and 86 of U.S. Patent No. 8,144,182 are invalid.

3. Plaintiff Biscotti did not engage in inequitable conduct as asserted by Microsoft.

4. Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, Defendant is the prevailing party, and as the prevailing party, Defendant shall recover its costs from Plaintiff. Defendant is directed to file its proposed Bill of Costs.

The Clerk is directed to **CLOSE** the above referenced case. However, the following motions shall remain pending before the Court: Biscotti's Motion for Judgment as a Matter of Law (Dkt. No. 269), Microsoft Motion For Judgment As A Matter Of Law That Biscotti Failed To Carry Its Burden Of Proof On Damages (Dkt. No. 272), Microsoft's Motion For Judgment As A Matter Of Law That The Asserted Claims Are Invalid (Dkt. No. 273), Microsoft's Motion For Judgment As A Matter Of Law That Any Infringement By Microsoft Was Not Willful (Dkt. No. 274), and Microsoft's Motion For Judgment As A Matter Of Law That Microsoft Does Not Infringe The Asserted Claims (Dkt. No. 275).  All other relief requested by either party and not specifically addressed herein is **DENIED**.

   **So ORDERED and SIGNED this 3rd day of October, 2017.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

- 2-

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| BISCOTTI INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.  2:13-CV-01015-JRG** |
| | § | |
| MICROSOFT CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Plaintiff Biscotti, Inc.'s ("Biscotti") Motion for Judgment as a Matter of Law and New Trial (the "Motion") (Dkt. No. 318).  Having considered the Motion, and for the reasons set forth herein, the Court concludes that the Motion should be and hereby is **DENIED**.

I.    <u>**Background**</u>

A.   <u>**The Asserted Patent**</u>

Biscotti accuses Microsoft Corporation ("Microsoft") of infringing claims 12, 13, 23, 27, 28, 35, and 86 (the "Asserted Claims") of U.S. Patent No. 8,144,182 (the "'182 Patent" or the "Asserted Patent").    (Dkt No. 318 at 6.)   The '182 Patent is titled "Real Time video Communications System" and it covers systems and methods for video calling. (PTX-1.)

### B. **Procedural History**

Biscotti originally filed this case on November 26, 2013, asserting infringement of several claims of the '182 Patent. (Dkt. No. 1.)

#### 1. *Inter Partes* **Review ("IPR") Proceedings**

On September 6, 2014, Microsoft filed three petitions for *inter partes* review ("IPR") challenging 53 claims of the '182 Patent, including all of the claims which had been asserted by Biscotti in its Complaint. (Dkt. No. 88 at 1; Dkt. No. 98 at 1–2.) At this point, the Parties jointly moved to stay this case pending resolution of the IPRs. (Dkt. No. 88.) The Court agreed and stayed the case. (Dkt. No. 89.)

On March 19, 2015, the Patent Trial and Appeal Board ("PTAB") instituted IPR proceedings on claims 6, 7, 12, 17–26, 28, 29, 31, 36, 37, 38, 39, 41, 42, 44, 45, 50, 52, 53, 69–71, and 74 and declined to institute on claims 1, 4–5, 8, 13–16, 27, 32–35, 40, 46, 72–73 and 82–86. (Dkt. No. 98 at 1–2.) Microsoft then filed a second round of IPR petitions challenging the claims on which the PTAB had declined to institute in the first round of IPRs. (*Id.*) The PTAB again denied institution on these claims. (*Id.* at 2.)

On March 17, 2016, the PTAB issued Final Written Decisions upholding the patentability of each challenged claim on which IPRs had been instituted. (*Id.*)

#### 2. **Subsequent District Court Litigation**

On August 22, 2016, the Court lifted the stay, set the case for trial, and referred it to Magistrate Judge Roy S. Payne for pretrial proceedings. (Dkt. No. 101.) The Parties then engaged in extensive motion practice.

The Court held a jury trial from June 5–9, 2017.  After the jury retired to deliberate and outside of their presence, the Court conducted a bench trial as to Microsoft's inequitable conduct defense.  (Dkt. No. 294 at 96:1–135:20.)

Ultimately, the jury found that Microsoft did not infringe any of the Asserted Claims. (Dkt. No. 276 at 2.)  The jury also found all of the Asserted Claims to be "anticipated or obvious." (*Id.* at 4.)  Further, the Court rejected Microsoft's inequitable conduct defense.  (Dkt. No. 310.)

### 3.  Post-Trial Motions

On October 3, 2017, the Court entered its Final Judgment in accordance with the jury's verdict.  (Dkt. No. 311.)  Biscotti then timely filed the instant Motion seeking either entry of judgment as a matter of law to obviate the jury's verdict or, alternatively, granting a new trial. (Dkt. No. 318.)

## II.  Legal Standard

After a jury trial on the merits, a party may file a motion for judgment as a matter of law or in the alternative for a new trial.  Fed. R. Civ. P. 50(b).

### A.  Judgment as a Matter of Law

"A motion for judgment as a matter of law [under Rule 50(b)] is a challenge to the legal sufficiency of the evidence supporting the jury's verdict."  *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 276 F. Supp. 3d 629, 643 (E.D. Tex. 2017) ("UroPep") (Bryson, J., sitting by designation).  Entry of judgment as a matter of law is therefore only appropriate when "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did."  *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005); *see also Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 498 (5th Cir. 2012) ("A district court *must* deny a motion for judgment as a matter of law unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that

reasonable jurors could not reach a contrary conclusion." (emphasis added, internal quotation marks removed)).[1]

"In evaluating a motion for judgment as a matter of law, a court must 'draw all reasonable inferences in the light most favorable to the verdict.'" *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-00744-JRG, 2017 WL 3704760, at *2 (E.D. Tex. Aug. 28, 2017) (quoting *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 451 (5th Cir. 2013)). Courts must also avoid the temptation of revisiting credibility determinations or reweighing evidence. *Id.* Such determinations are, appropriately, left to the jury. *Montano v. Orange Cty., Texas*, 842 F.3d 865, 874 (5th Cir. 2016) ("[I]t is for the jury alone to judge the credibility of witnesses and weigh the evidence.").

### B. Motion for a New Trial

A motion for a new trial under Rule 50(b) is essentially an invocation of Rule 59, which provides that a new trial may be granted on all or part of the issues on which there has been a trial by jury for "any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). Notwithstanding the broad sweep of Rule 59, "courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Metaswitch*, No. 2:14-CV-00744-JRG, 2017 WL 3704760, at *2; *UroPep*, 276 F. Supp. 3d at 643. "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773

---

[1] *See also Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1332 (Fed. Cir. 2008) ("The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie.").

F.2d 610, 612–13 (5th Cir. 1985); *see also Laxton v. Gap Inc.*, 333 F.3d 572, 586 (5th Cir. 2003) ("A new trial is warranted if the evidence is against the great, and not merely the greater, weight of the evidence.").[2]

## III.  Discussion

### A.  Infringement

At trial, Microsoft raised three non-infringement arguments.  Biscotti now moves for judgment as a matter of law on the basis that no reasonable jury could have credited these non-infringement theories.

#### 1.  Instructions for controlling

Claim 6, from which all the Asserted Claims depend, recites a "first video communication device" including "a storage medium . . . having encoded thereon a set of instructions executable by the at least one processor." (PTX-1 at 32:62–33:25.)  These "instructions" further comprise "instructions for controlling the video capture device to capture a captured video stream" and "instructions for controlling the audio capture device to capture a captured audio stream."  (*Id.*)

At trial, Microsoft argued that it did not infringe the '182 Patent in part because the "at least one processor" and "storage medium" located on the Xbox One[3] do not contain instructions for controlling the audio and video capture devices located on the Kinect. (*See, e.g.,* Dkt. No. 288, 6/6/17 P.M. Trial Tr. at 17:6–18:25; Dkt. No. 294, 6/9/17 Trial Tr. at 71:1–75:22.)  Instead, Microsoft argued that the instructions for controlling the audio and video capture devices on the Kinect were located on the Kinect's own processor.  (*Id.*)

---

[2] *See also Z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1347 (Fed. Cir. 2007) (regional circuit law controls the decision to grant a new trial under Rule 50(b) and Rule 59).

[3] Specifically, Biscotti pointed to the CPU and GPU of the Xbox One as "the at least one processor" and the hard drive/flash memory of the Xbox One as the "storage medium."  (Dkt. No. 287, 6/6/17 A.M. Trial Tr. at 54:3–11, 68:3–9, 69:15–24.)

Biscotti now argues that no reasonable jury could have found for Microsoft on infringement because the Xbox One processor *does* include instructions for controlling the audio and video capture devices in the Kinect. In particular, Biscotti relies on several statements by Microsoft's witnesses that the Xbox One sends instructions to the Kinect Sensor that cause the Kinect to start and stop recording. (Dkt. No. 318 at 24–25.) Biscotti maintains that Microsoft "never denied the existence of these instructions or explained why they do not [satisfy] the claims." (*Id.* at 25.)

Microsoft responds by pointing to the testimony of Plaintiff's infringement expert, Dr. Wicker, who explained at trial that "the Kinect device . . . actually do[es] the video capture." (Dkt. No. 287, 6/6/17 A.M. Trial Tr. at 74:6–13.) According to Microsoft, the jury could have reasonably concluded based on this testimony that the instructions on the Xbox One signaling the Kinect's audio and video capture devices to turn on/off are neither "instructions for controlling the video capture device to capture a captured video stream" nor "instructions for controlling the audio capture device to capture a captured audio stream." (Dkt. No. 322 at 6–7.)

Whether the instructions on the Xbox One actually control audio and video recording by the Kinect was a factual dispute the jury resolved in favor of Microsoft. To overcome this, Biscotti needs to demonstrate that the way the jury resolved this dispute was unreasonable. It has not. Biscotti's own expert admitted the instructions that "actually" control audio and video capture by the Kinect are found in the Kinect and not, as Biscotti argued, in the Xbox One. (Dkt. No. 287, 6/6/17 A.M. Trial Tr. at 74:6–13.) Based upon that alone, a reasonable jury could have concluded that "the at least one processor" and "storage medium" identified by Biscotti do not include "instructions for controlling the video capture device to capture a captured video stream" or "instructions for controlling the audio capture device to capture a captured audio stream."

Biscotti attempts to sidestep the jury's verdict by raising, for the first time, a new claim construction dispute regarding the meaning of "instructions for controlling." However, "[i]t is too late at the JMOL stage to argue for or adopt a new and more detailed interpretation of the claim language and test the jury verdict by that new and more detailed interpretation." *Wi-Lan, Inc. v. Apple, Inc.*, 811 F.3d 455, 465 (Fed. Cir. 2016) (internal brackets removed). Given that neither party sought more specific constructions for these limitations, the question now is whether the plain and ordinary meaning, combined with the evidence, supports a finding of non-infringement. *Id.* (reversing a district court for providing new post-trial constructions in ruling on a JMOL and concluding that "[w]hen tested by the [original] construction the court provided, it was reasonable for the jury to conclude that the 'first computing means' need not include the complex multiplier"). In this case, it does. For example, the jury could have concluded that merely providing instructions to turn the Kinect's audio/video capture devices on and off is not equivalent to "controlling the video capture device *to capture a captured video stream*" or "controlling the audio capture device *to capture a captured audio stream*" as required by Claim 6. (PTX-1 at 32:62–33:25 (emphasis added).)

Biscotti also argues that even if the processor on the Xbox One does not include the required instructions for controlling the audio/video capture devices on the Kinect, this is irrelevant because the Xbox One and Kinect are part of the same "video communication device." (Dkt. No. 318 at 24–26.) According to Biscotti, the Kinect processor, the Xbox One processor, and the Kinect's audio/video capture devices taken together still infringe. (*Id.*)

In response, Microsoft argues that even if the Xbox One and Kinect are part of the same "video communication device," Claim 6 of the '182 Patent still "requires that a set of instructions

7

for various capabilities all be stored on *one* storage medium and executed by *one* processor."
(Dkt. No. 322 at 8.)

Biscotti replies that Claim 6 does not require a single processor or a single storage medium.
(Dkt. No. 324 at 9–10.)     In particular, Biscotti argues that "[t]he ['182] patent explicitly
contemplates embodiments with multiple processors and memories."  (*Id.* at 10.)  Thus, Biscotti
accuses Microsoft of seeking an untimely and unsupportable construction of the '182 Patent.  (*Id.*)
Of course, Microsoft in turn accuses Biscotti of seeking the same thing.  (Dkt. No. 322 at 8.)

Given that neither party sought a construction of "a storage medium" or "the at least one
processor" before trial, the Court will not provide a new construction now.  *Wi-Lan*, 811 F.3d at
465.  Instead, the Court considers whether a reasonable jury could have found no infringement
based on the evidence presented at trial and the claims themselves.  At trial, Biscotti's expert, Dr.
Wicker, testified that the "at least one processor" and "storage medium" limitations were satisfied
by a particular processor and a particular storage medium in the Xbox One, not a combination of
various processors and storage mediums.  (Dkt. No. 287, 6/6/17 A.M. Trial Tr. at 54:3–11, 68:3–
9, 69:15–24.)  A reasonable jury could have therefore concluded that to find infringement the
instructions had to be contained on the processor and the storage medium about which Dr. Wicker
testified.  This conclusion is consistent with the claims, which refer, as Dr. Wicker did, to a
particular storage medium and a particular processor rather than various processors and storage
mediums in separate computer systems.[4]  This conclusion is also consistent with the evidence, as
explained above.

---

[4] Biscotti has also previously made representations that are consistent with how Dr. Wicker testified at trial.  As an
example, during the intervening IPRs in this case, Biscotti expressly distinguished a prior art reference because the
reference "disclose[d] that only a 'subset' of the instructions may be encoded on a given memory medium . . . and that
separate computer systems with separate memory media can provide instructions to each other."  *Microsoft Corp. v.
Biscotti Inc.*, IPR2014-01457, Paper 25 at 21 (PTAB June 9, 2015).  This statement, combined with testimony from
Dr. Orchard that the Xbox One and Kinect have separate processors with separate instructions written in different
languages, further supports the jury's verdict.  *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359–61 (Fed.

## 2.  Instructions for encoding the captured video stream

The Asserted Claims also require the storage medium to include, and the "at least one processor" to be able to execute, "instructions for encoding the captured video stream and the captured audio stream to produce a series of data packets."  (PTX-1 at 33:15–17.)

At trial, Microsoft argued that the processor on the Xbox One did not satisfy this limitation because it does not encode the video stream actually captured by the Kinect.  (Dkt. No. 322 at 9.) According to Dr. Orchard, Microsoft's expert, the original video stream captured by the Kinect is altered by the Kinect before it is encoded by the XboxOne.  (Dkt. No. 288, 6/7/17 P.M. Trial Tr. at 119:13–120:4.)  At this point, the newly encoded video is not the same as the original captured video.  (*Id.* at 128:21–132:20 ("[Y]ou would not say – you cannot say that you are encoding the captured video stream . . . ."); Dkt. No. 322 at 9 ("[T]he 'captured video stream' obtained by the Kinect camera is *not* the video stream (or even the same content) that the Xbox One console receives . . . [a]ny *subsequent* encoding by the Xbox One itself therefore is not 'encoding the captured video stream.'").)

Biscotti argues that nothing in the language of Claim 6 requires the "captured video stream" to not have been previously processed when it is encoded by the "at least one processor."  (Dkt. No. 318 at 27–28.)  Biscotti further argues that Claim 6 cannot include such a requirement because Claim 50, which depends from Claim 6, recites "wherein the instructions for encoding the captured video stream comprise instructions for processing the captured video stream prior to encoding the captured video stream."  (*Id.*)  According to Biscotti, this means that Claim 6 is still infringed even

---

Cir. 2017) (cautioning against allowing patent owners to "argue[] one way in order to maintain their patentability and in a different way against accused infringers"); *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1324–25 (Fed. Cir. 2011) (finding no error where claim construction relied on arguments made during reexamination to avoid prior art).

if the raw video captured by the Kinect is encoded or processed before it is subsequently encoded by the Xbox One processor.  (*Id.*)

Microsoft responds that Biscotti's argument improperly raises a claim construction dispute, for the first time, regarding what "captured video stream" encompasses.  (Dkt. No. 322 at 10–11.) As to Claim 50, Microsoft responds that Claim 50 is irrelevant because the processing prior to encoding mentioned in Claim 50 is part of the same set of instructions on the same processor that does the encoding.  (*Id.*)  By contrast, according to Microsoft, the prior encoding and subsequent encoding in the Xbox One and Kinect happen on separate processors and as part of separate sets of instructions.  (*Id.*)

As with several other issues in this case, the dispute here turns, at least in part, on competing constructions for a term that neither party sought to have construed prior to trial.  The Court therefore considers whether the plain and ordinary meaning, combined with the evidence, supports a finding of non-infringement. *Wi-Lan*, 811 F.3d at 465.  It does.  Claim 6 requires the instructions on the storage medium to relate to "encoding the captured video stream."  (PTX-1 at 33:18–19.) Dr. Wicker acknowledged that because of the encoding that takes place on the Kinect, the video stream that is captured by the Kinect is not the same as the video stream encoded by the Xbox One.  (Dkt. No. 288, 6/6/17 P.M. Trial Tr. at 43:1–7 ("Q. But the trade-off in an MJPEG is when you compress it down, it's small, but when you go to open it back up, it's not going to be the same thing because you've lost certain of your pixels; is that fair? A. Yes. When you – by allowing for a little loss, you can compress a lot more. And what you get back is slightly different. That's the price you pay.").)  From this testimony, and the evidence generally, a reasonable jury could have concluded that the Xbox One processor does not include instructions for encoding "the captured video stream" that is captured by the Kinect.  Moreover, even if "the captured video stream" refers

10

to a previously encoded or processed stream, a reasonable jury could have concluded that the extent of processing in this case means that the two streams are not the same, as Dr. Wicker admitted, or even sufficiently similar.[5]

### 3. Instructions for transmitting

The Asserted Claims require the storage medium to include, and the "at least one processor" to be able to execute, "instructions for transmitting the series of data packets . . . for reception by a second video communication device."  (PTX-1 at 33:24–26.)

Prior to trial, but after the claim construction phase of this case, the Parties disputed whether the "instructions for transmitting" limitation meant that the data packets transmitted by the first communication device needed to include some specific reference to a second communication device.  (Dkt. No. 228 at 9–11.)  Biscotti argued that a specific reference was not necessary and that the claims could be infringed so long as the first communication device sent data that ended up on the second communication device.  (*Id.* at 10.)  By contrast, Microsoft argued that the instructions must reference a specific second communication device.  (*Id.* at 9–10.) Ultimately, the Court agreed with Microsoft, at least in part, by construing the "instructions for transmitting" limitation to require "some reference to a second video communication device."  (*Id.* at 11; *see also* Dkt. No. 260.)

At trial, Microsoft argued that, at least with respect to Twitch and Beam,[6] the Xbox One does not include "instructions for transmitting . . . for reception by a second video communication device."  (Dkt. No. 322 at 12.)  Instead, the Xbox One transmits packets to external servers,

---

[5] Microsoft argues that Biscotti waived any challenge to the jury's finding of non-infringement as to the encoding step because it was not raised in sufficient detail in Biscotti's Rule 50(a) motion.  The Court disagrees, but finds the argument itself unavailing.

[6] Twitch and Beam are third-party video streaming applications that can be used on an Xbox One.  (*See also* Dkt. No. 228 at 2–3 (providing an overview).)

managed by Twitch and Beam, rather than a second video communication device. (*Id.*) According to Microsoft, it is the servers maintained by Twitch and Beam, not the Xbox One, that include the instructions for transmitting to the receiving second video communication device. (*Id.*) In particular, Microsoft focused on the fact that the data packets sent from the Xbox One are subsequently modified by Twitch and Beam servers, which add a new IP address (for the receiving second video communication device) along with other modifications to optimize for streaming to different device types, connection types, etc. (*Id.* at 12–15.)

In its Motion, Biscotti argues that Microsoft's non-infringement positions are premised on a flawed reading of the relevant "instructions for transmitting" limitation. In particular, Biscotti argues that the '182 Patent specifically describes how transmitting from a first video communication device to a second may involve intermediate servers. (Dkt. No. 324 at 13–14.) According to Biscotti, sending data packets to an intermediate server which then relays the packets to a final destination must be covered by Claim 6 even if some alterations are made to the underlying packets. (*Id.*) Biscotti maintains that Microsoft's "the packets are different" argument is flawed because it reads in a requirement that the data packets transmitted from the first communication device cannot be altered before they arrive at the second video communication device. (*Id.* at 13–14.) In addressing the requirement that the "instructions for transmitting" reference the receiving video communication device or devices, Biscotti points to the testimony of Dr. Wicker regarding the "channel ID" and "stream key" variables, which Dr. Wicker said refer to the receiving device or devices and therefore satisfy the limitation. (*Id.* at 14–15.)

In response, Microsoft argues that the trial testimony did not indisputably establish that the data packets sent by the Xbox One include "some reference" to the receiving device or devices. (Dkt. No. 327 at 7 ("Dr. Wicker never explained what the data.stream_key actually is, or how it

accomplishes anything, let alone ensuring that data packets reach particular viewers.").) Microsoft also argues that Biscotti is attempting to raise a claim construction dispute, for the first time, by arguing that the "data packets" sent from the first communication device to the second may be altered, even substantially, along the way. (*Id.* at 8–9.)

The Court agrees with Microsoft. Although Dr. Wicker presented evidence that the data packets sent from the Xbox One include information relating to "everybody who's listening," (Dkt. No. 324), a reasonable jury could have concluded that this information does not actually reference a second video communication device as required by the Court's construction. Indeed, the evidence shows that this information is included in the transmitted packets even if nobody is viewing a transmitted stream, *i.e.* even if there is no second video communication device receiving anything. (Dkt. No. 288, 6/6/17 P.M. Trial Tr. at 68:17–69:8.) A reasonable jury could have concluded, based on this testimony and the rest of the evidence, that the data packets transmitted from the Xbox One to the Twitch and Beam servers do not include instructions that reference a second communication device simply because they include information about "channel ID" and "stream ID." Likewise, a reasonable jury could have concluded that the data packets transmitted from the Xbox One are not the same as the data packets transmitted to the second video communication device because the Twitch and Beam servers make substantive modifications to the data being transmitted.[7] (Dkt. No. 327 at 8.) The Xbox One processor would therefore not include the necessary "instructions for transmitting" because, at most, the processor includes instructions for transmitting packets to the Twitch and Beam servers, which in turn transmit

---

[7] Biscotti's argument that the packets can be substantially altered at the intermediate server and still infringe is essentially an infringement argument masquerading as a claim construction argument. The Parties argued extensively about how to properly construe "instructions for transmitting." At no point during this process did Biscotti seek a construction like the one it now argues (for the first time) compels a finding of infringement.

different packets to the receiving communication device or devices. This conclusion is supported by the plain and ordinary meaning of the claim language and the evidence in this case.[8]

## B. Invalidity

At trial, Microsoft argued that the Asserted Claims were anticipated and/or obvious in light of the LifeSize Express device. In its Motion, Biscotti argues that the LifeSize Express is not prior art, that it does not anticipate the '182 Patent, and that it does not render Claim 12 of the '182 Patent obvious.

### 1. Whether the LifeSize Express was prior art

Biscotti argues that it is entitled to judgment as a matter of law, or at least a new trial, because "[t]he record is devoid of any evidence or testimony that the version of the LifeSize Express source code that Dr. Orchard presented was present on LifeSize Express devices in 2007." (Dkt. No. 318 at 34.)

Microsoft responds by arguing that the record clearly establishes that the LifeSize Express was prior art and the source code discussed by Dr. Orchard was available on these prior art devices. (Dkt. No. 322 at 29–30.) Microsoft also argues that Biscotti waived this argument because it was not raised in Biscotti's Rule 50(a) Motion. (*Id.*)

The Court agrees with Microsoft that Biscotti waived this argument by not raising it in a Rule 50(a) motion. The LifeSize Express and the source code discussed at trial were produced in discovery. (Dkt. No. 327 at 19.) The source code was then relied on by Dr. Orchard, among others. (*See, e.g.,* Dkt. No. 174.) The source code was also discussed extensively at the pretrial conference. Both sides even discussed the fact that the source code was "from 2007" without

---

[8] Microsoft also argues that Biscotti waived any challenge to the jury's finding of non-infringement as to the "instructions for transmitting" limitation because this argument was not raised in sufficient detail in Biscotti's Rule 50(a) motion. Again, the Court disagrees, but is unmoved by Biscotti's argument.

Biscotti ever raising an objection. (Dkt. No. 257, Hearing Tr. at 45:16–46:11, 66:5–11.) The source code was further discussed at trial, with both experts acknowledging that they had reviewed and relied on it. (Dkt. No. 290, 6/7/17 Sealed Trial Tr. at 21:20–22:4; Dkt. No. 291, 6/7/17 P.M. Trial Tr. at 54:18–19.) At no point in this process did Biscotti object or argue that the source code was not prior art. Biscotti also did not raise this argument in its Rule 50(a) Motion. (Dkt. No. 269.) Such a failure is fatal. *Morante v. Am. Gen. Fin. Ctr.*, 157 F.3d 1006, 1010 (5th Cir. 1998) ("It is well-settled in this circuit that a motion for judgment as a matter of law filed post-verdict cannot assert a ground that was not included in the motion for judgment as a matter of law made at the close of the evidence.").

However, even if Biscotti's argument had been properly raised, the record provides a sufficient basis from which a reasonable jury could conclude that the LifeSize Express was on sale and publicly available prior to 2008. (Dkt. No. 322 at 29–31.) The record also provides sufficient evidence for the conclusion that the LifeSize Express devices on sale or publicly available prior to 2008 included the anticipating and obviating features discussed by Dr. Orchard and exemplified by the source code he discussed. (*See, e.g.,* DX-0660 (an actual LifeSize Express device, available prior to 2008); DX-59 (presentation on development of LifeSize Express, dated prior to 2008); DX-60 (press release describing features of LifeSize Express, dated 2008); DX-67 (LifeSize Express source code, dated prior to 2008); DX-90 (LifeSize User Manual describing features, dated prior to 2008); Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 118:17–119:4, 133:2–134:16, 148:11–149:12; Dkt. No. 294, 6/9/17 Trial Tr. at 4:5–23.) On this record, the Court concludes that it would have been reasonable for a jury to view the LifeSize Express or the related source code discussed at trial as a prior art reference.

## 2. **Obviousness**

Question 3 in the verdict form asked the jury to determine, for each asserted claim, whether the relevant claim was "invalid as anticipated *or* obvious." (Dkt. No. 276 (emphasis added); *see also* Dkt. No. 293, 6/8/17 P.M. Trial Tr. at 45:19–46:5 (Biscotti raising no objection to the wording of Question 3).) Accordingly, the jury's invalidity determination could have rested solely on a finding of obviousness. *Therasense, Inc. v. Becton, Dickinson & Co.*, 593 F.3d 1325, 1337 (Fed. Cir. 2010) (concluding that "[t]he erroneous jury instruction on the law of anticipation" did not upend a verdict of invalidity based on "'anticipation or obviousness'" because the jury could have found the patents obvious).

However, in its Motion, Biscotti focuses on attacking the jury's invalidity determination on anticipation grounds. For example, in addressing Claim 6, Biscotti emphasizes that Mr. Malloy's testimony was inadequate as a matter of law because "[t]estimony concerning anticipation must be testimony from one skilled in the art and must identify each claim element." (Dkt. No. 318 at 34–35.) Further, Biscotti addresses its validity arguments as to claims 27, 28, and 35 by arguing that Microsoft "Provided No Evidence of Anticipation." (*Id.* at 35.) Otherwise, except as to Claim 12, Biscotti makes no reference to whether the jury had a reasonable basis to find a motivation to combine elements in the prior art or other aspects of the obviousness analysis.

By contrast, but only with respect to Claim 12, Biscotti directly challenged the jury's implied *obviousness* finding. (*Id.* at 44 ("Microsoft also failed to adduce evidence to support a finding of obviousness of claim 12 by the LifeSize Express system in combination with 'a Linksys hub' or wireless router.").) Biscotti also argued that Microsoft did not provide sufficient evidence of a motivation to combine with respect to Claim 12. (*Id.*)

16

Against this backdrop, Microsoft argues that "Biscotti has waived any argument that no reasonable jury could find the asserted claims obvious, and the invalidity verdict as to all claims other than claim 12 should stand on that basis alone." (Dkt. No. 322 at 32.)

Biscotti maintains that its Motion did challenge the jury's obvious finding. (Dkt. No. 324 at 15 (citing Dkt. No. 318 at 33).) However, quite puzzlingly, the only page of its Rule 50(b) Motion that Biscotti cites to support this point does not mention obviousness. (Dkt. No. 318 at 33.) Biscotti also argues that regardless of whether they addressed obviousness in their Motion, obviousness was raised in its Rule 50(a) motion. (Dkt. No. 324 at 15 (citing Biscotti's arguments on Rule 50(a) motions).) As Microsoft points out, however, this is irrelevant. *See, e.g., Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006) (failure to raise issue on Rule 50(b) motion is fatal even if issue was properly raised in a Rule 50(a) motion).

Accordingly, the Court will only address whether an obviousness finding as to Claim 12 is reasonable.[9] To the extent Biscotti has properly raised any other obviousness challenge, it has done so on grounds that mirror arguments the Court rejects below with respect to anticipation.

As to Claim 12, Biscotti argues that the LifeSize Express lacked a wireless local area network interface because it could only achieve wireless functionality by being plugged into a wireless router. (Dkt. No. 318 at 44.) Biscotti also maintains that "Dr. Orchard's conclusory opinion that it would have been obvious to plug a LifeSize Express into a wireless router, even if accepted, would not satisfy the limitations of claim 12, which, as discussed above, requires that the video communication device itself include a 'network interface.'" (*Id.* at 44.)

Microsoft responds that the jury could have invalidated Claim 12 based on the fact, supported by Dr. Orchard's testimony among other things, that "[o]ne of skill in the art would

---

[9] The Court also addresses whether an anticipation finding as to Claim 12 is reasonable below.

know that a wired network interface could be replaced by or supplemented with a wireless network interface." (Dkt. No. 322 at 31–32.) Microsoft also points to evidence in the record showing that LifeSize considered adding built-in wireless functionality to the LifeSize Express. (*Id.* at 32.) According to Microsoft, this is direct evidence of a motivation to combine "known wireless technologies with the LifeSize Express," which supports an obviousness finding. (*Id.*)

Ultimately, the Court concludes that a finding of obviousness is reasonable and supported by the record. LifeSize considered adding a built-in wireless interface to the LifeSize Express. While LifeSize ultimately decided against adding this functionality, the jury heard testimony that this was not because adding a build-in wireless network interface was not technically feasible. (Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 150:15–18 ("Q. Now, did the LifeSize Express have wireless? A. We did not implement wireless in the LifeSize Express. That was the – a design choice that could have been done, however."). A reasonable jury could have concluded from this evidence, in addition to other testimony, (*see, e.g., id.* at 150:15–151:1; Dkt. No. 292, 6/8/17 A.M. Trial Tr. at 58:19–59:2), that to the extent the LifeSize Express did not include a built-in wireless network interface, substituting a built-in wireless network interface for the Ethernet port on the LifeSize Express was technically feasible and obvious. *See, e.g., In re Mouttet*, 686 F.3d 1322, 1332 (Fed. Cir. 2012) ("It is well-established that a determination of obviousness based on teachings from multiple references does not require an actual, physical substitution of elements."). A reasonable jury also could have concluded that the ability to connect a LifeSize Express to a wireless router rendered obvious a limitation that merely covered taking this functionality and putting it into the device itself, something LifeSize explicitly thought about doing. *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1240 (Fed. Cir. 2010) ("[T]he ultimate inference as to the existence of a motivation to combine references may boil down to a question of 'common sense' . . . .").

18

3. **Anticipation**

    a. **Claim 6**

Claim 6 was neither asserted nor directly addressed by the jury. However, all of the Asserted Claims depend from Claim 6. Biscotti therefore challenges the jury's implicit finding that Claim 6 was anticipated by the LifeSize Express.

Claim 6 recites, among other things, a video communication device comprising "a video input interface to receive video input from a set-top box" and "an audio input interface to receive audio input from a set-top box." (PTX-1 at 32:62–67.)

Biscotti argues that Microsoft's evidence that the LifeSize Express satisfied these limitations was either conclusory, "wholly uncorroborated," or "not tied to any particular claim language." (Dkt. No. 318 at 34.) Biscotti also argues that Microsoft failed to show that the LifeSize Express could receive and decrypt HDCP-encrypted content, which Biscotti argues the LifeSize Express would have needed to do to handle input from a set-top box. (*Id.* ("Biscotti and Dr. Wicker presented unrebutted testimony that set-top boxes in the 2007 time frame were required to transmit HDCP encrypted content to prevent content piracy.").)

Microsoft argues that the jury could have found this claim limitation satisfied based on the actual LifeSize Express device in evidence, which had an HDMI input, and several corroborating documents entered into evidence. (Dkt. No. 322 at 20–21 ("The physical LifeSize Express device in evidence (DX-0660) has an HDMI input . . . and corroborating documentation, DX-0061, DX-0059, DX-0088, confirmed that this input satisfies this claim limitation.").) Microsoft also argues that whether the LifeSize Express could handle HDCP-encrypted content is "irrelevant" because accepting HDCP-encrypted signals is not part of the claim language or the Court's construction of

19

the claim language.[10]  (*Id.* at 21 ("There is no requirement that in order to infringe or anticipate, the video/audio interface must be capable of receiving HDCP.").)

At trial, Mr. Malloy, the CEO of LifeSize, which made the LifeSize Express, testified extensively about whether and how the LifeSize Express could receive audiovisual content from a set-top box.  (Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 119:15–122:25, 134:9–16, 134:17–135:19, 136:3–137:14, 138:20–139:9.)  In particular, he testified that LifeSize had actually tested a LifeSize Express device at their headquarters, prior to 2008, to ensure that it could receive audiovisual content from a set-top box.  (*Id.* at 135:16–19 ("We had a Time Warner Cable box installed in our office in Austin, and we connected the Lifesize Express.  Utilizing the HDMI pass-through feature, we put the Lifesize Express in between the TV and the – and the set-top box."), 134:17–137:14.)  Moreover, far from being uncorroborated, Mr. Malloy pointed to several technical documents, in evidence, showing that the LifeSize Express could receive video and audio content from a set-top box.  (*See, e.g., id.* at 137:10–14 (discussing design schematics), 138:20–139:9 (discussing HDMI certified chip included in LifeSize Express).)

Biscotti's focus on HDCP encryption does not compel a different result.  Neither Claim 6 nor the construction of "set-top box" requires the video communication device to decrypt anything.  The claim language only requires the video communication device to be configured "to receive" audio or video content from "a set-top box," which the Court construed to mean "a device that can provide video tuning, decryption **and/or** decoding functionality, especially as that functionality relates to reception of broadcast, cable, and/or satellite television signals."  (Dkt. No. 109 at 50 (emphasis added).)  Based on this language, there was a sufficient basis for a reasonable jury to

---

[10] Microsoft also argues that Biscotti waived this argument by failing to raise it in a Rule 50(a) Motion with sufficient specificity.  The Court disagrees.

conclude that the LifeSize Express, whether or not it could decrypt HDCP-protected content, satisfied this limitation.

Biscotti's argument that Microsoft's evidence was not tied to specific claim language is also without merit. Dr. Orchard specifically walked the jury through the claim elements, including this specific limitation, alongside a discussion of the LifeSize Express' functionality. (Dkt. No. 291, 6/7/17 P.M. Trial Tr. at 66:25–67:18, 80:15–80:25, 87:6–88:1; *see also* Dkt. No. 292, 6/8/17 A.M. Trial Tr. at 46:3–6 ("Q. (By Mr. Alper [for Biscotti]): One of the elements that you reviewed was the video input interface to receive an input from a set-top box, right? A. That's correct. Q. And you compared that with the LifeSize Express for purposes of invalidity? A. That's right.").) Biscotti's expert also discussed these same claim elements alongside the same functionality, albeit advancing Biscotti's argument that the LifeSize Express did not anticipate because it could not decrypt HDCP-encrypted content. (*See, e.g.,* Dkt. No. 293, 6/8/17 A.M. Trial Tr. at 86:5–87:25.) Finally, Mr. Malloy testified at length about the LifeSize Express while using the language of Claim 6 to discuss the device's functionality. (*See, e.g.,* Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 135:16–19 ("We had a Time Warner Cable box installed in our office in Austin, and we connected the Lifesize Express. Utilizing the HDMI pass-through feature, we put the Lifesize Express in between the TV and the -- and the **set-top box**." (emphasis added)).) In sum, this is not a case in which the jury was not told how the LifeSize Express performed the steps recited in Claim 6. They were told, and they were told with sufficient specificity to support the verdict. Accordingly, the Court is persuaded that the evidence in the record supports the jury's finding that the LifeSize Express anticipates Claim 6.

### b. **Claim 12**

Claim 12 recites "[t]he video communication system of claim 6, wherein the network interface comprises a wireless local area network ('WLAN') interface." (PTX-1 at 33:43–45.)

Biscotti argues that Microsoft's evidence of anticipation as to Claim 12 is inadequate as a matter of law because it relied on evidence that the LifeSize Express included an Ethernet port, *i.e.* a wired network interface, to anticipate a limitation describing a wireless network interface. (Dkt. No. 318 at 43–44.)  Biscotti also argues that two LifeSize engineers admitted that the LifeSize Express lacks a wireless network interface. (*Id.* at 44.)

Microsoft offers no contrary argument.  Instead, Microsoft argues that Biscotti waived this argument for failure to raise it in a motion under Rule 50(a).  (Dkt. No. 322 at 37.)

Biscotti offers no response on this point, instead focusing in its Reply on Microsoft's evidence as to *obviousness*.  (Dkt. No. 324 at 19–20 ("This is insufficient to render obvious a device that includes a WLAN interface.").)

Ultimately, the Court agrees with Microsoft.  Biscotti's motion under Rule 50(a) argued that it was entitled to judgment as a matter of law because "Microsoft [did] not provide[] sufficient evidence to support a finding that the LifeSize Express system combination with 'wireless adapter' renders obvious Claim 12." (Dkt. No. 269 at 6.)  There is no mention or discussion of anticipation with respect to Claim 12.  (*Id.*)  This argument therefore cannot now form the basis for judgment as a matter of law or new trial.  *See Morante*, 157 F.3d at 1010 ("It is well-settled in this circuit that a motion for judgment as a matter of law filed post-verdict cannot assert a ground that was not included in the motion for judgment as a matter of law made at the close of the evidence.").

22

      c.  **Claim 13**

Claim 13 recites "[t]he video communication system of claim 6, wherein the video input interface comprises a high-definition multimedia interface ('HDMI') to receive high definition video input from the set-top box." (PTX-1 at 33:46–49.)

Microsoft argues that the jury heard extensive testimony that the LifeSize Express satisfied this limitation, including testimony about the HDMI-In port on the LifeSize Express and the HDMI-certified Analog Devices chip included in the LifeSize Express. (Dkt. No. 322 at 37–38.) Biscotti offers no specific discussion of Claim 13 in its Motion or Reply.[11]

Ultimately, a reasonable jury could have concluded that the LifeSize Express satisfies this limitation. (*See, e.g.,* Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 119:15–122:25, 134:9–16, 134:17–135:19, 136:3–137:14, 138:20–139:9.) The evidence presented is adequate to support the verdict in this respect.

      d.  **Claim 23**

Claim 23 recites "[t]he video communication system of claim 6, wherein instructions for transmitting the series of data packets comprise instructions for transmitting the series of data packets over a private content delivery network." (PTX-1 at 34:8–12.)

Biscotti argues that Microsoft failed to identify a "private content delivery network" in the LifeSize Express. (Dkt. No. 318 at 40.) In particular, Biscotti focuses on the fact that neither Mr. Malloy nor Dr. Orchard ever mentioned the term "private content delivery network." (*Id.*)

While Microsoft concedes that its witnesses did not use the term "private content delivery network," it maintains that the jury had sufficient evidence to conclude that this limitation was met by the LifeSize Express. (Dkt. No. 322 at 38.) According to Microsoft, the jury could have found

---

[11] To the extent Biscotti even mentions Claim 13, it is in relation to arguments the Court has already rejected herein.

anticipation based on the testimony of Plaintiff's expert, who explained what a private content delivery is and how the Court construed this term, together with the testimony of Mr. Malloy as to how a LifeSize Express can connect to "private business network[s]." (*Id.*) Microsoft also argues that Biscotti waived this argument by failing to include it in a Motion under Rule 50(a). (*Id.*)

Biscotti maintains that because its expert's testimony about "private content delivery network[s]" referenced "multiple servers to deliver content" as opposed to the "private IP network" mentioned by Mr. Malloy, the jury had no basis to combine "these two disparate pieces of testimony to fill in the gaps in Microsoft's trial presentation." (Dkt. No. 324 at 18.)

The Court agrees with Microsoft. At trial, Plaintiff's expert, Dr. Wicker, extensively discussed the private content delivery network limitation. (Dkt. No. 287, 6/6/17 A.M. Trial Tr. at 104:25–107:16.) As an example, Dr. Wicker explained that a private content delivery network is "a network that interconnects the video communication device here with the video communication device over there." (*Id.* at 105:5–7.) He went on to explain that a private content delivery network involves exchanging information through an intermediate sever: "So instead of just my packets going straight from me to you, they're going to go from myself to a server, perhaps another server, and so forth. There might be firewalls. That's a form of protection to ensure against hackers and other things in between that require that the data gets re-routed. You might go from different servers to other servers. It gets relayed." (*Id.* at 106:26–107:6, 107:13–16 ("[T]hat's what content delivery networks constitute. They're a series of relays that are arranged in such a way so that they can deliver content to lots of users in an efficient way.").)

Mr. Malloy, likewise, explained that a LifeSize Express device could transmit data "over a private network, a private IP – a private IP network." (Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 141:1–4.) He then provided an example of this functionality using "a law firm that offices in

multiple locations . . . us[ing] the LifeSize Express exclusively to communicate over that private net – Internet." (*Id.* at 141:8–22.)

In light of this testimony, and the record as a whole, a reasonable jury could have found that the LifeSize Express satisfies this limitation.[12]

### e. **Claim 24**

Claim 24 was neither asserted nor directly addressed by the jury. However, claims 27, 28, and 35, which were asserted, depend from Claim 25, which itself depends from Claim 24. Biscotti therefore challenges the jury's implicit finding that Claim 24 was anticipated by the LifeSize Express.

Claim 24 recites "[t]he video communication system of claim 6, wherein the video input interface receives a set-top box video stream, and wherein the network interface receives a remote audiovisual stream from the second video communication device, the remote audiovisual stream comprising a remote video stream and a remote audio stream." (PTX-1 at 34:13–19.)

Biscotti concedes that Mr. Malloy "testified generally about the functionality of the LifeSize Express" as to Claim 24 "using words found in the asserted claims." (Dkt. No. 318 at 36.) However, Biscotti maintains that Mr. Malloy's testimony is inadequate as a matter of law because Mr. Malloy was not a person of ordinary skill in the art and did not "identify each claim element, state [his] interpretation of the claim element, and explain in detail how each element is disclosed." (*Id.*)

Microsoft argues that Mr. Malloy's testimony, together with the expert testimony the jury heard on "all of the claim limitations," was sufficient. (Dkt. No. 322 at 38.) In particular, Microsoft argues that "Mr. Malloy explained [the LifeSize Express] could receive a set-top box

---

[12] The Court rejects Microsoft's argument that Biscotti waived this point by failing to specifically raise it in its motion under Rule 50(a). (*See* Dkt. No. 269 at 4.)

stream via the video input while also receiving a remote audiovisual stream through the network interface." (*Id.*)

The Court agrees with Microsoft. There is no "[r]igid preventative rule[]" that requires *expert* testimony as to each element for an anticipation finding to be reasonable or supportable. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 421 (2007). Such a rule would "deny factfinders recourse to common sense." *Id.* Here, even Biscotti has conceded that the jury heard testimony about relevant LifeSize Express functionality using the language of Claim 24. The evidence presented is therefore sufficient to support the verdict in this regard.

### f. **Claim 25**

Claim 25 was neither asserted nor directly addressed by the jury. However, claims 27, 28, and 35, which were asserted, depend from Claim 25. Biscotti therefore challenges the jury's implicit finding that Claim 25 was anticipated by the LifeSize Express.

Claim 25 recites "[t]he video communication system of claim 24, wherein the set of instructions further comprises: instructions for creating a consolidated output video stream comprising at least a portion of the remote video stream." (PTX-1 at 34:19–23.)

Biscotti argues that an anticipation finding as to Claim 25 is unsupported by the record because none of Microsoft's witnesses discussed this limitation. (Dkt. No. 318 at 37 ("In fact, the phrase 'consolidated output video stream' does not appear in any of Microsoft's direct testimony in relation to the LifeSize Express.").) Biscotti also argues that Mr. Malloy's testimony could not support such a finding because he is not an expert. (*Id.* ("Such generalized testimony from an unqualified fact witness is insufficient. To the contrary, the presence and operation of source code is a question where the technology is complex and beyond the comprehension of laypersons, and thus one where expert testimony is sometimes essential." (internal quotation marks omitted)).)

26

Microsoft argues that a reasonable jury could have relied on Mr. Malloy's testimony to conclude that the LifeSize Express satisfies this limitation. (Dkt. No. 322 at 39.) In particular, Microsoft argues that Mr. Malloy identified all the functionality discussed in Claim 25 as being embodied in the LifeSize Express. (Dkt. No. 327 at 18.) According to Microsoft, "[t]he jury could reasonably conclude that the presence of these capabilities, and both Mr. Malloy's and Dr. Orchard's testimony that the LifeSize Express implemented its capabilities in source code, meant that the required instructions were present." (*Id.*)

Again, the Court agrees with Microsoft. Mr. Malloy was familiar with the LifeSize Express and its features. (Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 110:10–21 ("Although I was not an engineer, I did not write software nor design the hardware components . . . I was deeply involved in the conceptualization of the Lifesize Express, what the attributes would be, the industrial design, the feature set . . . [a]nd I would work very closely with [] our technical team, our engineering team to ensure that – that we met those goals.").) One of the features Mr. Malloy discussed at trial was the LifeSize Express' ability to "send and receive two simultaneous [] video streams" that would appear as a single output on a television or monitor. (*Id.* at 149:16–150:14.) This testimony was further supported by technical documents from LifeSize describing the features of the LifeSize Express.[13] (*See, e.g.,* DX-59.) From this evidence, and the record as a whole, a reasonable jury could have concluded that the instructions for the functionality identified by Mr. Malloy were present on the LifeSize Express and that such instructions satisfied the limitations of Claim 25.[14]

---

[13] Biscotti argues that the jury could not credit these technical documents because they showed what features LifeSize intended to implement, not those it actually did implement. (Dkt. No. 318 at 37–38.) The Court disagrees. This documentation, taken together with Mr. Malloy's testimony that LifeSize Express devices he used actually had these features, is a sufficient basis from which a reasonable jury could have found that the LifeSize Express includes this functionality.

[14] Biscotti's argument that the jury could not credit Mr. Malloy's testimony on the LifeSize Express' *functionality* in concluding that *instructions* for such functionality were present on the LifeSize Express is without merit. It is true that in some cases, the precise steps taken to achieve certain functionality is itself what is claimed. However, Claim 25 essentially recites "instructions" for achieving a particular result, *i.e.* "creating a consolidated output video stream

### g. **Claim 27**

Claim 27 recites "[t]he video communication system of claim 25, wherein the consolidated output video stream further comprises a user interface of the first video communication device." (PTX-1 at 34:27–29.)

Biscotti argues that Microsoft's evidence that the LifeSize Express satisfies Claim 27 is inadequate as a matter of law because Dr. Orchard "provided no analysis, evidence, or opinion" on the instructions recited by Claim 27. (Dkt. No. 318 at 41.) Biscotti also argues that Mr. Malloy provided "no corroborating evidence that the LifeSize Express" possessed the instructions recited by Claim 27. (*Id.*)

Microsoft argues that Mr. Malloy's testimony was adequate because it showed that everything recited by Claim 27 could be accomplished by the LifeSize Express. (Dkt. No. 322 at 39–40 ("Once Mr. Malloy testified that the LifeSize Express allowed such combinations, including user interface aspects and television signals shown on the consolidated stream sent to the display, the jury had a reasonable basis to conclude these claim limitations were satisfied." (citations omitted)).) Microsoft also argues that based on this functionality, the jury could have reasonably concluded that instructions for that functionality, *i.e.* enabling source code, were present on the LifeSize Express. (*Id.*)

Mr. Malloy testified extensively about the functionality of the LifeSize Express. His testimony was based on his own experience using the LifeSize Express and other technical

---

comprising at least a portion of the remote video stream." (PTX-1 at 34:19–23.) A reasonable jury could have therefore concluded that if the LifeSize Express was able to "creat[e] a consolidated output video stream compromising at least a portion of the remote video stream," as Mr. Malloy testified, then the device had been programmed with instructions for achieving that functionality. *See KSR*, 550 U.S. at 421 (cautioning against the adoption of rules that "deny factfinders recourse to common sense"); As Emerson said: "Common sense is genius dressed in its working clothes." *Thoughts on the Business Life,* Forbes, Aug. 2, 1982, at 116 (quoting Ralph Waldo Emerson); *see also* John McCaslin, *Inside the Beltway*, Wash. Times, Aug. 20, 1997, at A6 (same).

documents. (Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 134:17–136:15, 149:16–150:14; *see also* DX-59.)  From this evidence, there was a sufficient basis from which a reasonable jury could have concluded that the instructions for the functionality identified by Mr. Malloy were present on the LifeSize Express and that these instructions satisfied the limitations of Claim 27.

### h. **Claim 28**

Claim 28 recites "[t]he video communication system of claim 25, wherein the consolidated output video stream further comprises at least a portion of the set-top box video stream."  (PTX-1 at 34:30–32.)

Biscotti again argues that Microsoft failed to demonstrate that the LifeSize Express satisfied this limitation because Microsoft offered no relevant testimony from Dr. Orchard and insufficient testimony from Mr. Malloy.  (Dkt. No. 318 at 42.)

Microsoft offers no separate response as between Claim 27 and Claim 28, simply emphasizing that Mr. Malloy explained that the functionality recited in Claim 28 was present in the LifeSize Express.  (Dkt. No. 322 at 39–40.)

Mr. Malloy testified extensively about the functionality in the LifeSize Express.  His testimony was based on his own experience using the LifeSize Express and other technical documents. (Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 134:17–136:15, 149:16–150:14; *see also* DX-59.)  In particular, Mr. Malloy testified that the LifeSize Express could "take in an image from this camera [on the LifeSize Express], and also at the same time take in an image from a set-top box or a – or a computer and display both of those images at the same time."  (*Id.* at 15:5–10.)  He went on to explain that a "person on the remote site could see what you're watching on TV, or they could see the spreadsheet that you're trying to show, as well as your live image through the camera."  (*Id.* at 150:11–14.)  From this evidence, a reasonable jury could have concluded that the

29

instructions for the functionality identified by Mr. Malloy were present on the LifeSize Express and that these instructions satisfied the limitations of Claim 28.

### i. Claim 35

Claim 35 recites "[t]he video communication system of claim 25, wherein the set of instructions further comprises: instructions for setting a resolution of the consolidated output video stream based at least in part on a bandwidth of a connection between the first video communication device and the second video communication device." (PTX-1 at 35:11–16.)

While Biscotti concedes that Mr. Malloy discussed "'what the LifeSize Express would do' depending 'on how good the Internet connection was,'" Biscotti asserts that Mr. Malloy's testimony was insufficient because he provided no "explanation or opinions on how this testimony . . . relates to the requirements of claim 35." (Dkt. No. 318 at 42–43.) Biscotti also argues that even if Mr. Malloy established that the LifeSize Express had certain functionality, there is no evidence that the instructions to achieve that functionality were on the LifeSize Express. (Dkt. No. 324 at 19.)

Unsurprisingly, Microsoft argues that Mr. Malloy's testimony is sufficient either on its own or in combination with Dr. Wicker's explanation that Claim 35 "encompasses 'varying the resolution of the video so that it can adjust according to the quality of the channel.'" (Dkt. No. 322 at 40 (internal brackets omitted).) Microsoft also argues that the jury could properly infer that a device with certain functionality also includes instructions for achieving that functionality.

As Biscotti acknowledges, Mr. Malloy testified that the LifeSize Express could adjust video output based on the strength of a user's Internet connection. (Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 153:5–16 ("So the – the higher your – the faster your Internet connection, the better video call that you're going to get. The lower your Internet connection, we would need to lower

30

the resolution to maintain – to make a smooth call . . . this was a . . . configuration setting in the Lifesize Express."), 152:18–153:22; DX-59.)   This testimony was framed explicitly in the language of Claim 35.  (*Id.*)  In short, a reasonable jury could have concluded that the LifeSize Express could adjust the "resolution of the consolidated output video stream based at least in part on a bandwidth of a connection between the first video communication device and the second video communication device" as required by Claim 35.  (PTX-1 at 35:11–16.)  Further, a reasonable jury could have properly concluded that the LifeSize Express included instructions for achieving that functionality.  *See* Section III.3.f.  This evidence together with the reasonable inferences drawn therefrom supports the verdict in this regard.

### j.  Claim 86

Biscotti argues that the jury's finding as to Claim 86 is unsupportable as a matter of law because Microsoft failed to show that the LifeSize Express anticipated Claim 6, from which Claim 86 depends.  (Dkt. No. 318 at 33.)  Having rejected that argument above, *see* Section III.3.a, the Court also rejects Biscotti's challenge to the jury's finding that Claim 86 was anticipated by the LifeSize Express.

### C.  The LifeSize Express Video

Before trial, the Parties filed a Joint Pretrial Order in which they agreed to a schedule for exchanging demonstratives.  (Dkt. No. 214 at 16–17 ("The parties will exchange copies of all demonstratives they plan to use at trial for opening statements . . . and direct examination—but not for cross-examination—by 7:00 p.m. the night before their intended use.").)  Consistent with this schedule, Microsoft disclosed that it intended to play two short videos during the direct examination of Mr. Malloy.[15]  (Dkt. No. 322 at 15.)

---

[15] Microsoft only played one of the videos at trial.  That video is the subject of Biscotti's Motion.

One of these videos, approximately 38 seconds long, shows Mr. Malloy carrying out a video call between two LifeSize Express devices, one of which he identified as the actual LifeSize Express device in evidence. (Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 124:15–17.) A screenshot of the video is shown below:



On the left screen, Mr. Malloy is shown at the top along with the user interface for the LifeSize Express. On the right screen, the user interface appears along with the broadcast of a PBS program. (*Id.* at 125:3–6 ("The first image on the large screen was a set-top box showing PBS Kids TV channel.").)

When Microsoft disclosed this video, Biscotti objected. (Dkt. No. 318 at 9.) Biscotti argued that allowing the video to be played would be unfairly prejudicial because, among other things, the video "[was] not previously disclosed" and thus "Biscotti did not have the opportunity to take any discovery regarding the video[], including questioning Mr. Malloy about [it] in deposition." (*Id.*) By contrast, Microsoft argued that the video was merely a "demonstrative" that was being used because of "the practical limitations" of setting up a demonstration in open-court. (*Id.*) The Court overruled Biscotti's objections, and the video was played for the jury. (*Id.*)

32

After the jury saw the video, Mr. Malloy went on to discuss screenshots from the video. (*See, e.g.,* Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 127:17–21 (Q. [by Microsoft] What is being shown on this slide [from the video]?  A. This is the same HDMI pass-through feature being shown . . . the Lifesize Express is in between the TV and the set-top box . . . .").)  In addition to discussing these screenshots, Mr. Malloy further testified about his own experience using a LifeSize Express device prior to 2008 (*see, e.g., id.* at 135:2–136:14) and several LifeSize technical documents (*see, e.g., id.* at 133:2–7).

In its Motion, Biscotti argues that it is entitled to judgment as a matter of law "or, at a minimum, a new trial," because allowing the video to be played at trial violated the Federal Rules of Civil Procedure and the Federal Rules of Evidence.  (Dkt. No. 318 at 12–20.)  As to the Federal Rules of Evidence, Biscotti argues that playing the video and allowing Mr. Malloy to testify about the functionality depicted therein allowed Microsoft to "proffer[] an expert in lay witness clothing" while evading scrutiny under *Daubert*.  (*Id.* at 13–15.)  As to the Federal Rules of Civil Procedure, Biscotti maintains that the demonstrative was "transformed into substantive evidence" because of how it was used at trial to "fill in a fatal evidentiary gap in Microsoft's invalidity case."  (*Id.* at 15–16 (citing *Baugh ex rel. Baugh v. Cuprum S.A. de C.V.*, 730 F.3d 701,708 (7th Cir. 2013); *Barnes v. General Motors Corp.*, 547 F.2d 275, 278 (5th Cir. 1977)), 18–19.)  For example, Biscotti suggests that Dr. Orchard, Microsoft's expert, said he was "not sure" whether certain limitations were satisfied without relying on the video.  (*Id.* at 11 (citing Dkt. No. 291, 6/7/17 P.M. Trial Tr. at 147:22–148:5).)  Biscotti also claims that Microsoft's attorney, in closing, "explicitly referred to the video as 'evidence,' referred to Mr. Malloy as an 'expert,' and wept in front of the jury in a show of alleged offense at Biscotti's suggestion that Mr. Malloy's testimony about the video should not be credited or weighed heavily."  (*Id.* at 2, 15–16.)  Accordingly, Biscotti argues that

the video was untimely disclosed *evidence* rather than a properly disclosed and employed *demonstrative*. (*Id.* at 15–16.) Biscotti also argues the video was so "extremely prejudicial" that it is entitled to a new trial on invalidity *and* infringement. (*Id.*)

Microsoft argues that the video was appropriately shown to the jury as a demonstrative that "assisted the jury in understanding [Mr. Malloy's] testimony, which came after the video, and referred back to still photos showing some phases of the video call made to illustrate his testimony." (Dkt. No. 322 at 16.) On whether Mr. Malloy offered expert testimony, Microsoft argues that this argument is waived because "Biscotti made no objection when Mr. Malloy testified about connecting the LifeSize Express to a set-top box *before* showing the demonstrative video." (*Id.* at 23 (citations omitted).) Microsoft also maintains that the video was not "technical" at all. (*Id.*) According to Microsoft, the video "simply shows Mr. Malloy . . . using the properly-disclosed prior art system in an ordinary manner relevant to the limitations of the asserted claims." (*Id.*) Microsoft also argues that there was no surprise or ambush because Biscotti knew that Mr. Malloy intended to testify about the functionality depicted in the video, including the fact that a LifeSize Express device could be connected to a TV and a set-top box. (*Id.* at 16–19.) Finally, Microsoft argues that, at most, Biscotti would be entitled to a new trial on invalidity, not infringement, based on the use of the video at trial. (*Id.* at 25 ("Biscotti's complaint about the demonstrative video concerns the video and audio interfaces that may be connected to a set-top box. While the parties at trial disputed the presence of those claim limitations in the LifeSize Express, there was no significant dispute as to whether the accused Xbox One had video or audio interfaces.").)

At the outset, the Court notes that Biscotti's brash characterization of the video and the way it was used at trial is overtly misleading. As an example, Biscotti argues that Microsoft

34

deliberately referred to the video in its closing as "evidence."  (Dkt. No. 318 at 12 (citing Dkt. No. 294, 6/9/17 Trial Tr. at 86:20–24).)  This is simply wrong.  The portion of closing that Biscotti cited reads in full:

> Similarly, with regards to Claims 23, 27, 28, Mr. Malloy explained how you could have the video come in and the set-top box feeds from – together. And the evidence on all of those was compelling. Yes, they did it first. There was nothing new.

(Dkt. No. 294, 6/9/17 Trial Tr. at 86:20–24.)  This paragraph makes no mention of the video. Moreover, because Mr. Malloy relied on several pieces of evidence, including corroborating documents and an actual LifeSize Express device, the jury was not left to assume that "evidence" referred to the video.  There is simply nothing in the record to suggest that the jury was told, by Microsoft or anyone else, that the video was evidence.  Further, while the demonstrative itself is not evidence, Mr. Malloy's testimony properly employing the demonstrative as a jury aid is evidence that Microsoft could have raised in closing as being compelling.

Similarly, and contrary to Biscotti's assertion, the video was not the "substantive centerpiece of Microsoft's invalidity defense."  (Dkt. No. 318 at 2.)  While the video helped demonstrate how the LifeSize Express works, it was not the sole basis for any of Microsoft's invalidity arguments.[16]  Nor did it need to be.  Mr. Malloy testified about the functionality shown in the video before it was shown, with reference to the actual LifeSize Express device in evidence (Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 121:21–123:3), and after, with reference to Mr. Malloy's personal experience using a LifeSize Express with a set-top box prior to 2008 (*id.* at 134:17–135:19).

---

[16] Unless otherwise specified, the Court did not rely on the video, or Mr. Malloy's testimony describing slides from the video, in concluding that a reasonable jury had a sufficient basis to find no infringement and invalidity.  Adequate evidence exists within this record to support that conclusion without any need to rely on the video.  The video only further confirms that a reasonable jury had a sufficient basis to find as the jury did in this case.

35

The video was also not necessary to cure an "evidentiary gap" in Dr. Orchard's testimony. While Biscotti claims Dr. Orchard said he was "not sure" certain limitations were satisfied by the LifeSize Express absent Mr. Malloy's testimony, this "admission" is taken out of context. Before making this statement, counsel for Microsoft asked targeted questions restricting Dr. Orchard's testimony to certain pieces of evidence, including "confidential documents." (Dkt. No. 291, 6/7/17 P.M. Trial Tr. at 147:11–13.) Dr. Orchard then attempted, multiple times, to clarify the universe of materials to which counsel was referring. (*See, e.g., id.* at 147:14–15 (A. "If I could have you clarify what you mean by the confidential documents. Q. The Lifesize confidential documents. A. That would include all the code? Q. No, that's what we're going to talk about, the code.").) When Dr. Orchard answered "I'm not sure," it is clear from his testimony that he was confused about how counsel was defining "confidential documents." (*Id.* at 148:8–14 ("I know that the opinions that I have formed on [the claims] included all of the – all of that which I know about the Lifesize, which included the code, as well as the – the operating device which you didn't mention, and many other things.").) Once this point was clarified, Dr. Orchard testified that based on the materials he reviewed in preparing his report before trial, the LifeSize Express either anticipated and/or rendered obvious all the Asserted Claims. (*Id.* at 148:16–149:10.) In view of the record as a whole, there is no basis to conclude that Dr. Orchard's opinion hinged upon the video demonstrative played during Mr. Malloy's testimony or Mr. Malloy's resulting testimony about the video.

In addition, the cases Biscotti relies on to argue that showing the video to the jury was inappropriate are clearly distinguishable. In *Baugh*, the trial court allowed the jury to take something designated as a demonstrative into the jury room during deliberation. 730 F.3d at 706–708. The Seventh Circuit reversed, explaining that if something is labeled as a demonstrative it

36

cannot then be sent into the jury room for the jury over an objection by one of the parties. *Id.* at 708 ("If we were to affirm the district court's action here . . . parties could not count on the classification of the exhibit as demonstrative during trial."). *Baugh* is therefore inapposite because the jury never had the video, or screenshots of the video, in the deliberation room.[17] In *Barnes*, a products liability case, the critical dispute focused on the engine mount in the plaintiff's car. 547 F.2d at 277 ("The contested issues in this case were whether the engine mount on the plaintiff's automobile separated prior to the accident and, if so, whether the roll-stop feature on the engine mount would have prevented the engine from lifting and binding the accelerator linkage."). As part of the plaintiff's case, its expert discussed an experiment he ran simulating the accident. *Id.* However, the car in the experiment "had no engine mounts or roll-stop feature." *Id.* Ultimately, the Fifth Circuit concluded that admitting testimony about the experiment, which even plaintiff's expert admitted was not performed under comparable circumstances, was reversible error. *Id.* By contrast, the video Microsoft played during Mr. Malloy's testimony showed him using the actual LifeSize Express device, the same device admitted into evidence. (Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 124:15–17 ("I participated recently in a demonstration of [] this particular unit which is still operational [] 10 years later.").) Moreover, unlike an accident simulation, the video was not needed to show that the LifeSize Express would have performed a certain way under certain conditions. Instead, Mr. Malloy told the jury, under oath and subject to cross examination, that the LifeSize Express could perform as shown in the video based on his own experience. (*See, e.g., id.* at 134:17–137:14.) Biscotti's proffered cases therefore miss the mark — widely.

The Court is also not persuaded that the substance of Mr. Malloy's testimony regarding the video was a surprise. Biscotti may not have anticipated that Mr. Malloy would show a

---

[17] The jury was instead instructed that demonstratives "are not evidence" and that demonstratives "will not be available to you to review in the jury room during your deliberations." (Dkt. No. 294, 6/9/17 Trial Tr. at 11:13–16.)

demonstration using the LifeSize Express device since the device was admitted in evidence. However, Biscotti was aware that Mr. Malloy would testify that the LifeSize Express could be connected to a set-top box (as shown in the video). In fact, Biscotti moved *in limine* to exclude this exact testimony. (Dkt. No. 257, Hearing Tr. at 15:11–13 ("They're going to have some person from LifeSize purportedly say we had a cable box not only plugged in, but also we used it that way."), 13:15–26:18.) That motion was denied. (Dkt. No. 270.)

Finally, Biscotti maintains that it was unable to appropriately challenge the video because Microsoft offered it as a demonstrative, evading *Daubert* or similar pre-trial scrutiny. However, neither the video nor Mr. Malloy's testimony involved expert testimony. Mr. Malloy testified about how the LifeSize Express worked based on his personal knowledge as the CEO of the company that developed the LifeSize Express. (*See, e.g.,* Dkt. No. 289, 6/7/17 A.M. Trial Tr. at 107:10–16.) The video was not the *basis* of this personal knowledge, in the way that a test or simulation might serve as the basis of expert opinion, it was an *illustration* of functionality he already knew the LifeSize Express could achieve. "That is a classic and proper use of a demonstrative exhibit, and such use is properly left to the sound discretion of the judge presiding over the trial." *Baugh*, 730 F.3d at 708. Additionally, whether Mr. Malloy would testify that the LifeSize Express could be connected to a set-top box was the subject of extensive motion practice and pretrial argument. (*See, e.g.,* Dkt. No. 257, Hearing Tr. at 13:15-26:18.) Mr. Malloy was also not an expert, so a post-trial argument about evading *Daubert* simply makes no sense. The video itself was also the subject of vigorous cross-examination during trial. (Dkt. No. 291, 6/7/17 P.M. Trial Tr. at 23:17– 28:5.)

For these reasons, showing the video to the jury was consistent with the Federal Rules of Evidence and the Federal Rules of Civil Procedure, and it was consistent with the pretrial

disclosure schedule both parties agreed to in the Joint Pretrial Order.  Further, the video does not

present the sort of prejudice that would justify a new trial.  A plethora of other evidence in this

record supports the jury's verdict in this regard, as discussed above.

**b.  <u>Conclusion</u>**

For the various reasons set forth herein, the Court concludes that Plaintiff's Motion should

be and hereby is **DENIED**.

**So ORDERED and SIGNED this 23rd day of March, 2018.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE